UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 888 |
| v. | ) | Violations: Title 18, Sections 1001, |
| | ) | 1343, 1346, 1349, 1951, and 1962(d) |
| ROD BLAGOJEVICH, | ) | |
| CHRISTOPHER KELLY, | ) | |
| ALONZO MONK, | ) | Judge James B. Zagel |
| WILLIAM F. CELLINI, SR., | ) | |
| JOHN HARRIS, and | ) | |
| ROBERT BLAGOJEVICH | ) | |

## ORDER FOR PARTIAL FINAL RELEASE
## OF FUNDS TO SATISFY MISCELLANEOUS
## FRIENDS OF BLAGOJEVICH FINANCIAL OBLIGATIONS

This matter coming before the Court on the motion of the United States of America for the partial and final release of funds to satisfy miscellaneous Friends of Blagojevich financial obligations and the Court being fully advised finds as follows:

(a)     On April 2, 2009, the grand jury returned a superseding indictment charging that from approximately 2002 through December 2008, Rod Blagojevich, being employed by and associated with an enterprise, conspired to conduct, and participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity, involving multiple acts indictable under the following provisions of federal law: Title 18, United States Code, Sections 1341, 1343, and 1346 (mail and wire fraud); Title 18, United States Code, Section 1951

(extortion, attempted extortion, and conspiracy to commit extortion); and multiple acts involving bribery chargeable under provisions of Illinois law. As described more fully in the Superseding Indictment, Friends of Blagojevich is part of the racketeering enterprise and as such, operated for the financial and political benefit of defendant Rod Blagojevich. Upon conviction according to the indictment, any interest Rod Blagojevich has acquired and maintained through racketeering activities and any interest in the enterprise, including the assets belonging to Friends of Blagojevich, is subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1) and (a)(2).

(b)     Because  Friends of Blagojevich controlled a number of bank accounts containing funds, certificates of deposit and letters of credit at various financial institutions, the government sought and obtained a restraining order on April 2, 2009, to preserve and protect the funds held in the name of Friends of Blagojevich so that upon conviction of defendant Rod Blagojevich, the funds and any assets held for the benefit of Friends of Blagojevich for forfeiture. The United States sought this restraining order to preserve the status quo and to secure itself so that, upon entry of a judgment of forfeiture against defendant Rod Blagojevich  pursuant to 18 U.S.C. §1963(a)(1) and (2), the United States would be able to satisfy the judgment of forfeiture. *See* Docket Entry No. 40.

(c)     The restraining order entered by this Court was subsequently amended on June 1, 2009 directing that the funds be transferred to the Clerk of the District Court to permit the use of these restrained funds in accordance with the specifications of the Criminal Justice Act for the payment of legal fees. Specifically, the restraining order was amended for the limited purpose of allowing the funds subject to forfeiture to be used for legal expenses as authorized under the CJA. *See* Docket Entry No. 114.

(d)     Subsequent to the entry of the restraining order, Friends of Blagojevich requested that certain miscellaneous financial obligations be paid with the seized funds subject to forfeiture.  While according to the government, there is no legal authority to support such a request for the release of money, it has agreed to the partial and final  release of funds with notice to all creditors that it will oppose any future requests to use funds subject to forfeiture for the satisfaction of other debts.  Further, the government will agree to no future release of funds absent extraordinary circumstances not currently known, unless authorized by Title 18, United States Code, Section 1963.

(e)     Any third party who can establish that the property in question belonged to him and not to the defendant at the time the crime occurred may challenge the forfeiture in an ancillary proceeding.  The procedural framework for the ancillary proceedings is set out in two statutes: Title 18, United States

Code, Section, 1963(l) (RICO) and Title 21, United States Code, Section, 853(n) that have been observed to be "nearly identical." Under these sections, the claimant must establish: (1) that it has a legal interest in the forfeited property; and (2) either that (A) such interest existed and was vested in the claimant at the time of the offense giving rise to the forfeiture; or (B) that the petitioner acquired the interest as a bona fide purchaser for value who was, at the time of the purchase, "reasonably without cause to believe that the property was subject to forfeiture..." 18 U.S.C. §§ 1963(l)(6)(A) and (B). Accordingly, it is ORDERED, DIRECTED and ADJUDGED that:

(1)   That from the funds transferred to the Clerk of the Court for the Northern District of Illinois pursuant to this Court's June 1st Order, the Clerk of the District Court shall issue checks to satisfy the obligations described below:

| | |
|---|---|
| 4147 Ravenswood LLC | – $ 9444.75 |
| Catalano, Caboor & Co. | – $ 625. 00 |
| Kennealy & O'Callaghan | – $ 1,291.65 |
| Chrissy Jacobs | – $ 2,097.00 |
| Patrick Deady | – $ 1,237.50 |
| Hinshaw & Culbertson | – $ 5,000.00 |

Address information shall be provided in writing by the United States Attorney to the Clerk of the District Court.  It is further ordered

4

(2)    That all other provisions of the previously-entered Order and the supplemental order to effectuate the Restraining Order shall remain in effect and are unchanged by this Order; its is further ordered,

(3)    That, this court shall retain jurisdiction over this matter to take additional action and enter further orders as necessary to implement this order.

ENTER:

JAMES B. ZAGEL
United States District Court

Dated:  8/13/2009