IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS---EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    vs                                              08 CR 888
                                                      Hon. James B. Zagel

**ROD BLAGOJEVICH.**

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S PRETRIAL MOTIONS**

**I.**

The defendant Rod Blagojevich, through his counsels, hereby files his Reply to the Response filed by the United States to the defendant's various requests for information currently in the possession of the United States which the defendant in good faith believes will assist the defendant in meeting the allegations of the indictment, and is necessary to the defendant to enable him to establish his innocence of the charges. In addition, the defendant believes the requested information is necessary to enable him in his efforts to overcome the horrendously prejudicial public feeling against him engendered by the United States Attorney and other law enforcement agents at their press conference on their filing the complaint against defendant Rod Blagojevich on December 09, 2008.

**II.**

The defendant's requests are simple and straightforward. He is faced with reading, studying, collating and analyzing, literally millions of pages of documents, thousands of hours of tape recordings and a 75 page indictment which no one could reasonably

describe simple. Then, after spending more than half a year of concentrated effort by the defense team, the United States suddenly announced in court that "Oh, by the way, we are going to change the charges in late January or early February, 2010." And this after the Government *agreeing* that one of the of the co-indictees, (Cellini) whom Defendant Blagojevich was relying on to carry a significant portion of the defense burdens at trial, would be severed from Blagojevich's trial.

      Blagojevich believes the United States is in possession of substantial material and evidence which may be highly relevant to his defense, and will greatly assist him in establishing his innocence. Blagojevich believes much of this material is in the form of statements by a multitude of persons who have been interviewed by government agents. These persons include several members of the present White House family and staff, not the least of whom is the President of the United States, Barack Obama. Others include members of Congress as well as other government officials. Some, but by no means all, of these persons were recorded by the government on the electronic eavesdrop.

      Blagojevich also has moved the court to order that Blagojevich be permitted to examine the material previously provided to attorneys for former co-defendant Cellini, and to attorneys for defendant Rezko and attorneys for defendant Vrdolyak in their respective criminal litigation. It is these materials which Blagojevich needs prior to conducting his own interviews and issuing defense subpoenas in order to conserve valuable and limited defense resources, and concomitantly meet the time constraints set by the court for the trial of this litigation. What justification can the government offer for the government's refusal to provide this material?

### III.

The 17 page government Response to Blagojevich's requests can easily be summed up in one sentence: "We will give you only what the law requires and not a thing more", which is the bare minimum that the law requires (without regard to a fair trial). The government policy in this case seeks to turn this trial into a "gotcha" contest by needlessly and unfairly withholding relevant material.

Here is their answer minus the numerous citations:

    A. "There is no constitutional right to discovery in a criminal case." [pp. 4]

    B The government is required to disclose favorable evidence only if its suppression "would deprive the defendant of a fair trial." [4][1]

    C. Favorable evidence which is discoverable "need not precede trial." [5]

    D. "the defense is not entitled to every item of evidence it might consider favorable…."[ 5]

    E. The defendant's requests to interview anyone whose government interview 'tends to reflect favorably on the defendant' "is well beyond the requirements" of the law. [6]

    F. Only if the government is going to call a particular person as a witness at the trial, or if the witness's statement impeaches another government witness, or if the witness's statement is inconsistent with the government's theory of guilt is a witness's statement ever discoverable. [6]

    G. The government has no *Giglio* obligations to provide material to the defense for "individuals interviewed [but] who will not be called as witnesses." [6]

---

[1] Even taking this statement at its face value, this government's record on proper disclosure is not exactly pristine. See, e.g. United States v Sahchez, No. 07 CR 0149, Memorandum Opinion and Order, December 22, 2009, Gettleman, J.

3

       H. The defendant's request "is not supported by law and well beyond the government's actual discovery obligations." [7]

       I. The "security and potential harassment of potential witnesses cuts against providing the defendant's with a list of witness identities." [10]

       J. The "government will resist any attempt by the defendant to obtain unwarranted discovery of internal materials…The defendant is entitled to no more." [12]

       K. "Because the law does not require the government to provide what defendant Blagojevich requests, his motion should be denied." [13]

       L. As for the defendant's request for identification of persons the indictment alleges are unnamed persons with whom Blagojevich is alleged to have conspired, "The law is clear that the government is not required to provide a defendant with such detail…." [15]

### IV.

The government cites a slew of cases in support of their arguments. There is not a single paragraph, sentence, clause or even a single word in any of the government cited authorities which states---directly or by implication---that in the interest of fundamental fairness and justice to an accused the government is *prohibited* from revealing some or all of the requested material and information.

If the accused has committed crimes he should be convicted and punished. All Blagojevich asks is that he should have the same shot at an acquittal that the government has to obtain a conviction. Where is the transparency? Where is the openness that the public, as well as an accused American, has the right to expect? Why such governmental obscurantism?

The government's alleged concern about the harassment and security of witnesses ("I" above) cannot be taken seriously. This defendant is Rod Blagojevich, not Tony Soprano. This is the trial of the former governor for alleged *non-violent* offenses, not a replay of the "FAMILY SECRETS" trial.

A government confident enough in its own rectitude to try purported terrorist Khalid Sheikh Mohammed in a United States District court in New York should likewise be secure enough to provide the accused former Governor of Illinois with the requested statements of the President of the United States. What next, a government motion to limit the tapes to only those the government wants played at trial?

                                                          Respectfully submitted,

                                                          /s/ Sam Adam

**Sam Adam**
**6133 South Ellis**
**Chicago, Illinois**
**(312) 726-2326**

**Attorney for Defendant Rod Blagojevich**