UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 08 CR 888 - 1 |
| | Judge James B. Zagel |
| ROD BLAGOJEVICH, et al. | |

### MEMORANDUM OPINION AND ORDER

Defendant, Rod Blagojevich, seeks more discovery than the prosecution has provided and requests this discovery earlier than I contemplated. Defendant also seeks early disclosure of *Brady* material.

It is a typical motion in its prayer for speedier access to data which is, in reality, a prayer for speedier access to the prosecution's plans of how it intends to present its case. A very large amount of material has been in the hands of the defense for months. Defendant would like to know with certainty exactly what and how the prosecution is going to use it to make its case. The motion, however, is founded on the assumption that the prosecution has already settled on its cause of action.[1]

I am unpersuaded that either the Santiago proffer or the Section 3500 material need be produced any sooner than the prosecutor's proffered date. The volume of discovery already produced far exceeds that required by established law. Producing a Santiago proffer two months before trial and Section 3500 material three months before trial is adequate, and these dates are

---

[1] The degree to which Defendant rests on this assumption is reflected in his very confident all capital letter assertion about the charge of conspiring with "OTHERS KNOWN AND UNKNOWN TO THE GRAND JURY – [BUT] PRESUMPTIVELY KNOWN TO THE GOVERNMENT." A presumption that the prosecution knows the identity of all putative conspirators is unjustified. It is quite possible that neither the government nor any conspirator knows the identity of every co-conspirator in an existing conspiracy.

well in advance of any requirement found in existing statutory and case law. 18 U.S.C. § 3500(a); *U.S. v. Hoover*, 246 F.3d 1054, 1060 (7th Cir. 2001); *U.S. v. Balogun*, 971 F.Supp. 1215, 1230 (N.D. Ill. 1997).

Defendant disputes none of the legal principles on which the prosecution relies. Indeed, Defendant's candid reply offers a concise summary of those legal principles and disputes none of them. Instead, Defendant offers an assortment of rhetorical flourishes oddly detached from the issues in this case, in one instance invoking the case of Khalid Sheikh Mohammed, and, in another, pleading that Defendant needs certain evidence to establish his innocence. This last statement ignores the well-known principle that a defendant does not carry a burden of establishing his innocence; instead, a burden of *establishing* guilt belongs to the prosecution (though admissible evidence of innocence is always relevant). *U.S. v. Jackson*, 540 F.3d 578, 598 (7th Cir. 2008)

Defendant has had, and will continue to have, the right to seek particularized discovery of certain documents or materials with respect to specific witnesses, but the blunderbuss demand for everything to be turned over sooner than the law allows is not well made.

I close by making two statements in regard to certain portions of Defendant's Reply that ought not to have been offered in their present form.

First, Defendant writes on page 2 that the United States suddenly announced in court that "Oh, by the way, we are going to change the charges in late January or early February, 2010." The statement is in quotation marks but without a citation to the record. I understand that a lawyer may re-characterize an opponent's position to strengthen his or her argument, but this language appeared as a direct quote. This should not have occurred. It is particularly

inexplicable because, in the context of this case, the proposed superseding indictment is not intended, as I understand it, to expand the facts (and thus the evidence) in any way. If that turns out not to be the case, then defense counsel can protest.

Second, Defendant states that because William Cellini was severed from Defendant's trial, he is no longer able to rely on Cellini's counsel to carry a significant portion of the defense burden at trial. He offers no specifics. Defendant's reliance on Cellini's counsel is puzzling. Importantly, at an early appearance in this case, counsel for Cellini said he wanted to file a severance motion. His reason, he said, was "we obviously thought we were probably going to have a trial this fall on a two week case, we're now swept into a six month case." (Transcript of Proceedings, April 16, 2009, p. 5, lines 20-23). It is difficult to see why Defendant Blagojevich would expect Cellini's counsel to carry a significant portion of the defense burden if Cellini's counsel thought he had two weeks' worth of defense in a six-month trial if his client were not severed (or even two weeks of a twelve-week trial, which was a later estimate).

**CONCLUSION**

Defendant's motions for discovery are denied.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: February 8, 2010