UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 08 CR 888 |
| v. | ) Hon. James. B. Zagel |
| | ) |
| ROD BLAGOJEVICH, et al. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S MOTION TO CONTINUE TRIAL DATE**

The United States, by and through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to Defendant Rod Blagojevich's Motion to Continue Trial Date filed on March 11, 2010, stating as follows:

**I.      INTRODUCTION**

Defendant Rod Blagojevich ("defendant") moves to continue the trial date in the instant case five months to November 3, 2010. The government objects.

The defendant's motion to continue the trial date is largely premised on two different arguments. First, the defendant argues he cannot prepare for trial without knowing whether the charges related to Title 18, United States Code, Section 1346 will proceed to a jury. Second, the defendant argues that recently tendered discovery is too extensive for the defendant to review and be ready for trial. Neither argument is persuasive or justifies moving the trial date,

1

particularly in light of the strong public interest in resolving this case as expeditiously as possible.

## II. DISCUSSION

### A. Legal Standard

The Seventh Circuit has noted that "a trial date once set must be adhered to unless there are compelling reasons for granting a continuance." *United States v. Farr*, 297 F.3d 651, 655 (7th Cir. 2002) (quoting *United States v. Reynolds*, 189 F.3d 521, 527 (7th Cir. 1999)). In evaluating a request for a continuance, district courts are to weigh the following non-exhaustive list of factors:

> 1) the amount of time available for preparation; 2) the likelihood of prejudice from denial of the continuance; 3) the defendant's role in shortening the effective preparation time; 4) the degree of complexity of the case; 5) the availability of discovery from the prosecution; 6) the likelihood a continuance would have satisfied the movant's needs; and 7) the inconvenience and burden to the district court and its pending case load.

*United States v. Vincent*, 416 F.3d 593, 598 (7th Cir. 2005) (citing *United States v. Miller*, 327 F.3d 598, 601 (7th Cir. 2003)). The relative weight of these factors is best left to the district court's discretion. *Id.* "[T]he trial judge is in the 'best position to evaluate and assess the circumstances presented by [defendant's] request for a continuance.'" *Farr*, 297 F.3d at 655 (quoting *United States v. Schwensow*, 151 F.3d 650, 656 (7th Cir. 1998)).

### B. The Defendant's Section 1346 Argument Does Not Justify a Continuance.

Contrary to the defendant's argument that he is somehow unable to prepare for trial in light of Section 1346 cases pending before the Supreme Court, the underlying evidence to be presented at trial will be the same whether Section 1346 charges remain or are dismissed. As the government noted in its filing on February 4, 2010, related to the Second Superseding Indictment (Docket Entry #230), the criminal acts described in the Section 1346 charges are completely duplicative of the acts charged in other counts of the Second Superseding Indictment.

Further, at the moment, the Section 1346 charges exist and are valid under law. Indeed, these charges have existed since the indictment was returned in this case in April 2009, and since June 2009 when the Court set the June 3, 2010 trial date. Presumably, the defendant has been preparing since that time for a June 3, 2010 trial with the Section 1346 charges. If, in fact, Section 1346 is held unconstitutional and the charges are dismissed, the defendants will be in a *better* position than they are today, regardless of whether trial proceeds on June 3rd. It is difficult to see any prejudice that could result to the defendant from proceeding to trial on June 3rd with the Section 1346 charges. Either the charges will remain and go to the jury, or the charges will be

dismissed and the defendant will no longer have to address the charges during trial. As sometimes occurs in multi-defendant, multi-charge cases, charges are dismissed after trial begins either at the request of the government or through application of Rule 29 of the Federal Rules of Criminal Procedure. In either event, defendants are always better off having charges dismissed and not facing verdict on the charges, and are never prejudiced by such dismissal. Put simply, it is difficult to see how the defendant is prejudiced by proceeding to trial on June 3rd based on his argument that he could face fewer charges at the time of verdict than he does at the beginning of the case. Accordingly, the defendant's Section 1346 argument for delaying the trial should be rejected.[1]

### C. The Defendant's Discovery Argument Does Not Justify a Continuance

The defendant's argument regarding discovery material also falls flat. The defendant fails to acknowledge that the government turned over the vast majority of the agent reports and grand jury materials several weeks before the deadline set by the Court. Indeed, by June 3rd the defendant will have had

---

[1] If the Court is inclined to grant a continuance of the trial date for resolution of the Section 1346 charges (or any other reason), the defendant's requested five month continuance should be rejected. Rather, at most, a two month continuance to early August would be appropriate. The two months would provide more than sufficient time for the Supreme Court to rule on the Section 1346 charges, which should occur no later than the end of June 2010, and then an additional month for trial preparation in light of the Supreme Court's ruling.

access to the majority of the tendered government reports and grand jury materials for over three months. This is well beyond the requirements of the Constitution or any statute and provides sufficient time to review the materials. Defendant also fails to acknowledge that the government provided the trial transcripts from *United States v. Rezko* in January 2010, months before the discovery date set by the Court and over four months before trial.[2] In addition, the defendant has overstated by thousands of pages the volume of agent reports and grand jury materials the government provided.

Oddly, the defendant suggests a continuance is proper because the government has not filed a *Santiago* proffer. The defendant ignores the fact that by Court order the date set for the filing of the *Santiago* proffer (April 2010) is triggered by the June 3rd trial date because the Court ordered the government to file its *Santiago* proffer two months before trial. As such, should the Court grant a continuance, the *Santiago* proffer will still be filed two months before the new trial date, and the continuance of the trial will result in no greater advantage to the defendant in relation to the *Santiago* proffer.

Further highlighting the unsound ground of the defendant's discovery argument is his suggestion that additional time is warranted because "not all

---

[2] The Rezko trial transcripts, of course, are public record and could have been obtained through the court reporter at any time of the defendant's choosing.

5

[recorded] conversations are in English." Def. Mot. at 4 ¶ 5. By the government's count, there are approximately twelve conversations, all of minimal duration, none of any relevance to the charges in the case, that contain some snippets of Serbian, a language the defendant speaks. Many of these conversations contain only greetings in Serbian, and after that the participants speak English. The defendant and his counsel have previously admitted they have listened to every call and that the defendant "is fully aware of the content of all [the] recorded conversations." Docket Entry #241 at 2 ¶ 5. Since the defendant is fully aware of the content of all of the recordings, any continuance premised on issues related to the recordings is inappropriate.

Finally, the government notes this is not a situation where a single counsel is preparing for a lengthy trial with numerous documents and recordings. Rather, based on representations made in court, there are over ten defense lawyers available to the defendant and actively working on the defendant's case. Such resources are a rarity in a federal criminal trial. In light of the resources available to the defendant, review of the agent reports and grand jury materials tendered to the defendant three months before trial should be easily achievable.

### D. There is a Strong Public Interest in the Resolution of this Case

The charges in this case allege that the defendant engaged in a long-

standing and pervasive abuse of his power as the Governor of the State of Illinois. The defendant has repeatedly and publicly challenged the legitimacy of the charges against him. As a result, the public has a strong interest in the expeditious resolution of the charges – an interest that would not be served by a unnecessary delay of five months in the start of this trial.

This Court has gone to great lengths to ensure that both parties receive a fair trial. The Court has authorized the defendant to choose his team of lawyers and to pay them through essentially public funds. The Court set a trial date early in the process that was sufficiently advanced to allow both sides to plan and prepare accordingly. This Court has ensured that both the parties' interest in a fair trial and the public's interest in a speedy trial can be met, and there is no reason to grant a continuance.

### III. CONCLUSION

By June 3, 2010, the defendant will have had over a year to prepare for trial. The defendant has numerous counsel working on his behalf and the amount of discovery tendered recently may be easily reviewed prior to trial. In addition, the outcome of the Supreme Court's review of Section 1346 will not prejudice the defendant in any way. In light of the strong public interest in resolution of this case, the Court should maintain the current trial date of June 3rd.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   s/Reid Schar
      REID J. SCHAR
      CHRISTOPHER S. NIEWOEHNER
      CARRIE E. HAMILTON
      Assistant United States Attorneys
      219 S. Dearborn Street, 5th Floor
      Chicago, Illinois 60604
      (312) 353-5300

# CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S MOTION TO CONTINUE TRIAL DATE**

were served on March 15, 2010, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Reid Schar
REID SCHAR
Assistant United States Attorney
219 S. Dearborn Street
Chicago, IL 60604
(312) 353-8897