# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 888 - 1 | **DATE** | May 6, 2010 |
| **CASE TITLE** | UNITED STATES v. ROD BLAGOJEVICH, et al. | | |

**DOCKET ENTRY TEXT:**

Prosecution's motions in limine (315) and motion to bar (316) are granted.

## STATEMENT

**PRELIMINARY RULING ON GOVERNMENT *IN LIMINE* MOTIONS**

     The prosecution has filed several motions to preclude the use of certain arguments and evidence it asserts are out of bounds in criminal trials. Some motions have not yet been opposed. One motion overlaps a defense motion to unredact certain statements of a probable witness. This defense motion has been opposed in writing. Another motion by the prosecution seeks limits on cross-examination of a different witness. This order addresses neither of these motions, both of which will be the subject of separate orders.

     Here, I address only the motions to preclude certain types of argument and evidence on the grounds that they are generally impermissible. Their use to persuade a trier of fact is barred, regardless of the specifics of any given case. I doubt the defense plans to offer little, if any, of the objected-to material. It is nonetheless useful to enter my general rulings on all of these points so that the defendants might decide if some of this order requires my reconsideration. If the defendants intend to offer any of the arguments or evidence I have preliminarily barred, they may do so by setting out exactly the specifics of what they intend to offer and its purpose. If a defendant elects to do this, he must offer these details outside the presence of the jury.

**I. Questions of Law Heard By The Court Rather Than The Jury**

     A. The defendants are barred from making requests, in the presence of the jury, for discovery from either the prosecution or any witness and are further barred from suggesting by question, motion or statement before the jury that discovery has been improperly withheld or that the prosecution is attempting a cover up. If there is a legitimate argument of this sort it is to be made to the Court, outside the presence of the jury. If the evidence warrants an inference of improper withholding which unfairly damages a defendant, then and only then, will I permit that inference to be argued to the jury. Until I give such permission, the defense is

barred from saying or doing anything in the presence of the jury that would suggest that improper withholding might exist. *See United States v. Gray,* No. 2:07 CR 166, 2010 WL 1258169, at *3 (N.D. Ind. March 26, 2010) (precluding requests for or comments about discovery in the presence of the jury).

The discovery obligations of defendants are quite limited, but they, too, might be accused of improper withholding of materials. If that is the case, the prosecution is under the same constraint as defendants -- it must first raise the issue outside the presence of the jury and establish its right to offer this evidence. In either case, where either prosecution or defendants have withheld evidence that should not have been withheld, I would consider available sanctions for such conduct in place of or in addition to presentation of the matter to the jury.

B. Neither prosecution nor defense may comment to the jury on evidentiary rulings made by this Court. *See Solles v. Israel*, 868 F.2d 242, 245 (7th Cir. 1989) (deeming improper prosecutor's comments on excluded evidence in the presence of the jury); *Rutledge v. Cook County*, No. 06 C 6214, 2009 WL 3187904, at *6 (N.D. Ill. Sept. 30, 2009) ("Counsel have a duty to argue all grounds of relevance during the hearing on the motions in limine. Once the court has ruled, counsel are not free to decide for themselves that, in context, the evidence is actually admissible.") Such comments ask the jury to consider matters that are irrelevant to what it must decide, in any criminal case, that is, whether, on the basis of the evidence presented, the prosecution has proven its case beyond a reasonable doubt. The jury is not allowed to speculate on evidence it has not heard. Nor is it to decide whether a trial has been legally fair to either side. If rulings are made in error, the place to challenge them is in the higher courts.

I also doubt the tactical value of the argument that "we would win this case if only the jury could hear the case we think should have been heard rather than the case the court allowed us to present." Both sides, not just one, are precluded by the rules from using certain evidence that they might like to offer. If arguments suggest a trial is unfair because one side was not allowed to put some of its evidence before the jury, it would be a rare case that the other side could not make the same argument. If that occurs the verdict is produced not by a legitimate trial. Rather there will be a free for all in which both sides offer every piece of inadmissible evidence in order to get it excluded by the Court. In closing arguments, both sides would claim that, had the judge found their excluded evidence admissible, they would win. Each side would hope for a jury's favorable speculation as to what that unheard evidence might be. Such procedure is just plain lawless. Neither side may suggest, even in the most oblique way, that it possesses favorable evidence that the Court excluded.

**II. Matters of Fact and Law That Are To Be Decided By The Court**

The potential sentence of a defendant found guilty cannot be raised in the presence of the jury. Jurors may have some idea of the range of the possible sentence particularly where prosecution witnesses have pled guilty to some of the charges at issue. But a jury is not entitled to consider the severity or leniency of a sentence when deciding whether the defendant has been proven guilty of a charge. This is not a case in which the jury decides penalty. Therefore, in their arguments, lawyers may not discuss the potential sentence faced by defendants. *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000) (information regarding sentencing and punishment should be withheld from the jury, whose role is to decide whether the defendant is guilty of the crime charged). It is well established that "arguing punishment to a jury is taboo." *United States v. Richardson,* 130 F.3d 765, 778 (7th Cir. 1997), *vacated in part on other grounds*, 526 U.S. 813 (1999). I would not permit prosecutors in any other case to urge a jury that a defendant deserves severe punishment for his or her terrible crimes in an effort to persuade a jury to convict on all counts rather than fewer counts. Nor would I permit a defense lawyer in any other case to say that a defendant's freedom is at stake or that the verdict should send him home. All of these arguments imply that the verdict should be based in part or in whole on a jury's concern about sentence. Thus I will not permit such arguments in this case.

**STATEMENT**

## III. Relevance and Admissibility of Certain Evidence

    A. The defense has not indicated whether it intends to offer either: (1) evidence that a defendant has accomplished things that deserve praise; or (2) evidence that a defendant has generally engaged in honest actions.

    The prosecution asks that if defendants plan to offer such evidence, or mention it in opening statements, they should, prior to trial, announce what they intend to put forth so that the prosecution can object and a ruling can be made. The prosecution makes this request because the introduction of evidence of good acts and character and a generally honest life is limited by the rules of evidence. The reason for these limitations is easily understood. The decent things a defendant may have done are actions which society commends. Charges in the indictment concern actions which society condemns. Even the most committed criminals obey the law most of the time. Criminals donate to community activities, run into burning buildings to save families and stop their partners in crime from doing worse things, to cite a few examples. That a defendant has led an exemplary life before and after he is charged with stealing his first million dollars may be relevant at a sentencing hearing. It is not relevant on the question of whether his guilt has been proven. This is a principle well recognized in this Circuit. *United States v. Burke,* 781 F.2d 1234, 1239 (7th Cir. 1985) (Character evidence "does not speak to the question whether the accused committed the crime."). It has been applied in this District in cases charging misconduct by elected officials. *United States v. D'Arco,* No. 90 CR 1043, 1991 WL 264504, at *1 (N.D. Ill. 1991) (Lindberg, J. ) ("Evidence that defendant acted lawfully on other occasions is inadmissible to prove that he acted lawfully on the occasions alleged in the indictment."); *United States v. Finley,* 708 F. Supp. 906, 914 (N.D. Ill. 1987) (Rovner, J.) (precluding arguments and evidence of non-corrupt actions); *United States v. Davis,* 673 F. Supp. 252, 261 (N.D. Ill. 1987) (Williams, J.) (precluding evidence of "the fact that the defendant in uncharged transactions discharged his function as alderman in a non-corrupt fashion."). Other federal circuits apply this rule. *See e.g., U.S. v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978).

    The Federal Rules of Evidence prescribe a national rule which allows a limited method by which a person accused of crime can offer evidence of good character from witnesses who are familiar with the defendant's reputation. Fed. R. Evid. 404(a)(1). ("evidence of a person's character...is not admissible for the purpose of proving action...on a particular occasion..."). Even when character is admissible it is provable only through opinion or reputation, not specific acts. Fed. R. Evid. 404(b) & 405. There is no claim here that a trait of character of any person is an essential element of the charge or defense.

    As a practical matter, if such evidence of prior good acts were permitted, one could reasonably expect that the opposing party would dispute the acts' benevolence or that credit for such acts belongs to the defendant. The focus of the trial would then shift, in part, from the charges in the indictment to the issue of whether good acts were proven. Even if specfic act evidence were admissible the vast majority of it would be excluded on Rule 403 grounds where relevant evidence may be excluded when its value is substantially outweighed by "confusion of the issues or misleading the jury or by considerations of undue delay [or] waste of time." In any event, the courts have wisely decided that performance of good works is not inconsistent with the commission of a crime.

    These are general rules applicable to this sort of evidence. The specific nature of both the alleged good acts and the alleged offense may, under certain circumstances, be related in ways that might allow the good acts to be admitted for carefully limited purposes. Fed. R. Evid. 404(b) & 405(b). The chance that this may be the case is sufficiently remote that I require counsel for the defense to seek an admissibility ruling before any reference to good acts evidence is made in the presence of the jury. The prosecutors are under a similar obligation with respect to uncharged bad acts. *See* Fed. R. Evid. 404(b).

    B. The prosecution seeks preclusion of any evidence regarding the death or the cause of death of

former defendant Christopher Kelly. There is nothing in the papers that suggests that either defendant intends to raise this issue, perhaps because raising the issue is pointless. I will preclude such evidence. The death of the one defendant in this case is not relevant to the issues presented by the trial of the current defendants. Accountability for Kelly's death will not be clear, and fingers can be pointed in several directions. Raising the issue would result in confusion and wasted time on an irrelevant issue. The cause of Kelly's death is not to be mentioned at trial. *See* Fed. R. Evid. 401-403. If his name is the subject of testimony, then the jury will be informed by the court that he will not be appearing in court because he is deceased.

C. The prosecution moves to exclude evidence and argument concerning the impeachment and removal from office of defendant Rod Blagojevich. Whether either defendant plans to raise issues regarding that proceeding is not known. I can imagine some ways in which one defendant might want to offer such argument but those might possibly be relevant at post-verdict proceeding, not at trial. The legislative process which resulted in removal from office occurred after the end of the relevant period covered by the indictment. Defendant's removal from office is not germane to evidence or argument. It is out of bounds in this trial. A substantial number of jurors may know of the removal from office. Some jurors may regard the removal from office as a conclusive determination that one defendant has been proven guilty in a prior proceeding. This would be incorrect. An impeachment proceeding looks a bit like a judicial trial but it is legislative and not judicial in nature. Determinations made in a removal proceeding must be given no weight in a criminal trial. Counsel are directed to submit proposals for voir dire questions and/or jury instructions that address this issue.

D. The prosecution asks for leave to present certain government witness testimony in stages. The indictment alleges several discrete transactions. Many, if not all, of these discrete transactions are related to specific business records. The prosecution will call analysts and agents to explain these records to the jury; it argues that this evidence is best heard in temporal proximity to the testimony offered by other witnesses about these transactions and events. To do this will require recalling a witness to discuss the incident immediately at hand and recall the same witness later when a new incident is at hand. In a lengthy trial this is a far better procedure if one's goal is to increase juror and, for that matter, judicial comprehension of the nature and weight of the evidence. I will permit this pursuant to Federal Rule of Evidence 611.

**IV.     Arguments That Suggest A Jury Nullify The Rule of Law By Delivering A Verdict Inconsistent With Instructions**

Arguments and suggestions that a jury should acquit even if guilt is proven beyond a reasonable doubt are impermissible. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict [] is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988), *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)).

In essence arguments and suggestions that the jury nullify the law are techniques that implore jurors to ignore certain instructions. Neither side is permitted to use them. Attempts to do so are not common but they do occur. Prosecutors have implicitly argued that guilt can be inferred from silence. Defense lawyers have argued that the dreadful character of a victim might serve to reduce a clear case of murder to one of involuntary manslaughter. While it is probably unnecessary to do so in this case, I bar the use of arguments and suggestions from either side that would invite the jury's consideration of reasons to ignore the law in reaching a verdict.

The prosecution offers several suggestions of arguments that might be made. All of them are barred.

**STATEMENT**

Two of the arguments (selective prosecution and outrageous government conduct, including a government conspiracy against a specific individual) may be presented to the court for a ruling but not to the jury. Further, an argument that a defendant was simply following usual custom and practice is not a defense. *See United States v. Stirling*, 571 F.2d 708, 736 (2d Cir. 1978) (testimony related to the "normalcy" or "usualness" of certain business practices was inadmissible and irrelevant to the issue before the court). Individuals are obliged to follow the law, and not an illegal custom or practice. Laws are often enacted just for the purpose of ending toxic customs and practices. Again, I note my doubts that such arguments or suggestions will be made. Such conduct could elicit a veiled response from the prosecution that elected officials have often been found guilty for following the usual custom and practice.

Sometimes there are disputes about the manner in which law enforcement officials conducted themselves. If what these officials did was lawful, then there is no basis to suggest that the jury acquit simply because they disapprove of or disagree with the officers' actions. The arrest in this case, the manner in which it was made, and the use of cooperating witnesses, immunized witnesses and wiretaps have either been found to be legal or were not challenged as illegal.

Arguments or suggestions that sympathy, say for the family of an accused or the accused himself, should be a factor in deciding whether guilt is proven beyond a reasonable doubt are also barred. This is made explicit in the standard instructions given to all juries in this Circuit. Seventh Circuit Pattern Criminal Federal Jury Instruction 1.01.