UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 08 CR 888 |
| v. | ) Hon. James. B. Zagel |
| | ) |
| ROD BLAGOJEVICH, et al. | ) |

**GOVERNMENT'S REDACTED RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S RENEWED MOTION TO
CONTINUE TRIAL OR, ALTERNATIVELY,
MOTION TO PRECLUDE PLAYING RECORDINGS BEFORE
THE SUPREME COURT RULES ON
<u>CONSTITUTIONALITY OF 18 U.S.C. SECTION 1346</u>**

In response to defendant Rod Blagojevich's Renewed Motion to Continue Trial Or, Alternatively, Motion to Preclude Playing Recordings Before the Supreme Court Rules on Constitutionality of 18 U.S.C. Section 1346, the United States of America hereby states as follows.

In this latest motion to continue the trial set by this Court to begin on June 3, 2010, defendant Rod Blagojevich claims that "a portion" of the conversations selected by the government to be played before the jury at trial "have no possible relevancy to those portions of the indictment that do not charge violations of 'honest services', 18 U.S.C. Section 1346." Def. Mot. at 1. In an attempt to support this claim, the defendant gives two examples of conversations, Sessions 548 and 558, which he presumably asserts are not

relevant to the portions of the indictment that charge crimes other than honest services. He is very much mistaken.



2

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

      As such, the cited calls are relevant not only to counts in the second superseding indictment that charge violations of 18 U.S.C. § 1346, but they are also relevant many other charges in the indictment, including but not limited to the allegations in the following counts:

      1.     Count Twenty-One, which alleges that the defendant violated 18 U.S.C.§1951(a) when he conspired with others to commit extortion in that, in connection with the defendant's exercise of his authority to appoint a U.S. Senator, the defendant and others agreed to obtain property, for the benefit of the defendant, from various individuals, with the consent of those individuals under color of official right;

      2.     Count Twenty-Two, which alleges that the defendant violated 18 U.S.C.§1951(a) when he and others attempted to commit extortion in relation to the appointment of a U.S. Senator by attempting to obtain property, for the benefit of the defendant, from various individuals, with the consent of those individuals under color of official right;

      3.     Count Twenty-Three, which alleges that the defendant and others

conspired to corruptly solicit and demand things of value, for the benefit of the defendant, an agent of the State of Illinois, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the State of Illinois, namely the appointment of a U.S. Senator, in violation of 18 U.S.C. § 666(a)(1)(B);

4.     Count One, which alleges that the defendant violated 18 U.S.C. § 1962(c) when he unlawfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of the "Blagojevich Enterprise" through a pattern of racketeering activity, that is, through the commission of racketeering acts, which acts include a conspiracy to commit extortion and an attempt to commit extortion, both in violation of 18 U.S.C. § 1951(a), and also include a conspiracy to commit bribery, in that the defendant and others, solicited and agreed to accept property and personal advantage, pursuant to an understanding that the defendant would improperly influence the performance of an act related to his employment and function as Governor of the State of Illinois, namely, the appointment of a United States Senator, in violation of 720 ILCS 5/33-1(e) and 720 ILCS 5/8-2; and

5.     Count Two, which alleges that the defendant violated 18 U.S.C. § 1962(d) when he conspired with others to conduct and participate, directly and indirectly, in the conduct of the affairs of the Blagojevich Enterprise through a

pattern of racketeering activity, which conspiracy was furthered by acts by the defendant and others relating to the defendant's exercise of his authority to appoint a U.S. Senator.

In light of this Court's prior ruling denying the defendants' request for a continuance in order to await the Supreme Court decision on 18 U.S.C. §1346 because none of the acts alleged in the indictment are relevant solely to charges brought under §1346 but are also relevant to other charges, the defendant's current motion does not present this Court with any sound reason to continue the trial until the Supreme Court decides the constitutionality of §1346.

       Respectfully submitted,

       PATRICK J. FITZGERALD
       United States Attorney

By:   s/Reid Schar
      REID J. SCHAR
      CHRISTOPHER S. NIEWOEHNER
      CARRIE E. HAMILTON
      Assistant United States Attorneys
      312-353-8897

# **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S REDACTED RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S RENEWED MOTION TO
CONTINUE TRIAL OR, ALTERNATIVELY,
MOTION TO PRECLUDE PLAYING RECORDINGS BEFORE
THE SUPREME COURT RULES ON
CONSTITUTIONALITY OF 18 U.S.C. SECTION 1346**

were served on May 19, 2010, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, if any.


                                                s/Reid Schar
                                                REID SCHAR
                                                Assistant United States Attorney
                                                219 S. Dearborn Street
                                                Chicago, IL 60604
                                                (312) 353-8897