IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| | ) | Judge James B. Zagel |
| ROD BLAGOJEVICH | ) | |

ROD BLAGOJEVICH'S RESPONSE TO THE GOVERNMENT'S
MOTION IN LIMINE REGARDING LAY WITNESSES' CONCLUSIONS OF LAW

Now Comes Defendant Rod Blagojevich, by and through his counsel and hereby objects and responds to the "Government's Motion *In Limine* Regarding Lay Witnesses' Conclusions of Law." In support of said Response, Defendant Rod Blagojevich states the following:

The Government makes a general request to introduce "several government witnesses [who] will testify that they either took, or refrained from taking, certain actions based on their belief, at the time of the events, that what they were being asked to do by defendant Rod Blagojevich was illegal or improper." (Government's Motion at 4). This request should be denied. However, if Government's request is to be entertained, the Court and the Defendant should not be forced to consider its merits in a vacuum. The Defendant respectfully requests that the Government be ordered to produce the particular evidence it seeks to admit.

The Government's purported evidence ("several government witnesses [who] will testify that they either took, or refrained from taking, certain actions based on

their belief, at the time of the events, that what they were being asked to do by defendant Rod Blagojevich was illegal or improper" (Government's Motion at 4)) is irrelevant, prejudicial, does not assist the jury, and does not comport with case law. Federal Rule of Evidence ("Rule") 701 provides in pertinent part:

> . . . the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. . .

The Government's evidence does not meet the standard. In *United States v. Noel,* 581 F.3d 490 (7th Cir. 2009), cited by the Government, the Seventh Circuit noted its disapproval of the Government's trial tactic of introducing improper opinion evidence. In *Noel,* the defendant's child pornography convictions were affirmed, but the Court analyzed the opinion testimony of the state police detective who conducted the forensic examination of the pornography on defendant's computer. The detective testified at trial regarding a legal conclusion – that the photographs were pornographic.

      The Court ruled that "[t]he only plausible reason the government would want to show that its investigators believed the photos were illegal was to persuade the jury to agree." *Noel,* 581 F.3d at 498. The Court ruled that the opinion testimony was inadmissible under FRE 701(b) because it "amounted to nothing more than a statement that the photos were illegal. Given proper instructions, the jury was capable of making this determination on its own." *Noel,* 581 F.3d at 496-97.

In the instant case, the ultimate conclusion –whether the alleged conduct occurred and whether it is illegal – is for the jury.

The Government's purported evidence would be unduly prejudicial. What a government witness thought of "certain actions" is irrelevant to the state of mind of the Defendant[1]. A witness who testifies that he thought the defendant was guilty or had acted with malice aforethought is not helping the jury. Rather, he is usurping the role of the jury. *See, United States v. Anderskow,* 88 F.3d 245 (3d Cir. 1996) (witness' opinion that the defendant "must have known" that fraud was occurring essentially turned the witness "into a thirteenth juror," and such testimony was not helpful to a trier of fact called upon to evaluate the same evidence upon which the witness based his opinion). Rule 701(b) assures against the admission of opinions which would merely tell the jury what result to reach.

To the contrary, should a witness provide competent evidence, rationally based on firsthand knowledge and the opinion is helpful to the jury, lay opinion testimony as to the mental state of another *may* be competent under Rule 701. *United States v. Bogan*, 267 F. 3d. 614, 619-20 (7th Cir. 2001). *Cf. United States v Hoffner*, 777 F2d 1423 (10th Cir. 1985), where lay witnesses opinions regarding the state of mind of the defendant (charged with distributing illegal substances through prescriptions) were not admissible because, although lay witnesses were long-time employees of defendant, they did not overhear any conversations between patients

---

[1] Defendant objects to the Government's attempt to vaguely identify a legal theory upon which it seeks to introduce prejudicial evidence – without specifying what the evidence would be. Defendant urges this Court to order the Government to disclose the specific evidence it seeks to admit prior to granting the Government's request.

and defendant, nor did they witness physical examinations or actual writing of these prescriptions.

However, other Federal Rules of Evidence are also relevant. Rule 602, for example, states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Likewise, Rule 403 prohibits evidence that is unduly prejudicial.

Should the Defendant seek to introduce evidence through witnesses that will testify to the Defendant's state of mind, such evidence would be proper. Opinions that are not a legal conclusion, but rather go to state of mind and *mens rea* are admissible. There is a distinction between questions which call for a legal conclusion and those that are tailored to elicit evidence that is helpful to the jury. In *United States v. Baskes*, 648 F.2d 471 (7th Cir. 1980) questions that tracked the statute were inadmissible ("did you unlawfully, knowingly and wilfully conspire to defraud the United States together with [named individuals]? [and] did you unlawfully, knowingly and wilfully combine and agree together with [named individuals] to defraud the United States of America?") because they are "[t]erms that demand an understanding of the nature and scope of the criminal law." *Baskes,* 648 F.2d at 478. However, the Court noted that in *United States v. Standard Oil Co.*, 316 F.2d 884 (7th Cir. 1963), "the trial court committed error in not permitting defense witnesses to answer questions as to whether there had been an 'agreement,' 'understanding,' promise,' or 'commitment' regarding a conspiracy because "unlike the situation [in *Baskes*], those words have well-established lay

meanings and do not demand a conclusion as to the legal implications of conduct." *Baskes*, 648 F. 2d at 478, n. 5.

<u>Defendant Rod Blagojevich's Objection to the Government's Request for Defendant to Notify Intended Introduction of Admissible, Relevant Evidence</u>

In requesting a mandatory notice requirement, the Government's reliance on *United States v. Shields*, 783 F. Supp. 1094 (N.D.Ill. Aug. 13, 1991) (Rovner, J.) is misplaced. In *Shields,* the Court enacted a notice requirement to avoid "mini-trials on events [collateral evidence of other acts] which are remote from the occurrence here." *Shields,* at *2, 7, 19. In the instant case, the Government seeks to impermissibly limit evidence of the Defendant's state of mind and intent. To the extent that evidence will comport with Rules 701 and 602, it is proper and directly relevant to the conduct charged in the indictment. It does not elicit the same potential error as in the *Shields* case. Evidence of the Defendant's state of mind, introduced in compliance with the Rules, is not collateral evidence that could lead to a "mini-trial." Defendant's evidence is permissible and a notice requirement should not be instituted.

However, the evidence the Government seeks to admit is different. It is indeed collateral. The Government's request is to introduce evidence that other individuals "either took, or refrained from taking, certain actions based on their belief, at the time of the events, that what they were being asked to do by defendant Rod Blagojevich was illegal or improper." (Government's Motion at 4). That individuals acted in a certain manner because of perceived wrongdoing is irrelevant to the defendant's alleged actions. Moreover, the prejudicial effect of this evidence

would far outweigh any probative value it could arguably have. The Defendant objects to the introduction of this evidence by the Government without a proffer of the intended evidentiary value of such evidence.

Moreover, crafting a limiting instruction (as proposed at page 5 of the Government's motion) would be premature without knowledge of what specific evidence the Government seeks to admit. The Defendant requests that the Government be ordered to disclose with particularity the evidence it seeks to introduce prior to the Court's ruling on this motion – and certainly prior to the drafting of a limiting instruction to allow for the Defendant to submit what he deems a satisfactory instruction.

**WHEREFORE**, Defendant Rod Blagojevich respectfully requests this Honorable Court deny the Government's request to introduce improper and prejudicial opinion testimony through its witnesses; in the alternative, Defendant Rod Blagojevich respectfully requests that this Court order the Government to disclose with particularity the evidence it seeks to admit prior to permitting such evidence to be introduced.

Respectfully submitted,

/s/ Sam Adam

Sheldon Sorosky
Sam Adam
Michael Gillespie
Samuel E. Adam
Aaron Goldstein
Lauren Kaeseberg
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950
Atorneys for Rod Blagojevich, Defendant