IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| ROD BLAGOJEVICH | ) | Judge James B. Zagel |
| | ) | |

DEFENDANT ROD BLAGOJEVICH'S
MOTION TO DISMISS BASED ON
THE VIOLATION OF THE FIRST AMENDMENT

Now Comes Defendant Rod Blagojevich, by and through his attorneys, and hereby moves this Court to dismiss this cause based on the improper criminalization of his rights under the First Amendment. In support thereof, Defendant states the following:

In this case, the defendant was engaged in political speech and expression. The government alleges that the political process in which he was engaged was criminal. This is a violation of the defendant's rights of freedom of speech and expression afforded him under the United States constitution.

This prosecution criminalizes Blagojevich's constitutionally-protected right to free speech as part of the political process. Other arenas in the political sphere have been held to be protected by the First Amendment and include: campaign finance (*Citizens United v. Federal Election Com'n*, 130 S. Ct. 876 (2010); *Davis v. Federal Election Com'n*, 128 S.Ct 2759 (2008)); fundraising (*Austin v. Michigan Chamber of Commerce*, 494 U.S. 652, 669 (1990) (Independent expenditures constitute expression "at the core of our electoral process and of the First Amendment freedoms."); *Brown v. U.S. Civil Service Commission*, 553 F.2d 531, 534 (7th

1

Cir. 1977) ("political campaigning and management . . . (are) activities themselves protected by the First Amendment."); and political affiliation (*Buckley v. Valeo,* 424 U.S. 1, 15 (1976) (the First Amendment protects political association as well as political expression); *Ratajack v. Board of Fire and Police Com'rs of City of Calumet City*, 729 F.Supp 603, 608 (N.D. Ill. 1990) (Employment dismissal based on political reasons)).

This prosecution violates fundamental free speech. The marketplace of ideas is critical to democracy – "Only an emergency justifies repression." *Whitney v. California*, 274 U.S. 357 (1927). Where there is an "arbitrary and unreasonable" use of police power, it violates freedom of expression. *Gitlow v. New York,* 268 U.S. 652 (1925). *See also Brandenburg v. Ohio,* 395 U.S. 444 (1969) (where there was no incitement to imminent disorder, or indeed any evidence of an intent to produce such imminent disorder, the fact that the words might have a tendency to lead to violence was inadequate to meet the requirements of the modern clear and present danger test.") The First Amendment also protects political association and political expression. *Buckley v. Valeo*, 424 U.S. 1, 15, 52 (1976) ("The candidate, no less than any other person, has a First Amendment right to engage in the discussion of public issues and vigorously and tirelessly to advocate his own election and the election of other candidates.)

Blagojevich was engaged in his First Amendment right to freedom of political expression and speech. He never formed the intent to commit a criminal act – Blagojevich had the right to vigorously debate about different options for appointments and different fundraising strategies and sources. *See Davis v. Federal Election Com'n*, 128 S.Ct. 2759, 2771 (2008) (discusses free speech in the context of a campaign financing challenge). The government contends publicly and in its filings that the political speech in this case amounted to criminality – or at least the antecedent to criminality (the charged conduct was described as "stopping a crime spree" at the

government's press conference). This is a prior restraint on the free speech rights of Rod Blagojevich. The government must meet a heavy burden of justification for the use of a prior restraint on speech. *New York Times Co. v. United States (The Pentagon Papers Case),* 403 U.S. 713 (1971) (where the Court invalidated a lower court restraint on publication citing the failure of the government to meet the heavy burden of justification.) *See also Greer v. Spock,* 424 U.S. 828, 843 (1976) ("our decisions properly emphasize that any significant restriction of First Amendment freedoms carries a heavy burden of justification.")

The Supreme Court has noted that "in the world of debate about public affairs, many things done with motives that are less than admirable are protected by the First Amendment." *Hustler Magazine v. Falwell*, 485 U.S. 46, 53 (1988). Albeit in a different context, the Court's words from the well-known *Hustler Magazine v. Falwell* case ring true in this case as well. The First Amendment exists to protect the underlying speech at issue in this case. This is true even if the government does not agree with certain opinions of, or questions asked by, Blagojevich. His political expression and speech does not give rise to the criminal charges.

The Supreme Court recently discussed First Amendment protections in the political sphere in *Citizens United v. Federal Election Com'n*, 130 S.Ct. 876, 891, 898 (2010). The Court ruled that:

> First Amendment standards, . . . must give the benefit of any doubt to protecting rather than stifling speech.
> \* \* \*
> The First Amendment does not permit laws that force speakers to retain a campaign finance attorney, conduct demographic marketing research, or seek declaratory rulings before discussing the most salient political issues of our day. Prolix laws chill speech for the same reason that vague laws chill speech: People of common intelligence must necessarily guess at the law's meaning and differ as to its application.
> \* \* \*
> If the First Amendment has any force, it prohibits Congress from fining or

jailing citizens, or associations of citizens, for simply engaging in political speech.

In *Citizens United*, the Supreme Court acknowledged the absolute right of free political speech and employed the strict scrutiny standard of review – "political speech must prevail against laws that would suppress it, whether by design or inadvertence. Laws that burden political speech are subject to strict scrutiny." 130 S. Ct. at 898.

The government's theory in this case criminalizes the political process. This prosecution is an improper restraint on the defendant's First Amendment rights.

WHEREFORE, Defendant Rod Blagojevich prays that this Court dismiss this cause in the interest of justice, and in conformity with the protections afforded to the defendant by the First Amendment of the United States constitution.

Respectfully Submitted,

/s/ Sam Adam
Counsel for Rod Blagojevich

**Counsel for Rod Blagojevich**
SHELDON SOROSKY
SAM ADAM
MICHAEL GILLESPIE
SAMUEL E. ADAM
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950