IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| ROD BLAGOJEVICH | ) | Judge James B. Zagel |
| | ) | |

DEFENDANT ROD BLAGOJEVICH'S
MOTION TO DISMISS COUNT 24 (FALSE STATEMENTS)

Now Comes Defendant Rod Blagojevich, by and through his attorneys, and hereby moves this Court to dismiss Count 24 of the indictment for the reasons contained herein. In support thereof, Defendant states the following:

Defendant Rod Blagojevich is charged in Count 24 of the second superseding indictment with violating 18 U.S.C. §1001(a)(2), alleging that on March 16, 2005, Blagojevich made the following allegedly false statements to the FBI:

Since the time he became governor,

　i.　Rod Blagojevich has tried to maintain a firewall between politics and government; and

　ii.　Rod Blagojevich does not track, or want to know, who contributes or how much they are contributing to him.

It is worth noting that in the prior indictment, the allegation of false statements averred that Blagojevich stated that he "*maintains* a *separation or* firewall between politics and *state business*." (Count 19 of prior indictment) (emphasis added).

1

### I. Count 24 should be dismissed because if fails to state an offense.

The allegations are vague, offer alleged statements in the alternative, and contain words with multiple possible meanings and/or definitions. Moreover, even as alleged, the statements are not false.

Defendant Rod Blagojevich has the constitutional right to be informed of the nature and cause of the accusations against him. U.S. Const. Amend. VI. It is well settled that a defendant must have full notice of the facts that comprise the charges in an indictment. *See, United States v. Simmons*, 96 U.S. 360, 362 (1877) ("fundamental in the law of criminal procedure [is] that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offence. An indictment not so framed is defective, although it may follow the language of the statute."); *United States v. Keller*, 730 F. Supp. 151 (N.D. Ill. 1990), citing to *United States v. Gironda,* 758 F.2d 1201, 1209 (7th Cir. 1985) ("A sufficient indictment should state all the elements of the offense, inform the defendant of the charges so he or she may prepare a defense, and enable the defendant to plead the judgment as a bar to a later prosecution.")

The indictment in this case alleges knowing falsity in the words "tried to," "firewall," and "track." These words are subject to multiple interpretations and definitions. An indictment must "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974), *citing United States v. Carll,* 105 U.S. 611, 612 (1882).

Even reading the indictment liberally, the terms "tried to," "firewall," and "track" are too vague to sustain this count in the indictment. The terms are "not superfluous to the indictment," but rather are the bases of the false statements charges. *United States v. Gatewood,* 173 F. 3d

983, 987 (6th Cir. 1999). In *Gatewood,* the Court of Appeals further noted that the "questioner's acuity" not a federal prosecution should be sufficient to remedy even an unresponsive or evasive answer. *Gatewood,* 173 F.3d at 987, citing *Bronston v. United States,* 409 U.S. 352, 362 (1973). The government interviewed Blagojevich again on October 20, 2006 and did not attempt to clarify its questions from March, and did not ask about what Blagojevich meant by certain words or phrases (like "tried to," "firewall," and "track").

Further, the statements and their context must be evaluated at the time it was given – March 16, 2005. Any intent as required by the statute must have been present at the time the statement was made. The government's own theory as disclosed in a prior filing concedes these statements are literally true and forecloses its ability to prove these charges beyond a reasonable doubt. In its "Motion *In Limine* Regarding Evidence Concerning Investigation and Prosecution of Co-Conspirators" (at pages 3-4), the government asserted that Blagojevich had help with fundraising prior to federal investigations of Chris Kelly and Tony Rezko, but that after their arrests, Blagojevich had to resort to relying on himself and others. According to the government's own theory, the structure of Blagojevich's fundraising changed drastically between 2002 and 2008.

The government will be unable to rebut the reasonable explanation for the statements in the indictment. *See United States v. Gahagan*, 881 F.2d 1380, 1383 (6th Cir. 1989) where the Court of Appeals ruled "[i]t is incumbent upon the Government to negative any reasonable interpretation that would make the defendant's statement factually correct." The government cannot do so in good faith or establish this charge beyond a reasonable doubt. Dismissal of Count 24 is warranted.

Additionally, the second alleged false statement ("Rod Blagojevich does not track, or

3

want to know, who contributes or how much they are contributing to him.") is a compound sentence containing multiple assertions in the alternative. This is insufficient to provide adequate notice of what is charged. *See, United States v. Donovan*, 339 F.2d 404, 408 (7th Cir. 1964) ("It is clear that an indictment which charges the accused, in the disjunctive, with being guilty of one or of another of several offenses, is destitute of the necessary certainty, and is wholly insufficient. It does not give the accused definite notice of the offense charged, and thus enable him to defend himself.")

The problems with Count 24 are exacerbated by the fact that there is no transcript of what exactly was said by Blagojevich. The government could have cured this problem when it conducted a transcribed interview on October 20, 2006. Follow up questions or questions about the meanings of these words could have been posed. In fact, the government doesn't seem to know exactly what was said (evinced by the change in language in the indictments) nor what was meant by the words. Under such questionable circumstances, criminal intent cannot be proven beyond a reasonable doubt. The wording in the second superseding indictment made the words even more vague and difficult to define. The allegation changed from the statement "maintains a separation or firewall between politics and state business" to "*has tried* to maintain a firewall between politics and government." Without knowing verbatim what was said, this prosecution is improper and fundamentally flawed. The defendant should not be in jeopardy under such a vague charge when the government had the opportunity to question further and clarify in a subsequent transcribed interview.

## II. The government cannot establish the elements under the statute beyond a reasonable doubt.

The false statement statute criminalizes one who (1) makes a statement that (2) was false, (3) was material, (4) was made knowingly and willingly, and (5) was made in a matter within the jurisdiction of any department or agency of the United States. 18 USC 1001(a)(2); *United States v. Brantley*, 786 F.2d 1322, 1326 (7th Cir. 1986), citing to *United States v. Petullo* 709 F. 2d 1178, 1180 (7th Cir. 1983).

### 1. The statements in this case were not false. Elements one (1), two (2) and four (4) cannot be proven beyond a reasonable doubt by the government.

The element of "knowingly" modifies "making of a false statement", thus the government must prove that the accused knew the statement was false when it was made. *United States v. Yermian*, 468 US 63 (1984). Blagojevich was told he was a non-target of the investigation. He made numerous other statements with specific information. When taken in context, it is clear that the statements were not falsely made. A finding cannot be made, beyond a reasonable doubt, that Blagojevich knew these statements were false and material at the time they were made.

It is worth noting that the second superseding indictment charged Blagojevich with these alleged false statements approximately one (1) month prior to the expiration of the statute of limitations (five years)[1]. 18 U.S.C. § 3282. While the statute of limitations does not bar this prosecution, the purpose of the statute of limitations supports dismissal of this charge. The statute limits prosecution after five years and "is designed to protect individuals from having to defend themselves against charges when basic facts have become obscured by passage of time

---

[1] The alleged statements stem from a March 16, 2005 interview. The second superseding indictment is dated February 4, 2010.

and to minimize danger of official punishment because of facts in far-distant past. . ." *Toussie v. United States,* 397 US 112, (1970) (sup'd by statute as stated in *United States v. Kerley* 838 F2d 932 (7th Cir. 1988)).

The allegedly false statements are related to Blagojevich's fundraising in a politically tumultuous environment. Blagojevich's approach to fundraising and governance on March 16, 2005, under the government's own theory, changed based on various circumstances. To go back in time, five years, to defend against these charges (based on non-transcribed, vague statements which would have been easily clarified in the government's subsequent transcribed interview) is what the statute of limitations intends to protect against. Prosecution of these charges is fundamentally unfair and contrary to the spirit and purpose of the statute of limitations.

Moreover, the alleged statements in this case are fundamentally ambiguous. See *United States v. Jamal*, 246 Fed. Appx. 351 (6th Cir. 2007) (A fundamental ambiguity "is not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony.") It is fundamentally unfair and improper to subject Blagojevich to criminal liability based upon the government (or potentially the jury's) definition of the words "firewall," "tried to," and "track" when it is Blagojevich's own intent and definitions (at the time the statements were made) that controls.

Aside from the ambiguity in the charged statements, the statements are literally true and factually correct. "A prosecution for a false statement cannot be based on an ambiguous question where the response *may* be literally and factually correct. . . An indictment premised on a statement which on its face is not false cannot survive." *United States v. Moses*, 94 F.3d 182 (5th Cir. 1996) ("Because Moses' response was not false on its face, the evidence was

6

insufficient to support the conviction."); *United States v. Vesaas,* 586 F.2d 101, 104 (8th Cir. 1978); *United States v. Gahagan,* 881 F.2d 1380, 1383 (6th Cir. 1989).

Literally true statements as well as merely misleading statements have been found to be insufficient—a statement subject to more than one interpretation places a burden on the government to refute the meaning attributed by the defendant. It is incumbent upon the government to prove the actual falsity of the statements. *United States v. Hixon,* 987 F.2d 1261 (6th Cir. 1993). The government cannot do so in this case.

**2. The statements were not material.**

Materiality is an essential element, and must be proven beyond a reasonable doubt. *United States v. Gaudin*, 515 U.S. 506 (1995). The inquiry is whether the false statement has a tendency to influence or is capable of influencing a federal agency. *United States v. Brantley*, 789 F.2d 1322, 1326 (7th Cir. 1986). However, the ability of the statement to influence is not to be viewed in a vacuum. *See*, *United States v. Keller*, 730 F. Supp. 151, 159 (N.D. Ill. 1990) ("The alleged statements of Keller should be viewed in the 'particular context' in which they were obtained.") The Court in *Keller* further ruled that the "key is whether the false statements were calculated to induce agency reliance or action." *United States v. Keller*, 730 F.Supp. at 159.

The FBI 302 which contains the alleged statements establish that the statements were not material (i.e., not capable of influencing the FBI). Aside from the alleged statements that the government contends were falsely made, the FBI report avers that Blagojevich also made several other statements on the same or similar subject matter. When considered in context, the allegedly false statements are a small part of what was allegedly said by Blagojevich. Taken in total, the allegedly false statements would have had no potential to impact the FBI's investigation (not to mention that Blagojevich was told he was a non-target at the time of the

interview). The FBI 302 avers that Blagojevich told the agents a significant amount of detailed information about fundraising policies and fundraising conducted by Chris Kelly, Tony Rezko and others. For some examples, see, FBI 302 at pages 4, 4, 10, 11; BGR0001_00626, 00627, 00632, 00633.

Based on all of the additional information given by Blagojevich regarding fundraising and his administration, the two statements charged in Count 24, when taken in context, were not capable of influencing the FBI.

The statute requires proof beyond a reasonable doubt that the defendant (1) made a statement that (2) was false, (3) was material, (4) was made knowingly and willingly, and (5) was made in a matter within the jurisdiction of any department or agency of the United States. 18 USC 1001(a)(2). The government cannot do so. The statements are vague, they are subject to multiple interpretations, and they are literally true. Count 24 should be dismissed.

WHEREFORE, Defendant Rod Blagojevich prays that this Court dismiss Count 24 of the indictment.

Respectfully Submitted,

/s/ Sam Adam
Counsel for Rod Blagojevich

**Counsel for Rod Blagojevich**
SHELDON SOROSKY
SAM ADAM
MICHAEL GILLESPIE
SAMUEL E. ADAM
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950