IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| | ) | Judge James B. Zagel |
| ROD BLAGOJEVICH | ) | |

DEFENDANT ROD BLAGOJEVICH'S
*RENEWED* MOTION TO CONTINUE IN LIGHT OF THE
SUPREME COURT'S OPINION ON HONEST SERVICES

    Now Comes Defendant Rod Blagojevich, by and through his counsel and hereby renews his request to continue this cause in light of the Supreme Court's opinion on Honest Services. In support of said motion, defendant states the following:

    Before the start of trial testimony today, June 24, 2010, Defendant filed a Motion to Continue In Light of the Supreme Court's Opinion on Honest Services. Literally, moments before appearing before the Court at 9:30 a.m., the Supreme Court issued its rulings online. Defense counsel had not even had the opportunity to print out the cases and read them before the start of court.

    Indeed, the court indicated that it was in possession of the opinion in *Skilling* but had not yet had the opportunity to review the entire opinion. The court indicated that based on a preliminary review, it didn't look like the *Skilling* case would provide much relief to the defendant.

    Defense counsel strenuously objects to the continued testimony of John Harris. At the time of this filing, Harris, the former chief of staff for the Defendant is engaged in direct examination by the government at which he continues to testify to honest services allegations.

    Specifically, the government published for the jury the wiretap phone call alleged in Count 5 of the indictment (based on honest services) charged as a violation of 18 USC 1343 and 1346.

    The Supreme Court issued, just moments before testimony began, an over-100-page opinion which reversed Skilling's conviction and issued numerous rulings as follows: Ginsberg delivered the opinion of the Court, Part I of which was joined by Roberts, and Stevens, Scalia,

Kennedy, Thomas and Alito.  Part II of which was joined by Roberts and Scalia, Kennedy and Thomas, and Part III of which was joind by Roberts and Stevens, Breyer, Alito and Sotomayor.  Scalia filed an opinion concurring in part and concurring in the judgment, in which Thomas joined and Kennedy joined except as to Part III.  Alito filed an opinion concurring in part and concurring in the judgment.  Sotomayor filed an opinion concurring in part and dissenting in part, in which Stevens and Breyer joined.

From preliminary review, Defense counsel believes that this ruling of the Supreme Court has limited in scope the honest services statute.  This ruling, and the two other rulings in *United States v. Black* and *United States v. Weyhrauch*, directly impact this case and the testimony of John Harris.

The court has ruled that the 'facts are what the facts are' and has indicated that the defense does not make a proper distinction between the facts and the law.  Respectfully, the court is erroneous in this ruling.

The allegations – and facts that stem from – Count Five (5) of the indictment, for example, are only relevant and only properly brought in front of the jury if Count 5 is properly charged under the Supreme Court's new ruling on honest services.  The facts that are properly raised to the jury are only facts that the court deems relevant to the charges in the indictment.  (The court's own ruling on a defense objection supports this.  The Court sustained a government objection to a defense question on cross-examination stating, "there are a discrete set of charges against your client.  Some things you bring up are not charges and are not relevant.")  If the counts alleging deprivation of honest services are dismissed, the current testimony is not relevant.

The Defendant is prejudiced by the denial of the motion to continue.  The defense is put in the position of simultaneously preparing for cross-examination of Harris (a week-long witness on direct) while at the same time ascertaining whether indictment counts to which Harris testifies are constitutional based on today's ruling by the Supreme Court.  Moreover, trial continues at this point without proper notice to the Defendant (and in violation of his right of due process) as to what he is charged with in the indictment.

If the government was prosecuting this case in good faith and in accord with the duties proscribed by the rules of professional responsibility, it would agree that testimony should be halted until the parties can digest the Supreme Court's rulings and file any necessary motions.  Indeed, the government's continued elicitation of testimony from Harris – presumably, before the trial prosecutors have had a chance to determine if any counts of the indictment should be dismissed – indicates the prosecution's willingness to "win" this case, not to "do justice" as they are sworn to do.

The defense strenuously objects to the continued proceedings on this matter. The request for a brief continuance until Monday or Tuesday of next week (to stay the proceedings for one or two trial days, as the court does not hold trial on Fridays) is reasonable and should be granted. The defense believes it is an abuse of discretion for the court to deny this request.

**WHEREFORE**, defendant Rod Blagojevich respectfully requests this Honorable Court reconsider its prior denial of a short continuance and that the Court temporarily stay these proceedings and not resume testimony until Tuesday, June 29, 2010.

    Respectfully submitted,

    /s/ Sam Adam

**Sheldon Sorosky**
**Sam Adam**
**Michael Gillespie**
**Samuel E. Adam**
**Aaron Goldstein**
**Lauren Kaeseberg**
**6133 S. Ellis**
**Chicago, IL 60637**
**(773) 752-6950**

Attorneys for Rod Blagojevich, Defendant