IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| ROD BLAGOJEVICH | ) | Judge James B. Zagel |
| | ) | |

DEFENDANT ROD BLAGOJEVICH'S
MOTION FOR MISTRIAL BASED UPON IMPROPER OBJECTIONS AND
RULINGS AND THE PREVENTION OF MEANINGFUL CROSS-EXAMINATION

Now Comes Defendant Rod Blagojevich, by and through his attorneys, and hereby moves this Court for a mistrial for the reasons contained herein. In support thereof, Defendant states the following:

Defense counsel continues to be prevented from engaging in meaningful cross-examination of witnesses by improper objections by the government and erroneous rulings of the court. The Defendant's rights to due process and effective assistance of counsel are systematically violated by the prevention of effective cross examination. Moreover, the court permits improper questions by the government to be introduced which irreversibly taints the jury. The defendant is not receiving a constitutionally fair trial.

On July 6, 2010, defense counsel objected to testimony elicited by the government through Supervisory Special Agent Patrick Murphy related to general statements allegedly made by Blagojevich in relation to the false statements (18 USC 1001) count. At sidebar, defense counsel objected and argued to the court that

the false statement charge is synonymous to perjury and cannot be a general recounting of what was said, but must be word for word.  The Court ruled in words to the effect of "You're better off with a general question; objection overruled."  The defendant, charged with making false statements to the FBI should not be prosecuted based on vague recollections.  This charge has no legal basis as presented by the government, and the testimony was prejudicial.  The defense's objection should have been sustained.

Additionally, numerous objections to defense counsel's questions on cross-examination were sustained by the Court without a basis being stated by the government.  Throughout the cross-examination of Special Agent Murphy, numerous questions were improperly objected to (and the objections sustained) which include[1]:

- The first opportunity you had to ask the Governor questions and clarify was March 16, 2005?
- Is it true to say that on March 16, 2005, you did not ask one question about Cari?
- One area of your questions was the Governor's understanding of politics, fundraising and state contracts, correct?
- Following up to Murphy's testimony on direct and cross that it was material that the Governor defined political and equated it to fundraising, the question "That was a material piece of information for you" was objected to and the objection sustained.
- Following up to the question, "When asked about awarding of state contracts for fundraising, you said Blagojevich claimed that from early on in his administration, he has tried to maintain a firewall between politics and government", the question was asked: "When you were there, did you show him one state contract that was connected to fundraising?"

---

[1] The trial testimony, questions and rulings by the court contained in this motion are not taken directly from official transcripts.  They are not verbatim.

- Did you ask him about a particular contract?
- Did anyone in the room ask about a particular contract?
- At that meeting, did you bring him any files to look at?
- Did anyone ask for any files from him?
- Did you ever ask him about a plane ride [re Cari allegation raised in direct]?

Each of those objections was sustained. The defense is being systematically prevented from effectively cross-examining. Moreover, the government does not provide a basis for its objections. For many of the sustained objections, defense counsel is not aware of the reason for the objection or the ruling.

During Kelly Glynn's testimony, the government asked the witness about fundraising meetings. On cross-examination, objections were sustained to questions to the effect of: "At those three or four meetings [regarding fundraising to which Glynn testified extensively], state contracts were not discussed at those meetings, were they?"

Witness Danielle Stilz testified regarding Government Exhibits 6,5, and 4 which were FOB Lists. When asked about the "follow up" column and "relationship managers," objections by the defense were overruled regarding foundation and 'specific' versus 'collective' recollections. The defense objected to the government's question, "Typically, if someone couldn't meet a goal, what would happen?" The Court ruled essentially, 'I think it's good she's not talking about specific events for which she can give a date. And I think that's okay partly because of her description of the process and partly because we have the assistance of the date on the printout.'

Additionally, defense counsel objected to the introduction of alleged conversations, meetings, phone calls, and documents from after March 16, 2005 (the date of the FBI interview which is the predicate for the False Statements count). The Court erroneously overruled this objection, stating essentially that the government's "evidence is that he was, for a very long period of time, eager to know what people gave and who gave it and he was at time upset or contemptuous of people who didn't give what he thought they should give or what they promised and those two character traits seem to be at odds."

The court's ruling seemingly conflates the alleged statement as testified to by Murphy (allegedly made by Blagojevich on March 16, 2005) and any other subsequent actions allegedly took. This testimony confuses the issue in front of the jury and is prejudicial insofar as the jury is to evaluate this count based only on the defendant's belief at the time the statement was made. What took place in May 2005 is legally irrelevant.

Questions on cross-examination of Stilz were improperly objected to and sustained. These questions included, regarding her involvement in fundraising meetings: "You never heard any conversations that because particular event holders raised certain dollars, they should get state contracts?" and "Were there any talks about fundraisers and getting state contracts at the meetings you were at?"

Defense counsel continues to be improperly objected to (and those objections sustained) when questions are appropriately within the scope of the direct examination. For example, Special Agent Murphy was asked, "One of the answers

you said was material was Rod defining politics as fundraising? . . .Was it material?" The court sustained the objection and ruled, "it's not really within the scope of the questions asked by the prosecutor." Later, after Murphy testified that he and other interviewers asked clarification questions at the interview, an objection was sustained as "way beyond the scope" to the question: "Is it fair to say, as far as you know, Blagojevich gave a second interview to the FBI, didn't he?" This question went directly to the ability of the FBI to clarify and was not outside the scope.

Defendant Rod Blagojevich seeks a fair trial. This motion is made in a good faith effort to preserve the defendant's constitutional rights. The current rhythm of trial with what seems like perpetual general objections by the government which are sustained by the court and stymie any chance at meaningful cross-examination does not provide the groundwork for the fair trial to which Blagojevich is entitled.

WHEREFORE, Defendant Rod Blagojevich prays that this Court grant a mistrial.

Respectfully Submitted,
/s/ Sam Adam
Counsel for Rod Blagojevich

Counsel for Rod Blagojevich
SHELDON SOROSKY
SAM ADAM
MICHAEL GILLESPIE
SAMUEL E. ADAM
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950