IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS---EASTERN DIVISION

UNITED STATES OF AMERICA,

VS                                              08 CR 888

HONORABLE JAMES B. ZAGEL

ROD BLAGOJEVICH

## SECOND AND MORE SPECIFIC NOTICE TO THE COURT AND GOVERNMENT OF AFFIRMATIVE DEFENSES

Now comes Rod Blagojevich, defendant, by his counsels, and hereby notifies court and the government of the anticipated defenses to be presented to the jury. The defense to the charges will be: 1) lack of criminal intent; 2) reliance on the advice of others including attorneys; 3) reasonable doubt.

I.

The defendant will establish that he did not honestly and in good faith believe his acts and conduct, nor his intent were illegal. It is legally irrelevant whether a defendant's beliefs that he was not committing a crime was *objectively* reasonable or unreasonable. Cheek v United States (1991), 498 U.S. 192, 197, 111 S. Ct. 604, 608, 112 L.Ed.2d. 617. United States v Martin-Trigona (7 Cir., 1982), 684 F.2d. 485, 492 ("Mail fraud is a specific intent crime...the defendant is entitled to present evidence concerning his beliefs, motives, and intentions

regarding the various transactions and mailings in the alleged scheme to defraud. To the extent that [the defendant] sought to introduce evidence consistent with such good faith defense, the trial court erred in excluding it."); <u>United States v Benson</u> (7 Cir., 1991}, 941 F. 2d. 598, 613 ("A person who has a good faith belief that he is not violating the law does not act willfully.")

In addition to the above,

> "In the case of criminal laws that codify a society's basic moral prohibitions, which is to say prohibitions of things that are bad in themselves ('mala in se'), a finding of willfulness requires proof only that he knew that his act was illegal---that is assumed. In contrast in a case of laws that attach criminal punishment to conduct that not everyone knows is criminal ('mala prohibita'),...a finding of willfulness requires proving that the defendant deliberately but also he knew he was violating the law. E.G. *Ratslaf v United States,* 510 U.S. 135, 141, 144- 146, (1994); *Cheek v United States,* 498 U.S. at 199-200, 201-02. *United States v Benson,* 941 F. 2d. at 613...In some cases the willfulness requirement reverses the usual rubric that ignorance of the law is no defense." United States v Urfer (7 Cir., 2002), 287 F. 3d. 663, 666. (Posner, J.)

II.

In order to establish the defendant's lack of criminal intent, and lack of knowledge that his acts *may* have unwittingly been criminal, the defendant will present the following evidence:

1) his own testimony;[1] and 2) the testimony of persons who gave him advice including but not limited to attorneys from whom he received advice. In footnote # 10 in Ratzlaf v United States (1994), 510 U.S. 135, 142, the Court commented, " ' [S]pecific intent to commit the crime[s]'...might be negated by, e.g. proof the defendant relied in good faith on advice of counsel. See *United States v Eisenstein, 731 F.2d. 1540, 1544 (CA 11 1984)*."

On the issue of the defendant's reliance on the advice of counsel regarding his performance and nonperformance of his acts, the defense is fully cognizant of the requirement of establishing the following elements:

> " (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report." United States v Al-Shahin (7 Cir., 2007, 474 F. 3d. 941, 947. United States v Cheek (7 Cir., 1993), 3 F. 3d. 1057, 1061.

Thus, the defendant will confine this portion of his defense to the dictates of United States v Roti (7 Cir., 2007), 484 F. 3d. 934 ("...a lawyer's fully informed opinion that certain conduct is lawful (followed by conduct strictly in compliance with that opinion) can negate the mental state required for some crimes including fraud.")

---

[1] The defendant Rod Blagojevich is himself a lawyer. He is fully aware of his right *not* to testify at this trial. He has discussed his right to testify and his right *not* to testify with his defense counsel. The defendant's signature on the instant document may be regarded by the court as defendant's waiver of his right *not* to testify at this trial

In addition, the defendant will produce evidence that his attorneys "advised him to act in a particular way" United States v Van Allen (7 Cir., 2008), 524 F. 3d. 814, 823, and that he did act in precisely that manner only after giving "complete and accurate information to the attorneys of all material facts known to the defendant." Liss v United States (7 Cir., 1990), 915 F. 2d. 287, 291.

The defendant will also establish that at no time after receiving advice of counsel referred to above did Rod Blagojevich, prior to December 09, 2008, "discover that the advice [was] wrong, or discover a reason to doubt the advice he received." United States v Benson (7 Cir., 1991), 941 F. 2d. 598, 614.

Advice the defendant received offered to prove its effect upon the defendant's mind and to explain his subsequent actions is not excluded by the hearsay rule. United States v Moran (9 Cir., 2007), 493 F. 3d. 1002, 1013.

At the conclusion of the evidence the defendant will request that the court give the Federal Jury Practice and Instructions, Section 19.08, **Action on the advice of counsel,** or a similar one.

### III.

The government has proffered objections to the defendant's announced intentions to play recordings in court to buttress his defense as outlined above on the grounds of "hearsay." The government's objections are in error. The recordings, as with other advice given to the defendant and commented thereon by the defendant, are not hearsay for at least three

reasons: 1) statements made by the defendant-declarant are not hearsay;[2] 2) the recordings are not offered for the truth of the matter asserted, but to show the intent of and their effect upon the defendant, i.e. the defendant's state of mind, and to explain why the defendant took the subsequent actions he did take; 3) the defendant has predicated his defense on the recordings, based in part, on pretrial proceedings. In this regard, the defendant waived in writing prior to trial the opportunity to move to suppress the recordings citing his position that the recordings exonerate him. In addition, the defense deliberately refrained from cross-examining government witness John Harris about any of the recordings and Harris' interpretation of them played by the government during Harris' six days of direct examination in order to eliminate any government objection as "cumulative" when the defendant is played the same recordings and is asked about them. In pretrial proceedings on March 17, 2010, (and at other times) the court has consistently indicated that when the defendant testifies the recordings will be admissible:

> *"...the Giles case [United States v Giles (7 Cir., 2001), 246 F. 3d. 966, 974] involved a situation in which the defendant testifies, can be confronted by the government, and can be confronted by the government with respect to anything he said in previous re-cordings. And if a decision is taken by the defendant in this case*

---

[2] Federal Rule of Evidence 803(3). The defendant does not object to the court instructing the jury—in fact he urges it--- when the recordings are played that the recordings are not being offered for the truth of the matter asserted therein, but to show the defendant's state of mind and his subsequent actions.

5

*---a decision in which it is premature for him to make at this stage to take the witness stand---there are probably materials in the tapes containing his statements you might want to play, and under appropriate circumstances I'm not going to stop you...Actually the way to put them on would be usually to put them on while he is on the witness stand...if he testifies to Fact X is why I'm innocent and corroborating my testimony on a Fact X is what I said to Joe Smith on day one, he may very will be entitled to do this, and I'd say the odds are he would be entitled to do it unless there is some other underlying objection."*

_____

_____
Defendant

**Sheldon Sorosky**
**Sam Adam**
**Samuel E. Adam**
**Aaron Goldstein**
**Michael Gillespie**

**Attorneys for Rod Blagojevich**

6