IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| ROD BLAGOJEVICH | ) | Judge James B. Zagel |
| | ) | |

DEFENDANT ROD BLAGOJEVICH'S
MOTION TO CONTINUE THE TRIAL FOR ONE WEEK UPON
THE CLOSE OF THE GOVERNMENT'S CASE-IN-CHIEF

Now Comes Defendant Rod Blagojevich, by and through his attorneys, and hereby moves to continue this trial for one week at the close of the government's case for the reasons contained herein. In support thereof, Defendant states the following:

At all times since the early stages of pre-trial litigation in this case, the government asserted to the defense and the court that the government's case would last approximately three to four *months*. The government now indicates it will rest its case after just six *weeks*. This is at a minimum, five to six weeks *early*.

The defense and the court relied – and acted in reliance – on the government's assertions. The defense will be materially prejudiced if held to present its case in chief without the opportunity to prepare and secure witnesses.

The court relied on the government's assertions in selecting the jury, indicating to potential jurors that the trial would last approximately fifteen (15) to seventeen (17) weeks. Excusals for cause and hardship were based on the long time

1

frame. Defense counsel objected to the hardship excusal procedure and to the actual excusal of these jurors. The defense also objected to the excusal of jurors for cause during the stage of selection where defense counsel was present. Many of these jurors were improperly excused based on the government's assertion.

The defense has also relied on the representations made by the government. Pre-trial, when defense counsel issued subpoenas for witnesses, counsel indicated to attorneys for these witnesses that the prosecution had indicated its case would last approximately 3 to 4 months. Potential defense witnesses were told that they would be called, if needed, no earlier than late August or sometime after August.

When the government asserted it would rest early, defense counsel began attempts to secure witnesses[1]. Defense witnesses include prominent public officials including national office holders, and other individuals with extraordinary scheduling issues. Additionally, it must be noted that all of these witnesses are themselves represented by counsel. Defense counsel must communicate through the witnesses' counsel. Some of the attorneys for the witnesses are unreachable, they have gone out of town, or are engaged in trial.

Also worth noting is that the U.S. Marshalls office is providing security and detail during this trial. U.S. Marshalls have indicated to members of defense counsel that there is advance coordination and scheduling that needs to occur on their part in relation to some of the more high-profile witnesses the defense intends to call. This will likely include coordination with the Secret Service.

---

[1] In the event the court requests the defense to submit detailed information about the hard-to-reach witnesses and their expected testimony, counsel requests that such offers of proof be made *in camera, ex parte*.

Blagojevich has the right to call witnesses in his defense and to present his defense to the jury. At the very least, counsel needs one week to harness all resources and attempt to ensure that witnesses are scheduled appropriately, and that all preparation is done thoroughly and expeditiously. The defense did not anticipate the early start of the defense case-in-chief. Defense counsel makes this request in good faith and it is not for the purpose of delay. To deny this request would be unfair, unreasonable and a denial of Sixth Amendment guarantees.

Defendant and counsel understand the enormous burden and inconvenience that jury service has on each of the individuals serving on this jury. Defendant and counsel are sympathetic to the burden on these jurors and have great appreciation for the service of the individuals on the jury. Defense counsel notes that the jury appears to be fully engaged in this trial, paying attention and taking notes on a daily basis.

At the same time, Blagojevich is fighting for his very life and liberty. To be unexpectedly placed in the position of presenting a defense case over 6 weeks early – without the opportunity to prepare and call witnesses – would be unduly unfair, burdensome and contrary to the defendant's constitutional rights.

By any legal standard, a short continuance in this matter is appropriate and should be granted. See *J.E. Hanger, Inc. v. United States*, 160 F.2d 8 (1947), where the government rested its case over a week earlier than had been expected, and a defense motion for a two day continuance to bring its witnesses to court was denied. The D.C. Court of Appeals reversed the conviction, holding the denial an abuse of

discretion: "In this case it seems clear that there was an abuse of discretion and that it was prejudicial error to deny the brief continuance sought when the appellants [defendants] were taken by surprise at the sudden termination of the government's evidence." *Id.*, at 9. See also, *United States v. Santos*, 201 F.3d 953, 958 (7th Cir. 2000), where the Seventh Circuit, in an opinion authored by Justice Posner reversed the defendant's conviction for abuse of discretion in denying a continuance in violation of the Sixth Amendment. Posner wrote, "[t]he Sixth Amendment entitles a federal criminal defendant to the assistance of counsel. The government concedes as it must in light of the cases that this entitlement is infringed by the arbitrary denial of a continuance when the effect is to deny the defendant the lawyer of his choice." *Santos*, 201 F.3d at 958. In the instant case, the right to effective assistance of counsel, and to present a defense and call witnesses is just as salient a right as that in *Santos.*

The Seventh Circuit recently enumerated the factors which a court should consider in the request for a stay or continuance[2]. *United States v. Isaacs*, 593 F.3d 517, 525(7th Cir. 2010), *citing United States v. Farr*, 297 F.3d at 655. These factors compel a continuance in the instant case. The factors are: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the

---

[2] This case specifically dealt with a pre-trial continuance. However, the same factors should be considered in the instant request.

4

likelihood a continuance would satisfy the movant's needs; and (7) the inconvenience and burden to the court and its pending caseload.

Taking these factors in turn, this request for continuance should be granted:

(1) The amount of time available for preparation

    a. In the months leading up to this trial, the defense was faced with an enormous amount of discovery – over 9,000,000 pages of documents, including over 1,000,000 emails, over 300 hours of wiretaps (many of which had to be heard numerous times due to poor quality). Just prior to the start of trial, in March 2010, the defense received approximately 20,000 pages of additional discovery in the form of FBI 302s and grand jury statements. In the days prior to trial, and throughout trial, the defense has been tendered additional discovery.

    b. Defense counsel has been actively engaged in trial every day, Monday through Thursday since June 3, 2010, and has worked diligently in the evenings and every weekend to prepare cross-examinations and other evidentiary and litigation issues since trial began.

    c. The defense has relied on the government's indications of a 3 to 4 month case in chief and is not prepared to begin the case immediately.

    d. Witnesses need to be arranged and scheduled, and time is needed to do this. As discussed *supra,* the witnesses are represented by counsel and were informed that they would not be called until after August, based on the government's assertion its case would run a minimum of three

months. Defense counsel has begun actively attempting to contact and arrange for witnesses. Many are sitting public officials or other individuals with unique scheduling considerations. Time is needed to make these arrangements.

(2) The likelihood of prejudice from denial

    a. The defendant will be prejudiced by the denial of a continuance. Potential defense witnesses were told (based on the government's assertions) that witnesses would likely not be called in defense until after August.

    b. The defense was "taken by surprise at the sudden termination of the government's evidence." *J.E. Hanger*, supra, at 9. The defendant's rights to call witnesses in his defense, to a fair trial and to effective assistance of counsel surely outweigh any scheduling issues.

    c. The one-week continuance is reasonable. It will provide defense counsel the opportunity to attempt to contact and schedule every witness counsel intends to call in defense.

    d. This consideration is heightened in this case where the court has indicated on the record that it is relatively certain that the defense will put on a case (should the government's case survive a directed verdict motion) and the defendant himself will testify. This has been known by the court and the prosecution since before the start of trial. For the prosecution to rest early without giving proper indications at the start

of trial, or when the prosecutors started editing their witness list, puts the defendant in a highly prejudiced position. One week to prepare the defense case is a reasonable request.

(3) The defendant's role in shortening the effective preparation time

    a. Defendant and counsel have been diligent in preparing for trial. The massive amounts of documents and recordings have been reviewed and each witness cross-examined.

    b. The government's assurances to this court were that its case would run three to four months. In relying on that information, it cannot be construed in *any way* that the defendant has a role in shortening of effective preparation time.

(4) The degree of complexity of the case

    a. This is a complex twenty-four (24) count, one-hundred and twelve (112) page indictment alleging an conspiracy beginning in 2002. The indictment realleges and incorporates Count 1 into thirteen other counts; Count 3 is realleged and incorporated into eleven other counts. The indictment is lengthy and complex.

    b. The complexity of the facts of this case has been compounded by legal issues and questions based on the honest services charges in this case (which the defense contends should be dismissed based on the recent U.S. Supreme Court case, *United States v. Skilling*).

7

    c. There can be no doubt of the complexity of this case – and the complexity of the defense case in chief.

(5) The availability of discovery from the prosecution

    a. Under the circumstances of the instant case, where defendant is seeking a continuance at the close of the government's case, this factor goes directly to the government's affirmative assertions that its case would run three to four months.

    b. The defense and the court acted in reliance on this assertion.

    c. The prosecution certainly had the ability to notify counsel and the court prior to the start of trial when it began editing down its witness list. The prosecution is not faced with witnesses it cannot locate or call to testify – the witnesses available before the trial are still available.

    d. This factor, like all the others, weighs in favor of a continuance.

(6) The likelihood a continuance would satisfy the movant's needs

    a. The defense seeks only a week-long, short continuance to attempt to prepare effectively for the defense case, which will begin over six weeks earlier than expected.

    b. Defense counsel assures this court that every member of the defense team has been actively engaged in this trial, and each member will continue to work diligently and deliberately to prepare the defense case.

(7) The inconvenience and burden to the court and its pending caseload

    a. The defense and the court have put aside at a minimum 15-17 weeks for this trial. This timeframe was based on the government's multiple assertions that it's case would run approximately four months.

    b. A one-week continuance to allow the defense to attempt to prepare its case should not overly burden the court, the government or the jury.

    c. While the defense understands the burden already placed upon the jury, and does not wish to extend the term of service of this jury any longer than necessary, the balancing of the hardships weighs in favor of the defendant's reasonable request for a one-week continuance under these circumstances.

Blagojevich's Sixth Amendment right to effective assistance of counsel includes preparation and thorough examination of witnesses, as well as a well-prepared defense. See *United States v. Santos, supra.* See also, *United States v. Cronic*, 466 U.S. 648 (1984). The Fifth Amendment guarantees Blagojevich the right to a fundamentally fair trial including "the right to be adequately advised of charges, *a reasonable opportunity to meet the charges by way of defense* or mitigation, representation by counsel, *and an adequate opportunity to call witnesses.*" *Ungar v. Sarafite*, 376 U.S. 575 (1964) (emphasis added).

Denial of a short, week-long continuance in this case will result in actual material prejudice. *United States v. Isaacs, supra.* Where there are "compelling reasons for granting a continuance", a district court abuses its discretion when it has a "myopic insistence upon expeditiousness in the face of a justifiable request for

9

delay." *United States v. Reynolds*, 189 F.3d 521, 527 (7th Cir. 1999), *United States v. Robbins*, 197 F.3d 829, 846 (7th Cir. 1999), quoting, *Ungar v. Sarafite*, 376 U.S. at 589. As the Supreme Court ruled, such "myopic insistence" "can render the right to defend with counsel an empty formality." *Ungar v. Sarafite*, 376 U.S. at 589, citing *Chandler v. Fretag*, 348 U.S. 3 (1954).

Presented with the circumstances of this case, it is reasonable to grant a short continuance. "[A] district court abuses its discretion 'only when we can say that the trial judge chose an option that was not within the range of permissible options *from which we would expect the trial judge to choose under the given circumstances.*'" *United States v. Isaacs*, 593 F.3d at 525 (emphasis added), citing *United States v. Depoister*, 116 F.3d 292, 294 (7th Cir. 1997) and *Thornton v. Barnes*, 890 F.2d 1380, 1385 (7th Cir. 1989).

Under these circumstances, where the government is resting its case in week six, at least six weeks early, a short continuance to allow the defense to attempt to prepare its case-in-chief is a reasonable request.

In order to preserve defendant Rod Blagojevich's rights to a fair trial, due process and effective assistance of counsel, counsel needs additional time to prepare for the defense case-in-chief.

WHEREFORE, Defendant Rod Blagojevich prays that this Court will continue trial testimony in this case for one week to enable the defense to arrange for witnesses and prepare its case in chief, which will begin more than six weeks earlier than anticipated.

>                              Respectfully Submitted,
>                              /s/ Sam Adam
>                              Counsel for Rod Blagojevich

**Counsel for Rod Blagojevich**
SHELDON SOROSKY
SAM ADAM
MICHAEL GILLESPIE
SAMUEL E. ADAM
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950