UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 888 |
| | ) | Hon. James B. Zagel |
| ROD BLAGOJEVICH, and | ) | |
| ROBERT BLAGOJEVICH | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
## AND VERDICT FORM

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD,

United States Attorney for the Northern District of Illinois, respectfully submits

the attached proposed jury instructions and verdict form.


Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney


By:     /s/ Debra Riggs Bonamici
REID SCHAR
CHRISTOPHER NIEWOEHNER
CARRIE HAMILTON
DEBRA RIGGS BONAMICI
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

# PRELIMINARY INSTRUCTIONS

# CONCERNING ALL COUNTS

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GOVERNMENT INSTRUCTION NO. 1

Seventh Circuit Committee (1999) 1.01

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

GOVERNMENT INSTRUCTION NO. 2

Seventh Circuit Committee (1999) 1.02

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's age;

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

[You should judge the defendants' testimony in the same way that you judge the testimony of any other witness.]


GOVERNMENT INSTRUCTION NO. 3

Seventh Circuit Committee (1999) 1.03

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

GOVERNMENT INSTRUCTION NO. 4

Seventh Circuit Committee (1999) 1.04

6

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is evidence that, if you believe it, directly proves a fact. Circumstantial evidence is evidence that, if you believe it, indirectly proves a fact. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

GOVERNMENT INSTRUCTION NO. 5

Seventh Circuit Committee (1999) 1.05 (modified)

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GOVERNMENT INSTRUCTION NO. 6

Seventh Circuit Committee (1999) 1.06

8

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

GOVERNMENT INSTRUCTION NO. 7

*United States v. Rezko*, (05 CR 691) (St. Eve, J.)
*United States v. Marzook, et al.*, (03 CR 978) (St. Eve, J.)

It is proper for an attorney to interview any witness in preparation for trial.

GOVERNMENT INSTRUCTION NO. 8

Seventh Circuit Committee (1999) 1.07

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

GOVERNMENT INSTRUCTION NO. 9

Seventh Circuit Committee (1999) 1.09

The indictment in this case is the formal method of accusing the defendants of an offense and placing them on trial. It is not evidence against the defendants and does not create any inference of guilt.

Defendant Rod Blagojevich is charged with: racketeering (Count 1), conspiracy to commit racketeering (Count 2), wire fraud (Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13), attempted extortion (Counts 14, 15, 19, and 22), conspiracy to commit extortion (Counts 17 and 21), bribery (Counts 16 and 20), conspiracy to commit bribery (Counts 18 and 23), and making false statements to the government (Count 24).

Defendant Robert Blagojevich is charged with: wire fraud (Counts 4 and 13), conspiracy to commit extortion (Count 21), attempted extortion (Count 22), and conspiracy to commit bribery (Count 23).

The defendants have pleaded not guilty to each of the charges.

GOVERNMENT INSTRUCTION NO. 10 (modified)

Seventh Circuit Committee (1999) 2.01

12

The defendants are presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The United States has the burden of proving the guilt of each defendant beyond a reasonable doubt.

This burden of proof stays with the United States throughout the case. A defendant is never required to prove his innocence or to produce any witnesses or evidence at all.

GOVERNMENT INSTRUCTION NO. 11

Seventh Circuit Committee (1999) 2.03

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

GOVERNMENT INSTRUCTION NO. 12

Seventh Circuit Committee (1999) 3.01

You have heard evidence of acts of defendant Rod Blagojevich other than those with which he is charged in the indictment. You may consider this evidence only on the question of the [     ] of the defendant with respect to the offenses with which he is charged. You should consider this evidence only for this limited purpose.

GOVERNMENT INSTRUCTION NO. 13

Seventh Circuit Committee (1999) 3.04 (modified)

You have heard evidence that before the trial witnesses made statements that may be inconsistent with the witnesses' testimony here in court. If you find that they are inconsistent, you may consider the earlier statements only in deciding the truthfulness and accuracy of those witnesses' testimony in this trial. You may not use them as evidence of the truth of the matters contained in the prior statements. If, however, a prior statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

GOVERNMENT INSTRUCTION NO. 14

Seventh Circuit Committee (1999) 3.09 (modified)

A statement made by a defendant before trial that is inconsistent with the defendant's testimony here in court may be used by you as evidence of the truth of the matters contained in it, and also in deciding the truthfulness and accuracy of that defendant's testimony in this trial.

GOVERNMENT INSTRUCTION NO. 15

Seventh Circuit Committee (1999) 3.10

You have heard testimony from Joseph Aramanda, Rajinder Bedi, John Johnston, Gerald Krozel, Robert Williams, Michael Winter, and John Wyma, who received immunity; that is, a promise from the government that any testimony or other information they provided would not be used against them in a criminal case.

You may give the testimony of Joseph Aramanda, Rajinder Bedi, John Johnston, Gerald Krozel, Robert Williams, Michael Winter, and John Wyma such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

GOVERNMENT INSTRUCTION NO. 16

Seventh Circuit Committee (1999) 3.13 (modified)

You have heard testimony from Joseph Cari, John Harris and Alonzo Monk, who have pleaded guilty to offenses related to certain of the occurrences for which the defendants are now on trial. You have also heard testimony from Ali Ata, who has pleaded guilty to an offense unrelated to the occurrences for which the defendants are now on trial. Their guilty pleas are not to be considered as evidence against the defendants.

Ali Ata, Joseph Cari, John Harris and Alonzo Monk have also each received benefits from the government, including a promise by the government to recommend a reduced sentence in return for their truthful cooperation.

You may give the testimony of Ali Ata, Joseph Cari, John Harris and Alonzo Monk such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

GOVERNMENT INSTRUCTION NO. 17

Seventh Circuit Committee (1999) 3.13 (modified)

Certain summaries are in evidence. They truly and accurately summarize the contents of voluminous books, records or documents, and should be considered together with and in the same way as all other evidence in the case.

GOVERNMENT INSTRUCTION NO. 18

Seventh Circuit Committee (1999) 3.15

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

Portions of the recorded conversations have been redacted. You should not speculate regarding the information that has been redacted.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by government agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a computer. You are not required to play the recordings, in part or in whole. You may rely, instead, on your recollections of these recordings as you heard and saw them at trial. I am

also providing you with the copies of the transcripts that you had in court. You may, however, choose to listen to the audio recordings without the transcript.

GOVERNMENT INSTRUCTION NO. 19

Seventh Circuit Committee (1999) 3.17 (modified)

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to the dates alleged but is not required to prove that the alleged offenses happened on those exact dates.

GOVERNMENT INSTRUCTION NO. 20

Seventh Circuit Committee (1999) 4.04

Even though the defendants are being tried together, you must give each of them separate consideration. In doing this, you must analyze what the evidence shows about each defendant. Each defendant is entitled to have his case decided on the evidence and the law that applies to that defendant.

GOVERNMENT INSTRUCTION NO. 21

Seventh Circuit Committee (1999) 4.05 (modified)

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

You may infer knowledge from a combination of suspicion and indifference to the truth.  If you find that a person had a strong suspicion that things were not what they seemed or that someone had withheld some important facts, yet shut his eyes for fear of what he would learn, you may conclude that he acted knowingly, as I have used that word.  You may not conclude that the defendant had knowledge if he was merely negligent in not discovering the truth.

GOVERNMENT INSTRUCTION NO. 22

Seventh Circuit Committee (1999) 4.06

The government is not required to prove that the defendant knew that his acts were unlawful.

GOVERNMENT INSTRUCTION NO. 23

*United States v. Stockheimer*, 157 F.3d 1082, 1088 (7th Cir. 1998).
*United States v. Zehrbach*, 47 F.3d 1252, 1258-59 (3d Cir. 1995).

To "attempt" means that the defendant knowingly took a substantial step toward the commission of the offense with the intent to commit that offense.

GOVERNMENT INSTRUCTION NO. 24

Seventh Circuit Committee (1999) 4.07

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

GOVERNMENT INSTRUCTION NO. 25

Seventh Circuit Committee (1999) 5.05

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

If a defendant knowingly caused the acts or omissions of another, the defendant is responsible for those acts as though he personally committed them.

GOVERNMENT INSTRUCTION NO. 26

Seventh Circuit Committee (1999) 5.06

In the effort to detect violations of the law, the law allows the United States government to use various deceptive and disguised investigative techniques, including covert wiretaps. These are permissible and recognized means of criminal investigation.

Any opinions you may hold regarding the use of such investigative techniques to detect unlawful activities are not to enter into your deliberations in any way.

GOVERNMENT INSTRUCTION NO. 27

*United States v. Marzook, et al.*, (03 CR 978) (St. Eve, J.) (modified)
*United States v. Armstead*, 02 CR 895 (Pallmeyer, J.) (modified)
*United States v. Solis*, 97 CR 814 (Manning, J.) (modified)
*United States v. Gajo*, 98 CR 100 (Gottschall, J.) (modified)
*United States v. Meachum*, 97 CR 169 (Norgle, J.) (modified)
*United States v. Filskov*, 96 CR 381 (Manning, J.) (modified)
*United States v. Patterson*, 95 CR 242 (Gettleman, J.) (modified)
*United States v. Carlisi*, 92 CR 1064 (Plunkett, J.) (modified)
*United States v. Shields*, 90 CR 1044 (Rovner, J.) (modified)
*United States v. Infelise*, 90 CR 87 (Williams, J.) (modified)
*United States v. Belzer*, 743 F.2d 1213, 1218 (7th Cir. 1984)
*Lewis v. United States*, 385 U.S. 206, 208, 209 (1966)
*Caminetti v. United States*, 242 U.S. 470 (1917)
*See* Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, Criminal, at 556.

**INSTRUCTIONS REGARDING**

**COUNTS 1 AND 2**

**RACKETEERING AND RACKETEERING CONSPIRACY**

18 U.S.C. §§ 1962(c) and 1962(d)

In Count 1 of the indictment, defendant Rod Blagojevich is charged with conducting the affairs of an enterprise through a pattern of racketeering activity. In Count 2 of the indictment, defendant Rod Blagojevich is charged with conspiring to conduct the affairs of an enterprise through a pattern of racketeering activity. Title 18, United States Code, Section 1962 provides in pertinent part that:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

> (d) It shall be unlawful for any person to conspire to violate the provisions of subsection (c) of this section.

GOVERNMENT INSTRUCTION NO. 28

18 U.S.C. § 1962

To prove defendant Rod Blagojevich guilty of racketeering, as charged in Count 1, the government must prove the following propositions:

First, that defendant Rod Blagojevich, Christopher Kelly, Antoin Rezko, Alonzo Monk, the Office of the Governor of Illinois, and Friends of Blagojevich (referred to in the indictment collectively as the "Blagojevich Enterprise") were an enterprise;

Second, that the defendant was associated with the Blagojevich Enterprise;

Third, that the defendant knowingly conducted or participated in the conduct of the affairs of the Blagojevich Enterprise through a pattern of racketeering activity as described in Count 1; and

Fourth, that the activities of the Blagojevich Enterprise affected interstate commerce.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty of Count 1.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty of Count 1.

GOVERNMENT INSTRUCTION NO. 29

Seventh Circuit Committee (1999) 18 U.S.C. § 1962(c)

To prove defendant Rod Blagojevich guilty of racketeering conspiracy, as charged in Count 2, the government must prove the following propositions:

First, that defendant Rod Blagojevich knowingly conspired to conduct or participate in the affairs of the Blagojevich Enterprise through a pattern of racketeering activity as described in Count 2;

Second, that Rod Blagojevich, Christopher Kelly, Antoin Rezko, Alonzo Monk, the Office of the Governor of Illinois, and Friends of Blagojevich (referred to in the indictment collectively as the "Blagojevich Enterprise") were an enterprise;

Third, that the activities of the Blagojevich Enterprise would affect interstate commerce.

If you find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty of Count 2.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty of Count 2.

GOVERNMENT INSTRUCTION NO. 30

Seventh Circuit Committee (1999) 18 U.S.C. § 1962(d)

For purposes of Count 2, a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain a charge of conspiracy, the government must prove:

First, that the conspiracy as charged in Count 2 existed; and

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

A conspiracy may be established even if its purpose was not accomplished.

To establish the existence of the charged conspiracy and its common purpose or purposes, the government need not establish that there existed a formal agreement to conspire. The agreement may be inferred from all the circumstances and the conduct of all the alleged participants. The conspiracy may be proved by circumstantial evidence and reasonable inferences drawn from that evidence concerning the relationship of the parties and the totality of their conduct.

GOVERNMENT INSTRUCTION NO. 31

Seventh Circuit Committee (1999) 5.08 (modified)

*See* Seventh Circuit Committee (1999) 18 U.S.C. 1962(d) (Committee Comment)

The term "enterprise" can include a group of people and/or legal entities associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In considering whether a group is an "enterprise," you should consider whether it has an ongoing organization or structure, either formal or informal, and whether the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time.

The government must prove that the group described in the indictment was the "enterprise" charged, but need not prove each and every allegation in the indictment about the enterprise or the manner in which the enterprise operated. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

GOVERNMENT INSTRUCTION NO. 32

Seventh Circuit Committee (1999) 18 U.S.C. 1961(4) (modified)

To be associated with an enterprise, a person must be involved with the enterprise in a way that is related to its affairs or common purpose. A person may be associated with an enterprise without being so throughout its existence.

GOVERNMENT INSTRUCTION NO. 33

Seventh Circuit Committee (1999) 18 U.S.C. § 1962 (c) & (d)

A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so.

In order to have conducted or participated in the conduct of the affairs of an enterprise, or conspired to do so, a person need not have participated in all the activity alleged in Counts 1 or 2.

GOVERNMENT INSTRUCTION NO. 34

Seventh Circuit Committee (1999) 18 U.S.C. § 1962 (c) & (d)

Interstate commerce includes the movement of money, goods, services or persons from one state to another. This would include the purchase or sale of goods or supplies from outside Illinois, the use of interstate mail or wire facilities, or the causing of any of those things. If you find beyond a reasonable doubt either (a) that the Blagojevich Enterprise made, purchased, sold or moved goods or services that had their origin or destination outside Illinois, or (b) that the actions of the Blagojevich Enterprise affected in any degree the movement of money, goods or services across state lines, then interstate commerce was engaged in or affected.

The government need only prove that the Blagojevich Enterprise as a whole engaged in interstate commerce or that its activity affected interstate commerce to any degree, although proof that racketeering acts did affect interstate commerce meets that requirement. The government need not prove that a defendant engaged in interstate commerce, or that the acts of a defendant affected interstate commerce.

GOVERNMENT INSTRUCTION NO. 35

Seventh Circuit Committee (1999) 18 U.S.C. § 1962

In order to find a "pattern of racketeering activity" for purposes of Count 1, you must find beyond a reasonable doubt that defendant Rod Blagojevich committed or caused another person to commit at least two racketeering acts described in Count 1, and that those acts were in some way related to each other and that there was continuity between them. Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics.

There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

The government need not prove that all the acts described in Count 1 were committed, but you must unanimously agree as to which two or more racketeering acts defendant Rod Blagojevich committed or caused to be committed in order to find defendant Rod Blagojevich guilty of Count 1.

GOVERNMENT INSTRUCTION NO. 36

Seventh Circuit Committee (1999) 18 U.S.C. 1962(c) (modified)

41

In order to find a "pattern of racketeering activity" for purposes of Count 2, you must find beyond a reasonable doubt that defendant Rod Blagojevich agreed that some member of the conspiracy would commit at least two acts of racketeering as described in Count Two. You must also find that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics.

There is continuity between acts if, for example, they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count 2, the government need not prove that any racketeering acts were actually committed at all, or that defendant Rod Blagojevich agreed to personally commit any such acts, or that defendant Rod Blagojevich agreed that two or more specific acts would be committed.

GOVERNMENT INSTRUCTION NO. 37

Seventh Circuit Committee (1999) 18 U.S.C. § 1962(d)

Each of the racketeering acts described in Count 1 is numbered and some consist of two or more different offenses set out in separate, lettered sub-paragraphs [(a), (b), (c), etc]. To prove that defendant Rod Blagojevich committed a particular "racketeering act" that is made up of two or more offenses, it is sufficient if the government proves beyond a reasonable doubt that the defendant committed at least one of the offenses identified in the sub-paragraphs of that racketeering act. However, you must unanimously agree upon which of the different offenses alleged within a racketeering act defendant Rod Blagojevich committed.

GOVERNMENT INSTRUCTION NO. 38

Seventh Circuit Committee (1999) 18 U.S.C. § 1962(c) (modified)

The pattern of racketeering alleged in Count 1 consists of multiple acts involving bribery, wire fraud, and extortion.

Defendant Rod Blagojevich is also charged in separate counts with violations of the federal wire fraud statutes (Counts 3 through 13), and with violations of the federal extortion statute (Counts 14, 15, 17, 19, 21 and 22). Defendant Robert Blagojevich is also charged in separate counts with violations of the federal wire fraud statutes (Counts 4 and 13), and with violations of the federal extortion statute (Counts 21 and 22).

I will instruct you on the applicable state law regarding bribery, and on the applicable federal law regarding wire fraud and extortion. The instructions I provide you regarding wire fraud are applicable to Count 1, Racketeering Acts 3(c), 4(c), 6(d), 6(e), 6(f), 6(g), 6(h), 6(i), 6(j), 6(k), and 6(l), as well as to Counts 3 through 13. The instructions I provide you regarding extortion are applicable to Count 1, Racketeering Acts Racketeering Acts 2(a), 3(a), 4(a), 5(a), as well as 6(a) and (b), and to Counts 14, 15, 17, 19, 21 and 22.

GOVERNMENT INSTRUCTION NO. 39

**INSTRUCTIONS REGARDING**

**RACKETEERING ACTS 1(a) 1(b), 2(b), 3(b), 4(b), 5(b), 6(c)**

**ILLINOIS BRIBERY**

720 ILCS 5/33-1(d)
720 ILCS 5/33-1(e)
720 ILCS 5/8-2
720 ILCS 5/8-4(a)

For purposes of Count 1, Racketeering Acts 1(a) 1(b), 2(b), 3(b), 4(b), 5(b) and 6(c), which charge defendant Rod Blagojevich with committing acts of bribery in violation of the laws of the State of Illinois, 720 ILCS 5/33-1(d) and (e) and 720 ILCS 5/8-2 and 5/8-4(a):

The term "public officer" means a person who is elected to office pursuant to statute to discharge a public duty for the State.

GOVERNMENT INSTRUCTION NO. 40

720 ILCS 5/8-2, 5/8-4(a)
720 ILCS 5/33-1(d) & (e)
IPI (Criminal) 6.04 (4th ed. 2000) (modified)

To sustain the charge of bribery as alleged in Count 1, Racketeering Act 1(b), the government must prove the following propositions:

First, that the defendant agreed to accept any property or personal advantage; and

Second, that the defendant did so knowing that the property or personal advantage was tendered or promised with intent to cause him to influence the performance of any act related to his employment or function as a public officer.

GOVERNMENT INSTRUCTION NO. 41

720 ILCS 5/33-1(d)
IPI (Criminal) 21.11 (4th ed. 2000) (modified)

To sustain the charge of conspiracy to commit bribery, as charged in Racketeering Act 1(a), the government must prove the following propositions:

First, that the defendant agreed with others to the commission of the offense of bribery, as charged in Count 1, Racketeering Act 1(a); and

Second, that the defendant did so with intent that the offense of bribery be committed; and

Third, that an act in furtherance of the agreement was performed by any party to the agreement.

For purposes of Count 1, Racketeering Act 1(a), the offense of bribery is committed when a public officer agrees to accept any property or personal advantage knowing that the property or personal advantage was tendered or promised with intent to cause him to influence the performance of any act related to his employment or function as a public officer.

GOVERNMENT INSTRUCTION NO. 42

720 ILCS 5/8-2
720 ILCS 5/33-1(d)
IPI (Criminal) 6.04 (4th ed. 2000) (modified)

To sustain the charge of attempt to commit bribery, as charged in Count 1, Racketeering Acts 2(b), 3(b), and 5(b), the government must prove the following propositions:

First, that the defendant or one for whose conduct he is legally responsible performed an act which constituted a substantial step toward the commission of the offense of bribery, as charged in the particular Racketeering Act you are considering; and

Second, that the defendant or one for whose conduct he is legally responsible did so with the intent to commit the offense of bribery.

For purposes of Count 1, Racketeering Acts 2(b), 3(b), and 5(b), the offense of bribery is committed when a public officer solicits or agrees to accept any property or personal advantage pursuant to an understanding that he shall improperly influence or attempt to influence the performance of any act related to his employment or function as a public officer.

GOVERNMENT INSTRUCTION NO. 43

720 ILCS 5/33-1(e)
720 ILCS 5/8-4(a)
IPI (Criminal) 6.07 (4th ed. 2000) (modified)

To sustain the charge of conspiracy to commit bribery, as charged in Racketeering Acts 4(b) and 6(c), the government must prove the following propositions:

First, that the defendant agreed with others to the commission of the offense of bribery, as charged in the particular Racketeering Act you are considering; and

Second, that the defendant did so with intent that the offense of bribery be committed; and

Third, that an act in furtherance of the agreement was performed by any party to the agreement.

For purposes of Count 1, Racketeering Acts 4(b) and 6(c), the offense of bribery is committed when a public officer solicits or agrees to accept any property or personal advantage pursuant to an understanding that he shall improperly influence or attempt to influence the performance of any act related to his employment or function as a public officer.


GOVERNMENT INSTRUCTION NO. 44

720 ILCS 5/8-2
720 ILCS 5/33-1(e)
IPI (Criminal) 6.04 (4th ed. 2000) (modified)

A public officer's receipt of a campaign contribution constitutes a violation of Illinois' bribery statutes only if the contributions are given in exchange for a promise for or performance of a specific official act.

GOVERNMENT INSTRUCTION NO. 45

*Illinois v. Brandstetter*, 430 N.E.2d 731, 736 (Ill. App. 1982)

# INSTRUCTIONS REGARDING

## RACKETEERING ACTS 3(c), 4(c), 6(d), 6(e), 6(f), 6(g), 6(h), 6(i), 6(j), 6(k), 6(l)

## AND

## COUNTS 3 – 13

## WIRE FRAUD

18 U.S.C. § 1343
18 U.S.C. § 1346

To sustain the charge of wire fraud, as charged in Counts 3 through 13, and in Count 1, Racketeering acts 3(c), 4(c), 6(d), 6(e), 6(f), 6(g), 6(h), 6(i), 6(j), 6(k), and 6(l), the government must prove the following propositions:

First, that the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of Rod Blagojevich, John Harris, or Alonzo Monk by demanding, soliciting, seeking, or asking for a bribe, or by agreeing to accept a bribe, in the manner described in the particular Count or Racketeering Act you are considering;

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of interstate wire communications to take place in the manner charged in the particular Count or Racketeering Act you are considering.

GOVERNMENT INSTRUCTION NO. 46

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (Mail/Wire/Carrier Fraud - Elements) (modified)

*Skilling v. United States*,– U.S. – , 2010 WL 2518587 at *  (U.S. June 24, 2010).

As I mentioned, the first proposition that the government must prove beyond a reasonable doubt is that the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of Rod Blagojevich, John Harris, or Alonzo Monk. A "scheme" is a plan or course of action formed with the intent to accomplish some purpose.

More specifically, a scheme to defraud citizens of their right to a public official's honest services is a plan or course of action in which the public official schemes to violate his fiduciary duty to the public by demanding, soliciting, seeking, or asking for a bribe, or by agreeing to accept a bribe.

Government officials owe a fiduciary duty to the public. To owe a fiduciary duty to the public means that the official has a duty of honesty and loyalty to act in the public's interest, not for his own enrichment. When a public official devises or participates in a bribe scheme, he violates the public's right to his honest services. The public is defrauded or deceived because the public is not receiving what it expects, namely, the public official's honest services.

In considering whether the government has proven a scheme to defraud, it is essential that one or more of the acts charged in the portions of the indictment describing the scheme be proved, establishing the existence of the

scheme beyond a reasonable doubt. However, the government is not required to prove all of them.

As officials and employees of the State of Illinois, Rod Blagojevich, John Harris, and Alonzo Monk were public officials who owed a duty of honest services to the people of the State of Illinois.

GOVERNMENT INSTRUCTION NO. 47

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (Mail/Wire/Carrier Fraud - Elements) (modified) and § 201 (modified) (second element of bribery is "that the defendant personally [asked, demanded, exacted, solicited, sought, accepted, received, agreed to receive] something of value not provided for by law")

*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *24 (U.S. June 24, 2010).("The actual deception that is practised is in the continued representation of the employee to the employer that he is honest and loyal to the employer's interests.") (quotation omitted); *id.* at 43 (honest-services cases "involved offenders who, in violation of a fiduciary duty, participated in bribery or kickback schemes") & 27, n. 42 (identifying the public official - public relationship as a fiduciary relationship).
*United States v. Rezko*, 05 CR 691 (St. Eve, J.) (modified)
*United States v. Warner, et al.*, 02 CR 506 (Pallmeyer, J.) (modified)
*United States v. Fawell*, 02 CR 310 (Pallmeyer, J.)(modified)

Bribery committed by a public official is the demanding, soliciting, seeking, or asking for, directly or indirectly, or agreeing to accept, anything of value from another person in exchange for a promise for, or performance of, an official act.

The term "anything of value" includes money, property, and employment.

An official act is any decision or action on any question which may at any time be pending, or which may by law be brought before the public official in his official capacity or in his position of trust.

It is not necessary that the public official had the power to or did perform the act for which he was promised, or which he agreed to receive, something of value; it is sufficient if the matter was one that was before him in his official capacity. Nor is it necessary that the public official in fact intended to perform the official act. It is sufficient if the public official knew that the thing of value

was offered with the intent to exchange the thing of value for the performance

of the official act.

GOVERNMENT INSTRUCTION NO. 48

Seventh Circuit Committee (1999) 18 U.S.C. § 201 (Definition of Official Act)
Seventh Circuit Committee (1999) 18 U.S.C. § 201 (Intent to Influence)(modified)
Seventh Circuit Committee (1999) § 666(a)(1)(B) (modified)

*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *30 (U.S. June 24, 2010)
(citing 18 U.S.C. §§ 201(b), 666(a)(2); 41 U.S.C. § 52(2))
*United States v. Gorman*, 807 F.2d 1299, 1302, 1305 (6th Cir. 1986) (under 18
U.S.C. § 201, "anything of value" includes a side job for federal employee as
reward for official action).

An elected official's demanding, soliciting, seeking, or asking for, directly or indirectly, or agreeing to accept a campaign contribution, by itself, does not constitute bribery, even if the person making the contribution has business pending before the official. However, if a public official demands, solicits, seeks, or asks for, directly or indirectly, or agrees to accept money or property, believing that it would be given in exchange for a specific requested exercise of his official power, he has committed bribery, even if the money or property is to be given to the official in the form of a campaign contribution.

GOVERNMENT INSTRUCTION NO. 49

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Color of Official Right - definition) (modified)

*United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993)

Bribery can be committed when the public official solicits or accepts a benefit or benefits with the understanding that, in exchange for a specific requested exercise of his official power, the public official will exercise the influence of his position or decision-making to the benefit of the bribe payor as specific opportunities arise.

GOVERNMENT INSTRUCTION NO. 50

*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *30 (U.S. June 24, 2010) (citing *United States v. Kemp*, 500 F. 3d 257, 281-86 (3d Cir. 2007); *United States v. Whitfield*, 590 F. 3d 325, 352-53 (5th Cir. 2009); *United States v. Ganim*, 510 F. 3d 134, 147-49 (2d Cir. 2007).
*United States v. Warner*, 02 CR 506, 2005 WL 2367769, at *3-5 (N.D. Ill. Sept. 23, 2005) (Pallmeyer, J.)
*United States v. Wingate*, 128 F.3d 1157, 1162 (7th Cir. 1997)
*United States v. Gorny*, 732 F.2d 597, 599-601 (7th Cir. 1984)(tax appeals member accepted bribes for favorable handling of attorney's cases, rather than for specific action).
*United States v. Antico*, 275 F.3d 245, 264 (3d Cir. 2001)
*United States v. Woodward*, 149 F.3d 46, 55 (1st Cir. 1998)

A scheme to defraud must also involve a material misrepresentation, false statement, false pretense, or concealment of fact. A misrepresentation, false statement, false pretense, or concealment is "material" if it has a natural tendency to influence, or is capable of influencing, a decision or action of the public. It is not necessary that the misrepresentation, false statement, false pretense, or concealment actually have that influence or be relied on by the public, so long as it had the potential or capability to do so.

GOVERNMENT INSTRUCTION NO. 51

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 (modified)

*Neder v. United States*, 527 U.S. 1, 16, 25 (1999).
*United States v. Fernandez*, 282 F.3d 500, 508-09 (7th Cir. 2002) (applying materiality in public-official honest-services case).
*United States v. Rybicki*, 354 F.3d 124, 146, 147 (2d Cir. 2003) (*en banc*) (applying materiality in private-sector honest-services case)
*See United States v. Gaudin*, 515 U.S. 506, 509 (1995) (definition of materiality under 18 U.S.C. § 1001).

The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive or cheat the public in order to deprive the public of the defendant's honest services through bribery.

GOVERNMENT INSTRUCTION NO. 52

Seventh Circuit Committee (1999) § 1343 (modified)

*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *27 (U.S. June 24, 2010) ("The actual deception that is practised is in the continued representation of the employee to the employer that he is honest and loyal to the employer's interests.") (quotation omitted); *id.* at 43 (honest-services cases "involved offenders who, in violation of a fiduciary duty, participated in bribery or kickback schemes").

In order for the government to demonstrate a scheme to defraud the public of its right to the honest services of a public official, only one participant in such scheme must owe a duty of honest services to the public.

Accordingly, a defendant who schemes with a public official or employee to deprive the public of its right to that public official's or employee's honest services may be guilty of a scheme to defraud the public of its right to honest services, provided all the elements of the offense as set forth in these instructions are met.

GOVERNMENT INSTRUCTION NO. 53

*United States v. Urciuoli,* --- F.3d ----, 2010 WL 2814311 (1st Cir., July 20, 2010)(post-*Skilling*).
*United States v. Rezko*, 05 CR 691 (St. Eve, J.)
*United States v. Warner, et al.,* 02 CR 506 (Pallmeyer, J.)
*United States v. Lovett*, 811 F.2d 979 (7th Cir. 1987)
*United States v. Alexander*, 741 F.2d 962, 964 (7th Cir. 1984)

In order to prove a scheme to defraud, the government does not have to prove that the defendant contemplated actual or foreseeable financial loss to the victims of the scheme.

GOVERNMENT INSTRUCTION NO. 54

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (Loss) (modified)

*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *25 (U.S. June 24, 2010) (noting that, in *McNally v. United States*, 483 U.S. 350 (1987), which involved a scheme involving kickbacks from an insurance agent, the "prosecutor did not charge that [,] in the absence of the alleged scheme, the Commonwealth would have paid a lower premium or secured better insurance.")
*United States v. Sorich*, – F.3d. – , 2008 WL 1723670 (7th Cir. April 15, 2008).
*United States v. Warner, et al.,* 02 CR 506 (Pallmeyer, J.) (modified).
*United States v. Leahy*, 464 F.3d 773, 786-87 (7th Cir. 2006).
*United States v. Keane*, 522 F.2d 534, 545 (7th Cir. 1975).
*United States v. Reicin*, 497 F.2d 563, 571 (7th Cir. 1974).
*United States v. Finley*, 705 F. Supp. 1272, 1286 (N.D. Ill. 1988).

The wire fraud statute can be violated whether or not there is any actual financial loss or damage to the victim of the crime or actual financial gain to the defendant.

GOVERNMENT INSTRUCTION NO. 55

Seventh Circuit Committee (1999) § 1343 (modified)

The government must prove that interstate communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to use or cause the use of interstate wire communications, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate nature.

The defendant need not actually or personally use the interstate communication facilities.

Although an interstate communication need not itself contain a demand, solicitation, or request for a bribe, it must further or attempt to further the scheme.

Each separate use of interstate communication facilities in furtherance of the scheme to defraud constitutes a separate offense.

GOVERNMENT INSTRUCTION NO. 56

Seventh Circuit Committee (1999) § 1343 (modified)

A telephone call constitutes a transmission by means of wire communication in interstate commerce within the meaning of the wire fraud statute if the call occurs across state lines.

GOVERNMENT INSTRUCTION NO. 57

Seventh Circuit Committee (1999) § 1343 (modified)

**INSTRUCTIONS REGARDING
RACKETEERING ACTS 2(a), 3(a), 4(a), 5(a), 6(a), 6(b)**

**AND**

**COUNTS 14, 15, 17, 19, 21 AND 22**


**EXTORTION**

18 U.S.C. SECTION 1951

Defendant Rod Blagojevich has been charged with attempted extortion in Counts 14, 15, 19, and 22, as well as in Count 1, Racketeering Acts 2(a), 3(a), 5(a), and 6(b), and with conspiracy to commit extortion in Counts 17 and 21, as well as in Count 1, Racketeering Acts 4(a) and 6(a).

Defendant Robert Blagojevich has been charged in Count 22 with attempted extortion, and in Count 21 with conspiracy to commit extortion.

Title 18, United States Code, Section 1951 provides, in pertinent part:

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by extortion or attempts or conspires so to do [commits an offense against the United States].

GOVERNMENT INSTRUCTION NO. 58

18 U.S.C. § 1951

To sustain the charge of attempted extortion, as charged in Count 1, Racketeering Acts 2(a), 3(a), 5(a), and 6(b), and Counts 14, 15, 19, and 22, the government must prove the following propositions with respect to the defendant you are considering:

First, that the defendant knowingly attempted to obtain money or property from the victim or victims described in the particular Racketeering Act or Count you are considering;

Second, that the defendant did so by means of extortion by the use of actual or threatened fear, or under color of official right, as those terms are defined in these instructions;

Third, that the defendant believed that the victim or victims described in the particular Racketeering Act or Count you are considering would have parted with the money because of the extortion; and

Fourth, that the conduct of the defendant affected, would have affected, or had the potential to affect interstate commerce.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 59

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Attempted Extortion - Elements) (modified)

Extortion by actual or threatened fear means the wrongful use of actual or threatened fear to obtain or attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. "Fear" includes fear of economic loss. This includes fear of a direct loss of money, fear of harm to future business operations or a fear of some loss of ability to compete in the marketplace in the future if the victim did not pay as directed. The government must prove that the victim's fear would have been reasonable under the circumstances. However, the government need not prove that the defendant actually intended to cause the harm threatened.

GOVERNMENT INSTRUCTION NO. 60

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Extortion - definition) (modified)

Extortion under color of official right occurs when a public official receives or attempts to obtain money or property to which he is not entitled, believing that the money or property would be given in return for the taking, withholding or other influencing of official action. Although the official must receive or attempt to obtain the money or property, the government does not have to prove that the public official first suggested the giving of money or property, or that the official asked for or solicited it. While the official must receive or attempt to obtain the money or property in return for the official action, the government does not have to prove that the official actually took or intended to take that action or that the official could have actually taken the action in return for which payment was made or demanded or that the official would not have taken the same action even without payment.

Acceptance by an elected official of a campaign contribution, by itself, does not constitute extortion under color of official right, even if the person making the contribution has business pending before the official. However, if a public official receives or attempts to obtain money or property, believing that it would be given in exchange for a specific requested exercise of his official power, he has

committed extortion under color of official right, even if the money or property

is to be given to the official in the form of a campaign contribution.

GOVERNMENT INSTRUCTION NO. 61

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Color of Official Right - definition) (modified)

The term "property" as used in these instructions includes any valuable right considered as a source or element of wealth.

GOVERNMENT INSTRUCTION NO. 62

*United States v. Gotti*, 459 F.3d 296 (2d Cir. 2006) (holding that "property" includes any "valuable right considered as a source or element of wealth," including the right to solicit business).

*Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393, 402, n. 6 (2003) ("*Scheidler II*") (noting that intangible property rights qualify as extortable "property").

Although the government must prove that the defendant received, attempted to obtain, or conspired to obtain money or property, knowing or believing that it was being, or would be given to him in return for the taking, withholding or other influencing of a specific official action, it is not necessary that the agreement or understanding be stated in express terms.

GOVERNMENT INSTRUCTION NO. 63

*United States v. Evans*, 504 U.S. 255, 274 (1992) (Kennedy, J., concurring).
*United States v. Giles*, 246 F.3d 966, 972 (7th Cir. 1992) (holding that there is no requirement of an expressly stated *quid pro quo*).
*United States v. Urciuoli*, --- F.3d ----, 2010 WL 2814311at *3 (1st Cir., July 20, 2010)(post-*Skilling*)(citing *United States v. Kincaid-Chauncey*, 556 F.3d 923, 943-47 (9th Cir.) (quid pro quo bribe need not be evidenced by any express agreement or statements of intent), *cert. denied*, 130 S.Ct. 795 (2009); *United States v. Kemp*, 500 F.3d 257, 284-85 (3d Cir.2007) (same), *cert. denied*, 128 S.Ct. 1329 (2008)).

With respect to the attempted extortion counts, the government must prove that the defendant's actions affected or had the potential to affect interstate commerce in any way or degree. This means that the natural consequences of the defendant's actions were some effect on interstate commerce, however minimal. This would include reducing the assets of a business that customarily purchased goods from outside the state of Illinois or actually engaged in business outside the state of Illinois, and if those assets would have been available to the business for the purchase of such goods or the conducting of such business if not for the defendant's conduct. It is not necessary for you to find that the defendant knew or intended that his actions would affect interstate commerce, or that there have been an actual effect on interstate commerce.

GOVERNMENT INSTRUCTION NO. 64

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Interstate Commerce - definition)

To sustain the charge of conspiracy to commit extortion, as charged in Count 1, Racketeering Acts 4(a) and 6(a), and in Counts 17 and 21, the government must prove the following propositions with respect to the defendant you are considering:

First, that the conspiracy as charged in the particular count or Racketeering Act you are considering existed; and

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

If you find from your consideration of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 65

Seventh Circuit Committee (1999) 5.08 (modified)

18 U.S.C. § 1951

*United States v. Palmer*, 203 F.3d 55, 63 (1st Cir. 2000) (holding that a Hobbs Act conspiracy does not require proof of an overt act); United States v. Pistone, 177 F.3d 957, 959-60 (11th Cir. 1999) (same); *United States v. Clemente*, 22 F.3d 477, 480 (2d Cir. 1994) (same). *See also United States v. Corson*, 579 F.3d 804, 810, n. (7th Cir. 2009) (citing cases holding that, as in the case of 21 U.S.C. § 846, no proof of an overt act is required to find defendant guilty of conspiracy to violate§ 1951, and noting that prior cases from the Seventh Circuit, such as *United States v. Stodola*, 953 F.2d 266, 272 (7th Cir. 1992) stated the opposite, but without discussion).

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. A conspiracy may be established even if its purpose was not accomplished.

To establish the existence of the charged conspiracy and its common purpose or purposes, the government need not establish that there existed a formal agreement to conspire. The agreement may be inferred from all the circumstances and the conduct of all the alleged participants. The conspiracy may be proved by circumstantial evidence and reasonable inferences drawn from that evidence concerning the relationship of the parties and the totality of their conduct.

GOVERNMENT INSTRUCTION NO. 66

*United States v. Curescu, et al.,*08 CR 398 (Lefkow, J.) (modified)
*United States v. McMahan et al.,* 04 CR 423 (St. Eve, J.) (modified)
*United States v. Marzook, et al.,* 03 CR 978 (St. Eve, J.) (modified)
*United States v. Armstead, et al.,* 02 CR 895 (Pallmeyer, J.) (modified)
*United States v. Katalinich*, 113 F.3d 1475, 1482-83 (7th Cir. 1997)(modified)

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government need not prove that the defendant participated in all of the events of the conspiracy. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

The government need not prove that the defendant knew all of the co-conspirators, or knew each detail of the conspiracy, or that the defendant played more than a minor role in the conspiracy.

GOVERNMENT INSTRUCTION NO. 67

Seventh Circuit Committee (1999) 5.08 (modified)

*United States v. Curescu, et al.*,08 CR 398 (Lefkow, J.)(modified)
*United States v. Oros*, 07 CR 125 (St. Eve, J.) (modified)
*United States v. McMahan, et al.*, 04 CR 423 (St. Eve, J.) (modified)
*United States v. Griggs*, 2009 WL 1767269 at *1 (7th Cir. June 24, 2009)

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

In deciding whether a particular defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. In determining what that defendant did or said, you may consider that defendant's own words and acts. You may also consider the words or acts of other persons to decide what that defendant did or said, and you may use them to help you understand what that defendant did or said.

GOVERNMENT INSTRUCTION NO. 68

Seventh Circuit Committee (1999) 5.08 (modified)

*United States v. Marzook, et al.*, 03 CR 978 (St. Eve, J.)(modified)
*United States v. Ryan*, 02 CR 506 (Pallmeyer, J.)(modified)
*United States v. Martinez de Ortiz*, 907 F.2d 629, 635 (7th Cir. 1990)(*en banc*)

A defendant charged with conspiracy in the indictment can be convicted, in the alternative, as an aider and abettor of that conspiracy.

A defendant is guilty of aiding and abetting a charged conspiracy if he tries to help the conspiracy succeed by committing an act in furtherance of the conspiracy and had knowledge of the conspiracy's purpose at the time he commits the act. One can aid and abet a conspiracy without necessarily participating in the original agreement. One who aids and abets a conspiracy is guilty of conspiracy.

GOVERNMENT INSTRUCTION NO. 69

*United States v. Irwin,* 149 F.3d 565, 569-570 (7th Cir. 1998)
*United States v. Pearson,* 113 F.3d 758, 762 (7th Cir. 1997)
*United States v. Zafiro,* 945 F.3d 881, 887-888 (7th Cir. 1991)
*United States v. Snook,* 00 CR 699 (Castillo, J.)
*United States v. Bergtop,* 00 CR 821 (Kocoras, J.)
*United States v. Oros*, 07 CR 125 (St. Eve, J.)
*United States v. Curescu, et al.,*08 CR 398 (Lefkow, J.)

Count 21 charges that the defendants participated in a single conspiracy to commit extortion.

Proof that there were multiple conspiracies is not necessarily proof of a single conspiracy, nor is it necessarily inconsistent with the existence of a single conspiracy.

If you do not find beyond a reasonable doubt that a particular defendant was a member of any conspiracy, you should find that defendant not guilty of Count 21.

If you find beyond a reasonable doubt that there was one overall conspiracy as alleged in Count 21, and that a particular defendant was a member of that conspiracy, then you should find that defendant guilty of Count 21.

If you find beyond a reasonable doubt that there were two or more conspiracies, and that a particular defendant was a member of or aided and abetted one or more conspiracies, you may find that defendant guilty of Count 21 only if you further find beyond a reasonable doubt that this proven conspiracy was included within the conspiracy alleged in Count 21.


GOVERNMENT INSTRUCTION NO. 70

*United States v. Mansoori*, 304 F.3d 635, 656-57 (7th Cir. 2002)

A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy charged in Count 21, and if you find beyond a reasonable doubt that while he was a member of the conspiracy, his fellow conspirators committed the offenses charged in Count 22 in furtherance of and as a reasonably foreseeable consequence of that conspiracy, then you should find him guilty of Count 22.

GOVERNMENT INSTRUCTION NO. 71

Seventh Circuit Committee (1999) § 5.09

**INSTRUCTIONS REGARDING**

**COUNTS 16, 18, 20 AND 23**

**BRIBERY AND CONSPIRACY TO COMMIT BRIBERY**

18 U.S.C. §§ 371, 666

Defendant Rod Blagojevich has been charged in Counts 16 and 20 with bribery concerning a federally funded program in violation of 18 U.S.C. § 666(a)(1)(B).  Title 18, United States Code, Section 666(a)(1)(B) provides, in pertinent part:

(a) Whoever, if the circumstance described in subsection (b) of this section exists, being an agent of an organization, or of a State [or] local . . . government, or any agency thereof . . . corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency, involving anything of value of $5,000 or more [commits an offense against the United States].

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

GOVERNMENT INSTRUCTION NO. 72

18 U.S.C. § 666(a)(1)(B)

To sustain the charge of bribery, as charged in Counts 16 and 20, the government must prove the following propositions:

First, that defendant Rod Blagojevich was an agent of the State of Illinois;

Second, that the defendant solicited or demanded anything of value from another person;

Third, that the defendant did so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the State of Illinois;

Fourth, that this business, transaction or series of transactions involved anything of a value of $5,000 or more; and

Fifth, that the State of Illinois, in any one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. This one year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.

For purposes of Counts 16 and 20, a person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his organizational or official duties.

If you find from consideration of all the evidence that each of these

propositions has been proved beyond a reasonable doubt as to a particular count, then you should find the defendant guilty of that particular count.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a particular count, then you should find the defendant not guilty of that particular count.

GOVERNMENT INSTRUCTION NO. 73

Seventh Circuit Committee (1999) 18 U.S.C. § 666(a)(1)(B) (Bribery concerning federally funded program - Elements) (modified)

A defendant may act corruptly even if he is only partially motivated by the expectation or desire for reward.

GOVERNMENT INSTRUCTION NO. 74

Seventh Circuit Committee (1999) 18 U.S.C. § 666(a)(1)(B) (Bribery concerning federally funded program - Elements) (Committee Comment)

*Anderson v. United States*, 417 U.S. 211, 226 (1974) (A single conspiracy may have several purposes, but if one of them – whether primary or secondary – be the violation of federal law, the conspiracy is unlawful under federal law.")
*United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993)(approving instruction to jury that it could convict defendant of bribery if the defendant accepted a gift "at least in part" with the intent to be influenced).
*United States v. Woodward*, 139 F.3d 45 (1st Cir. 1998) (holding that a defendant could be convicted of honest-services fraud if he has "a dual intent, *i.e.*, if he is found to have intended both a lawful and an unlawful purpose to some degree" as long as an "unlawful purpose was present. . . .")

For purposes of determining whether defendant Rod Blagojevich was an agent of the State of Illinois in Counts 16 and 20, an agent is a person who is authorized to act on behalf of an organization, including an employee, officer or representative.

GOVERNMENT INSTRUCTION NO. 75

Seventh Circuit Committee (1999) 18 U.S.C. § 666 ("Agent" - definition) (modified)

The term "anything of value" includes campaign contributions and potential salaries.

GOVERNMENT INSTRUCTION NO. 76

18 U.S.C. § 666

*Salinas v. United States*, 522 U.S. 52, 57 (1997)(holding that the phrase "anything of value" should be accorded broad meaning, and stating that it includes "all transfers of personal property or other valuable consideration in exchange for the influence or reward.")

*United States v. Sotomayor-Vazquez*, 249 F.3d 1 (1st Cir. 2001)(campaign contributions)

*United States v. Grubb*, 11 F.3d 426 (4th Cir. 1993) (potential salary)

It is not necessary that the defendant's solicitation or demand for thing of value in exchange for influence or reward with respect to state business be stated in express terms.

GOVERNMENT INSTRUCTION NO. 77

*United States v. Siegelman*, 561 F.3d 1215, 1226 (11th Cir. 2009) (holding that the agreement must be explicit, but not express, and collecting cases)

*United States v. Giles*, 246 F.3d 966, 972 (7th Cir. 1992) (holding that there is no requirement of an expressly stated *quid pro quo*)

*United States v. Evans*, 504 U.S. 255, 274 (1992) (Kennedy, J., concurring)

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. A conspiracy may be established even if its purpose was not accomplished.

To sustain the charge of conspiracy charged in Counts 18 and 23, the government must prove the following propositions with respect to the defendant you are considering:

First, that the conspiracy as charged in the particular count you are considering existed;

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

Third, that an overt act was committed by at least one conspirator in furtherance of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 78

Seventh Circuit Committee (1999) 5.08 (modified)

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government need not prove that the defendant participated in all of the events of the conspiracy. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

The government need not prove that the defendant knew all of the co-conspirators, or knew each detail of the conspiracy, or that the defendant played more than a minor role in the conspiracy.

It is not necessary that all the overt acts charged in a conspiracy count the indictment be proved, and the overt act proved may itself be a lawful act. Moreover, you do not need to agree unanimously on which overt act the government has proved.

It is not necessary that all of the acts charged in a conspiracy count be proved, so long as the government has proven the elements of conspiracy as I have described them to you beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 79

Seventh Circuit Committee (1999) 5.08 (modified)

*United States v. Curescu, et al.,*08 CR 398 (Lefkow, J.)(modified)
*United States v. Oros*, 07 CR 125 (St. Eve, J.) (modified)
*United States v. McMahan, et al.*, 04 CR 423 (St. Eve, J.) (modified)

*United States v. Griggs*, 2009 WL 1767269 at *1 (7th Cir. June 24, 2009)

A defendant charged with conspiracy in the indictment can be convicted, in the alternative, as an aider and abettor of that conspiracy.

A defendant is guilty of aiding and abetting a charged conspiracy if he tries to help the conspiracy succeed by committing an act in furtherance of the conspiracy and had knowledge of the conspiracy's purpose at the time he commits the act. One can aid and abet a conspiracy without necessarily participating in the original agreement. One who aids and abets a conspiracy is guilty of conspiracy.

GOVERNMENT INSTRUCTION NO. 80

*United States v. Irwin,* 149 F.3d 565, 569-570 (7th Cir. 1998)
*United States v. Pearson,* 113 F.3d 758, 762 (7th Cir. 1997)
*United States v. Zafiro,* 945 F.3d 881, 887-888 (7th Cir. 1991)
*United States v. Snook,* 00 CR 699 (Castillo, J.)
*United States v. Bergtop,* 00 CR 821 (Kocoras, J.)
*United States v. Oros*, 07 CR 125 (St. Eve, J.)
*United States v. Curescu, et al.*,08 CR 398 (Lefkow, J.)

Count 23 charges that the defendants participated in a single conspiracy to commit bribery.

Proof that there were multiple conspiracies is not necessarily proof of a single conspiracy, nor is it necessarily inconsistent with the existence of a single conspiracy.

If you do not find beyond a reasonable doubt that a particular defendant was a member of any conspiracy, you should find that defendant not guilty of Count 23.

If you find beyond a reasonable doubt that there was one overall conspiracy as alleged in Count 23, and that a particular defendant was a member of that conspiracy, then you should find that defendant guilty of Count 23.

If you find beyond a reasonable doubt that there were two or more conspiracies, and that a particular defendant was a member of or aided and abetted one or more conspiracies, you may find that defendant guilty of Count 23 only if you further find beyond a reasonable doubt that this proven conspiracy was included within the conspiracy alleged in Count 23, and that an overt act was committed in furtherance of the proven conspiracy.

GOVERNMENT INSTRUCTION NO. 81

*United States v. Mansoori*, 304 F.3d 635, 656-57 (7th Cir. 2002)

**INSTRUCTIONS REGARDING**

**COUNT 24**

**MAKING FALSE STATEMENTS**

18 U.S.C. SECTION 1001

Defendant Rod Blagojevich is charged in Count 24 with making a false statement or representation to the Federal Bureau of Investigation. To the sustain the charge of making a false statement or representation, the government must prove the following propositions:

First, the defendant made a false statement or representation;

Second, the statement or representation was material to the investigation being conducted by the Federal Bureau of Investigation;

Third, the statement or representation was made knowingly and willfully; and

Fourth, the statement or representation was made in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

GOVERNMENT INSTRUCTION NO. 82

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 ("Making a False Statement or Representation – Elements")(modified)

A statement is false if untrue when made, and is then known to be untrue by the person making it.

GOVERNMENT INSTRUCTION NO. 83

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 ("Definition of False, Fictitious") (modified)

A statement is material if it had the effect of influencing the action of the Federal Bureau of Investigation, or was capable of or had the potential to do so. It is not necessary that the statement actually have that influence or be relied on by the Federal Bureau of Investigation, so long as it had the potential or capability to do so.

GOVERNMENT INSTRUCTION NO. 84

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 ("Materiality — Definition")

An act is done willfully if done voluntarily and intentionally, and with the intent to do something the law forbids.

GOVERNMENT INSTRUCTION NO. 85

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 ("Willfully — Definitions")

The Federal Bureau of Investigation is a part of the executive branch of the government of the United States, and statements or representations concerning matters being investigated by the Federal Bureau of Investigation are within the jurisdiction of the executive branch.

GOVERNMENT INSTRUCTION NO. 86

Seventh Circuit Committee (1999) 18 U.S.C. § 1001 ("Department or Agency")

Count 24 contains multiple alleged false statements made by defendant Rod Blagojevich. To find the defendant guilty of these counts, the government must prove beyond a reasonable doubt that at least one of the alleged statements contained in each count was false, but is not required to prove all of them. However, you must unanimously agree on which statement was false.

GOVERNMENT INSTRUCTION NO. 87

Seventh Circuit Committee 4.03 (1999) (modified)

*United States v. Ryan*, 02 CR 506 (Pallmeyer, J.)(modified)
*United States v. Burke*, 01 CR 1049 (Pallmeyer, J.) (modified)

# ADDITIONAL INSTRUCTIONS

# CONCERNING ALL COUNTS

If you find a defendant guilty, it will then be my job to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

GOVERNMENT INSTRUCTION NO. 88

*Shannon v. United States*, 114 S.Ct. 2219, 2224 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quoting *United States v. Rogers*, 422 U.S. 35, 70 (1970))
*United States v. Rezko*, 05 CR 691 (St. Eve, J.)
*United States v. Black, et al.*, (05 CR 727) (St. Eve, J.)
*United States v. Sorich, et al.* (05 CR 644) (Coar, J.)

You should not speculate why any other person whose name you may have heard during the trial or who is named in the indictment is not currently on trial before you.

GOVERNMENT INSTRUCTION NO. 89

*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994)
*United States v. Rezko*, (05 CR 691) (St. Eve, J.)
*United States v. Sorich*, *et al.* (05 CR 644) (Coar, J.)
*United States v. Marzook*, *et al.*, (03 CR 978) (St. Eve, J.)

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

GOVERNMENT INSTRUCTION NO. 90

Seventh Circuit Committee (1999) 7.01

Each count of the indictment charges each defendant named in that count with having committed a separate offense.

You must give separate consideration to each count and to each defendant. You must consider each count and the evidence relating to it separate and apart from every other count.

You should return a separate verdict as to each defendant and as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count.

GOVERNMENT INSTRUCTION NO. 91

Seventh Circuit Committee (1999) 7.04

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal. I caution you, however, with respect to any note or question you might send, that you should never state or specify your numerical division at the time.

GOVERNMENT INSTRUCTION NO. 92

Seventh Circuit Committee (1999) 7.05 (modified)

*United States v. Rezko*, (05 CR 691) (St. Eve, J.)

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 93

Seventh Circuit Committee (1999) 7.06

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 888 |
| | ) | Hon. James B. Zagel |
| ROD BLAGOJEVICH, and | ) | |
| ROBERT BLAGOJEVICH | ) | |

## **SUMMARY OF CHARGES**

COUNTS: Racketeering (Count 1); conspiracy to commit racketeering (Count 2), wire fraud (Counts 3, 4, 5, 6, 7. 8, 9, 10, 11, 12, and 13); attempted extortion (Counts 14, 15, 19, and 22); conspiracy to commit extortion (Counts 17 and 21); bribery (Counts 16 and 20); conspiracy to commit bribery (Counts 18 and 23); and making false statements to the government (Count 24).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 888 |
| | ) | Hon. James B. Zagel |
| ROD BLAGOJEVICH, and | ) | |
| ROBERT BLAGOJEVICH | ) | |

## **VERDICT FORM**

With respect to Count 1 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with racketeering,
we, the jury, find the defendant, ROD BLAGOJEVICH :

GUILTY  ☐            NOT GUILTY  ☐

With respect to Count 1, we, the jury, further find as follows with respect to the Racketeering Acts charged in Count 1 of the Indictment:

Racketeering Act 1            Committed        Not Committed
(Pension Obligation Bond Deal)

1(a) Conspiracy to Commit Bribery    _____      _____

1(b) Bribery              _____      _____

Racketeering Act 2            Committed        Not Committed
(Congressman A)

2(a) Attempted Extortion        _____      _____

2(b) Attempted Bribery          _____      _____

| Racketeering Act 3 (Children's Memorial Hospital) | Committed | Not Committed |
|---|---|---|
| 3(a) Attempted Extortion | _____ | _____ |
| 3(b) Attempted Bribery | _____ | _____ |
| 3(c) Wire Fraud | _____ | _____ |

| Racketeering Act 4 (Racetrack Executive) | Committed | Not Committed |
|---|---|---|
| 4(a) Conspiracy To Commit Extortion | _____ | _____ |
| 4(b) Conspiracy To Commit Bribery | _____ | _____ |
| 4(c) Wire Fraud | _____ | _____ |

| Racketeering Act 5 (Highway Contractor) | Committed | Not Committed |
|---|---|---|
| 5(a) Attempted Extortion | _____ | _____ |
| 5(b) Attempted Bribery | _____ | _____ |

| Racketeering Act 6 (Senate Seat) | Committed | Not Committed |
|---|---|---|
| 6(a) Conspiracy To Commit Extortion | _____ | _____ |
| 6(b) Attempted Extortion | _____ | _____ |
| 6(c) Conspiracy to Commit Bribery | _____ | _____ |
| 6(d) Wire Fraud | _____ | _____ |
| 6(e) Wire Fraud | _____ | _____ |

6(f) Wire Fraud       _____       _____
6(g) Wire Fraud       _____       _____

6(h) Wire Fraud       _____       _____

6(i) Wire Fraud       _____       _____

6(j) Wire Fraud       _____       _____

6(k) Wire Fraud       _____       _____

6(l) Wire Fraud       _____       _____

With respect to Count 2 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with racketeering conspiracy,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY    ☐        NOT GUILTY    ☐

With respect to Count 3 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY    ☐        NOT GUILTY    ☐

With respect to Count 4 of the Indictment, in which the defendants ROD BLAGOJEVICH and ROBERT BLAGOJEVICH are charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY    ☐        NOT GUILTY    ☐

we, the jury, find the defendant, ROBERT BLAGOJEVICH:

GUILTY    ☐        NOT GUILTY    ☐

With respect to Count 5 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐           NOT GUILTY ☐

With respect to Count 6 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐           NOT GUILTY ☐

With respect to Count 7 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐           NOT GUILTY ☐

With respect to Count 8 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐           NOT GUILTY ☐

With respect to Count 9 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐           NOT GUILTY ☐

With respect to Count 10 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐           NOT GUILTY ☐

With respect to Count 11 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐          NOT GUILTY ☐

With respect to Count 12 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐          NOT GUILTY ☐

With respect to Count 13 of the Indictment, in which the defendant ROD BLAGOJEVICH and ROBERT BLAGOJEVICH are charged with wire fraud,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐          NOT GUILTY ☐

we, the jury, find the defendant, ROBERT BLAGOJEVICH:

GUILTY ☐          NOT GUILTY ☐

With respect to Count 14 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with attempted extortion,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐          NOT GUILTY ☐

With respect to Count 15 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with attempted extortion,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐          NOT GUILTY ☐

With respect to Count 16 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with bribery,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐                    NOT GUILTY ☐

With respect to Count 17 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with conspiracy to commit extortion,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐                    NOT GUILTY ☐

With respect to Count 18 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with conspiracy to commit bribery,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐                    NOT GUILTY ☐

With respect to Count 19 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with attempted extortion,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐                    NOT GUILTY ☐

With respect to Count 20 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with bribery,
we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐                    NOT GUILTY ☐

With respect to Count 21 of the Indictment, in which the defendants ROD BLAGOJEVICH and ROBERT BLAGOJEVICH are charged with conspiracy to commit extortion,

we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐ NOT GUILTY ☐

we, the jury, find the defendant, ROBERT BLAGOJEVICH:

GUILTY ☐ NOT GUILTY ☐

With respect to Count 22 of the Indictment, in which the defendants ROD BLAGOJEVICH and ROBERT BLAGOJEVICH are charged with attempted extortion,

we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐ NOT GUILTY ☐

we, the jury, find the defendant, ROBERT BLAGOJEVICH:

GUILTY ☐ NOT GUILTY ☐

With respect to Count 23 of the Indictment, in which the defendants ROD BLAGOJEVICH and ROBERT BLAGOJEVICH are charged with conspiracy to commit bribery,

we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐ NOT GUILTY ☐

we, the jury, find the defendant, ROBERT BLAGOJEVICH:

GUILTY ☐ NOT GUILTY ☐

8

With respect to Count 24 of the Indictment, in which the defendant ROD BLAGOJEVICH is charged with making a false statement or representation, we, the jury, find the defendant, ROD BLAGOJEVICH:

GUILTY ☐          NOT GUILTY          ☐

_____                    _____
FOREPERSON


_____                    _____


_____                    _____


_____                    _____


_____                    _____


_____                    _____

9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 888 |
| | ) | Hon. James B. Zagel |
| ROD BLAGOJEVICH, and | ) | |
| ROBERT BLAGOJEVICH | ) | |

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that

the following document:

**Government's Proposed Jury Instructions and Verdict Form**,

was served on July 21, 2010, in accordance with FED. R. CRIM. P. 49, FED. R.

CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF)

pursuant to the district court's system as to ECF filers.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

BY:   /s/ Debra Riggs Bonamici
DEBRA RIGGS BONAMICI
Assistant United States Attorneys
United States Attorney's Office
219 S. Dearborn St., 3rd Floor
Chicago, Illinois  60604
(312) 353-3741