IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 888 |
| | ) | Honorable James B. Zagel |
| ROD BLAGOJEVICH | ) | |

**DEFENDANT ROD BLAGOJEVICH'S
PROPOSED JURY INSTRUCTIONS**

Defendant ROD BLAGOJEVICH, by his attorneys, respectfully submits the attached jury instructions.

Respectfully Submitted,

/s/ Sam Adam
Counsel for Rod Blagojevich

**Counsel for Rod Blagojevich**
SHELDON SOROSKY
SAM ADAM
MICHAEL GILLESPIE
SAMUEL E. ADAM
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950

1

It is not improper for an attorney or investigator to interview any witness.

Defendant Rod Blagojevich Instruction No.1
Proposed Alternative to GOVERNMENT INSTRUCTION NO. 8
Seventh Circuit Committee (1999) 1.07 (modified)

The defendants are presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict.

The presumption of innocence is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of each defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence or to produce any witnesses or evidence at all.

Defendant Rod Blagojevich Instruction No.2
Seventh Circuit Committee (1999) 1.07 (modified)

3

You have heard testimony from Joseph Cari, John Harris, Alonzo Monk and Ali Ata, who have pleaded guilty to offenses. Their guilty pleas are not to be considered as evidence against the defendants.

Ali Ata, Joseph Cari, John Harris and Alonzo Monk have also each received benefits from the government, including a promise by the government to recommend a reduced sentence in return for their testimony.

You may give the testimony of Ali Ata, Joseph Cari, John Harris and Alonzo Monk such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

Defendant Rod Blagojevich Instruction No. 3

Seventh Circuit Committee (1999) 3.13 (modified)

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

Defendant Rod Blagojevich Instruction No. 4

Seventh Circuit Committee (1999) 4.06

A person attempts an offense if he knowingly takes a substantial step toward committing the offense, intending to commit the offense. A substantial step is an act beyond mere planning or preparation to commit the crime, but less than the last act necessary to commit the crime.

Speech, standing alone, is not a "substantial step."

Defendant Rod Blagojevich Instruction No. 5

Seventh Circuit Committee (1999) 4.09

*United States v. Gladish,* 536 F.3d 646 (7th Cir. 2008)

The law allows the government to use the investigative technique of wiretapping.

Defendant Rod Blagojevich Instruction No. 6

Proposed alternative to Government Instruction 27

The term "enterprise" can include a group of people and/or legal entities associated together for a common purpose of engaging in a course of conduct. This group may be associated together for purposes that are both legal and illegal.

In order for a group to consist of an "enterprise," the government must prove beyond a reasonable doubt that it has an ongoing organization or structure, either formal or informal, and, that the various members of the group functioned as a continuing unit. A group may continue to be an "enterprise" even if it changes membership by gaining or losing members over time. The government must prove the association had some form or structure beyond the minimum necessary to conduct the charged pattern of racketeering.

The government must prove that the group described in the indictment was the "enterprise" charged.

Defendant Rod Blagojevich's Instruction No.7

Proposed Alternative to Government Instruction NO. 32

Seventh Circuit Committee (1999) 18 U.S.C. 1961(4) (modified)
*Cf., United States v. Johnson,* 592 F.3d 749 (7th Cir. 2010)

In order to find a "pattern of racketeering activity" for purposes of Count 1, the government must prove beyond a reasonable doubt that defendant Rod Blagojevich committed or caused another person to commit at least two racketeering acts described in Count 1, and that those acts were in some way related to each other and that there was continuity between them. Although a pattern of racketeering activity must consist of two or more acts, deciding that two such acts were committed, by itself, may not be enough for you to find that a pattern exists.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed in a similar way, or have other similar distinguishing characteristics.

There is continuity between acts if they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

In order to find that the government has proven that Rod Blagojevich committed or caused to be committed the acts described in Count 1, you must unanimously agree as to which two or more racketeering acts defendant Rod Blagojevich committed or caused to be committed, and you must unanimously agree that those acts are related to each other, or are committed in a similar way, or have other similar distinguishing characteristics.

Defendant Rod Blagojevich Instruction No. 8

Proposed alternative to GOVERNMENT INSTRUCTION NO. 36

Seventh Circuit Committee (1999) 18 U.S.C. 1962(c) (modified)

9

In order to find a "pattern of racketeering activity" for purposes of Count 2, the government must prove beyond a reasonable doubt that defendant Rod Blagojevich agreed that some member of the conspiracy would commit at least two acts of racketeering as described in Count 2. The government must also prove that those acts were in some way related to each other and that there was continuity between them.

Acts are related to each other if they are not isolated events, that is, if they have similar purposes, or results, or participants, or victims, or are committed a similar way, or have other similar distinguishing characteristics.

There is continuity between acts if they are ongoing over a substantial period, or if they are part of the regular way some entity does business or conducts its affairs.

For purposes of Count 2, the government need not prove that any racketeering acts were actually committed, or that defendant Rod Blagojevich agreed to personally commit any such acts, or that defendant Rod Blagojevich agreed that two or more specific acts would be committed.

Defendant Rod Blagojevich Instruction No.9

Proposed alternative to GOVERNMENT INSTRUCTION NO. 37

Seventh Circuit Committee (1999) 18 U.S.C. § 1962(d)

To sustain the charge of bribery as alleged in Count 1, Racketeering Act 1(b), the government must prove beyond a reasonable doubt the following propositions:

First, that the defendant agreed to accept any property or personal advantage he was not authorized by law to accept; and

Second, that the defendant did so knowing that the property or personal advantage was tendered or promised with intent to cause him to influence the performance of any act related to his employment or function as a public officer.

Defendant Rod Blagojevich Instruction No. 10

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 41

720 ILCS 5/33-1(d)
IPI (Criminal) 21.11 (4th ed. 2000) (modified)

11

To sustain the charge of conspiracy to commit bribery, as charged in Racketeering Act 1(a), the government must prove the following propositions:

First, that the defendant agreed with others to the commission of the offense of bribery, as charged in Count 1, Racketeering Act 1(a); and

Second, that the defendant did so with intent that the offense of bribery be committed; and

Third, that an act in furtherance of the agreement was performed by any party to the agreement.

Defendant Rod Blagojevich Instruction No.11

Proposed alternative to GOVERNMENT INSTRUCTION NO. 42

720 ILCS 5/8-2
720 ILCS 5/33-1(d)
IPI (Criminal) 6.04 (4th ed. 2000) (modified)

To sustain the charge of attempt bribery, as charged in Count 1, Racketeering Acts 2(b), 3(b), and 5(b), the government must prove beyond a reasonable doubt the following propositions:

First, that the defendant performed an act which constituted a substantial step toward the commission of the offense of bribery, as charged in the particular Racketeering Act you are considering; and

Second, that the defendant did so with the intent to commit the offense of bribery.

Defendant Rod Blagojevich Instruction No.12

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 43

720 ILCS 5/33-1(e)
720 ILCS 5/8-4(a)
IPI (Criminal) 6.07 (4th ed. 2000) (modified)

To sustain the charge of conspiracy to commit bribery, as charged in Racketeering Acts 4(b) and 6(c), the government must prove the following propositions:

First, that the defendant agreed with others to the commission of the offense of bribery, as charged in the particular Racketeering Act you are considering; and

Second, that the defendant did so with intent that the offense of bribery be committed; and

Third, that an act in furtherance of the agreement was performed by any party to the agreement.

Defendant Rod Blagojevich Instruction No. 13

GOVERNMENT INSTRUCTION NO. 44

720 ILCS 5/8-2
720 ILCS 5/33-1(e)
IPI (Criminal) 6.04 (4th ed. 2000) (modified)

14

An elected public officer is authorized by law to receive campaign contributions. A public officer's receipt of a campaign contribution constitutes bribery only if the payment was made in return for an explicit promise or undertaking by the public officer to perform or not to perform a specific act.

Defendant Rod Blagojevich Instruction No.14

*McCormick vs. United States*, 500 U.S. 257 (1991)
*United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)
*United States v. Giles*, 246 F.3d 966 (7th Cir 2001).
*FEC v. Nat'l Conservative Political Action Comm.*, 470 US 480, 497 (1985)
*United States v. Thompson*, 484 F.3d 877 (7th Cir. 2007)

Campaign contributions are not bribes even if the contributor expects to have business before the public officer in the future. For a campaign contribution to be a bribe, there must be a specific request by the contributor made of the official to act or refrain from acting as a quid pro quo for the contribution. It is not enough that the contributor is making the contribution to create good will or with the vague expectation of help in the future.

Defendant Rod Blagojevich Instruction No.15

*United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)

To sustain the charge of wire fraud, as charged in Counts 3 through 13, and in Count 1, Racketeering acts 3(c), 4(c), 6(d), 6(e), 6(f), 6(g), 6(h), 6(i), 6(j), 6(k), and 6(l), the government must prove beyond a reasonable doubt the following propositions:

First, that the defendant knowingly devised or participated in a scheme to defraud;

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of interstate wire communications to take place in the manner charged in the particular Count or Racketeering Act you are considering.

Defendant Rod Blagojevich Instruction No.  16

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 46

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (Mail/Wire/Carrier Fraud - Elements) (modified)
*Skilling v. United States*,– U.S. – , 2010 WL 2518587 at *  (U.S. June 24, 2010).

Counts 3-13 of the indictment charge the defendant Rod Blagojevich with wire fraud.

To sustain the charge of wire fraud, the government must prove the following propositions:

First, that the defendant knowingly participated in a scheme to defraud as described in Counts 3-13;

Second, that the defendant did so knowingly and with the intent to defraud; and

Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place in the manner charged in the particular count.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a particular defendant and a particular count, then you should find the defendant guilty as to that count.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt as to a particular defendant and a particular count, then you should find the defendant not guilty as to that count.

Defendant Rod Blagojevich Instruction No. 17

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 47

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (modified)

18

A scheme is a plan or course of action formed with the intent to accomplish some purpose. A scheme to defraud includes a scheme to defraud another of the intangible right to honest services. A scheme to defraud another of the intangible right to honest services is limited to schemes involving bribery as defined in these instructions.

Defendant Rod Blagojevich Instruction No.18

Seventh Circuit Committee (1999) 18 U.S.C. §§ 1341 & 1343 (modified)
*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *24 (U.S. June 24, 2010).

For purposes of the wire fraud charges in Counts 3-13, an elected official's [conduct alleged to constitute bribery] a campaign contribution constitutes bribery only if the payment was made in return for an explicit promise or undertaking by the public officer to perform or not to perform a specific act.

Defendant Rod Blagojevich Instruction No.19

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 49

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Color of Official Right - definition) (modified)

*United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993)

The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive or cheat the public in order to deprive the public of the defendant's honest services through bribery, as previously defined.

Defendant Rod Blagojevich Instruction No.20

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 52

Seventh Circuit Committee (1999) § 1343 (modified)

*Skilling v. United States*, – U.S. – , 2010 WL 2518587 at *27 (U.S. June 24, 2010)

Extortion by actual or threatened fear means the wrongful use of actual or threatened fear to obtain or attempt to obtain money or property. "Wrongful" means that the defendant had no lawful right to obtain money or property in that way. The government must prove that the victim's fear would have been reasonable under the circumstances.

Defendant Rod Blagojevich Instruction No.21

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 60

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Extortion - definition) (modified)

An elected public officer is authorized by law to receive campaign contributions. A public officer's receipt of a campaign contribution constitutes extortion under color of official right only if the payment was made in return for an explicit promise or undertaking by the public officer to perform or not to perform a specific act.

Defendant Rod Blagojevich Instruction No.22

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 61

*McCormick vs. United States*, 500 U.S. 257 (1991)
*United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)

To sustain the charge of conspiracy to commit extortion, as charged in Count 1, Racketeering Acts 4(a) and 6(a), and in Counts 17 and 21, the government must prove the following propositions with respect to the defendant you are considering:

First, that the conspiracy as charged in the particular count or Racketeering Act you are considering existed;

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy; and

Third, that an overt act was committed by a member of the conspiracy in furtherance of the conspiracy.

 If you find from your consideration of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Defendant Rod Blagojevich Instruction No.23

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 65

*See United States v. Corson*,  579 F.3d 804, 810, n. (7th Cir. 2009) (citing cases holding that, as in the case of 21 U.S.C. § 846, no proof of an overt act is required to find defendant guilty of conspiracy to violate§ 1951, and noting that prior cases from the Seventh Circuit, such as *United States v. Stodola*, 953 F.2d 266, 272 (7th Cir. 1992) stated the opposite, but without discussion).

24

Conspiracy to attempt to commit a crime is not a criminal offense.

Defendant Rod Blagojevich Instruction No.24

*United States v. Wilson,* 116 F.3d 1066 (5th Cir. 1977)
*United States v. Meacham,* 626 F.2d 503, 507-09, n.7 (5th Cir. 1980)

In order to find that the government has proven the commission of an overt act in furtherance of a conspiracy, you must be unanimous with regard to what overt act was in furtherance of the conspiracy.

Defendant Rod Blagojevich Instruction No. 25

PROPOSED ALTERNATIVE TO GOVERNMENT INSTRUCTION NO.66

*But see United States v. Griggs,* 2009 WL 1767269 (7th Cir. June 24, 2009)

To sustain the charge of bribery, as charged in Counts 16 and 20, the government must prove the following propositions:

First, that defendant Rod Blagojevich was an agent of the State of Illinois;

Second, that the defendant solicited or demanded anything of value from another person;

Third, that the defendant did so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the State of Illinois;

Fourth, that this business, transaction or series of transactions involved anything of a value of $5,000 or more; and

Fifth, that the State of Illinois, in any one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. This one year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.

If you find from consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt as to a particular count, then you should find the defendant guilty of that particular count.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt as to a particular count, then you should find the defendant not guilty of that particular count.

Defendant Rod Blagojevich Instruction No.26

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 73

Seventh Circuit Committee (1999) 18 U.S.C. § 666(a)(1)(B) (Bribery concerning federally funded program - Elements) (modified)

27

A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties.

A corrupt intent exists only if there is a specific quid pro quo for the public official to engage in a specific official act in exchange for something of value. Vague expectations of some future benefit are not sufficient to make a payment a bribe.

Defendant Rod Blagojevich Instruction No.27

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 74

Seventh Circuit Committee (1999) 18 U.S.C. § 666(a)(1)(B) (Bribery concerning federally funded program - Elements) (modified)
*United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)

For purposes of the bribery charges in Counts 16, 18, 20 and 23, an elected official's [conduct alleged to constitute bribery] a campaign contribution constitutes bribery only if the payment was made in return for an explicit promise or undertaking by the public officer to perform or not to perform a specific act.

Defendant Rod Blagojevich Instruction No.28

Proposed Alternative to GOVERNMENT INSTRUCTION NO. 49

Seventh Circuit Committee (1999) 18 U.S.C. § 1951 (Color of Official Right - definition) (modified)

*United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993)

Modified salary, wages, fees, or other compensation paid, or expenses paid or reimbursed in the usual course of business do not constitute bribery.

Defendant Rod Blagojevich Instruction No. 29

Proposed Alternative to Government Instruction No. 76

18 U.S.C. 666(c)

*See United States v. Thompson,* 484 F.3d 877 (7th Cir. 2007)

Good faith on the part of the defendant is inconsistent with intent to defraud, acting corruptly, or willfulness, an element of the charges. The burden is not on the defendant to prove his good faith; rather, the government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud, willfully or corruptly.

Defendant Rod Blagojevich Instruction No.30

Seventh Circuit Committee (1999) 6.10

It was particularly within the power of the government to produce Antoin "Tony" Rezko, Stuart Levine, John Filan, Robert Kjellander, Barry Maram, Jesse Jackson, Jr., Raghu Nayak, Ramn Emanuel, Ari Emanuel, President Barack Obama, Valerie Jarrett, Blair Hull, Emil Jones, Bill Quinlan, Fred Yang, Bill Knapp and Andy Stern, who could have given material testimony on an issue in the case. The government's failure to call these witnesses may give rise to an inference that that witness' testimony would be unfavorable to the government.

Defendant Rod Blagojevich Instruction No.31

Seventh Circuit Committee (1999) 3.24

A defendant's association with conspirators or persons involved in a criminal enterprise is not by itself sufficient to prove his/her participation or membership in a conspiracy or criminal enterprise.

Defendant Rod Blagojevich Instruction No.32

Seventh Circuit Committee (1999) 5.11(a)