IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| ROD BLAGOJEVICH | ) | Judge James B. Zagel |
| | ) | |

FORMAL OBJECTION AND
REQUEST FOR RECONSIDERATION OF
DEFENDANT ROD BLAGOJEVICH'S
PROPOSED JURY INSTRUCTIONS, IN PARTICULAR, NUMBERS 14, 15, 22 & 5

Now Comes Defendant Rod Blagojevich, by and through his attorneys, and hereby formally objects to the refusal of Defendant Rod Blagojevich's Proposed Jury Instruction, in particular, Instruction No. 14, 15, 22, & 5. In support thereof, Defendant states the following:

Defendant Rod Blagojevich presented to the court 32 proposed jury instructions, many of which were proposed alternatives to the government's proposed instructions.

Each of the defendant's instructions was based on a pattern instruction or an accurate statement of the law. Blagojevich maintains that each instruction should have been given and objects to each of the refusals. For the purposes of this filing, Blagojevich focuses on four instructions, for which the refusal was particularly egregious.

Defendant Rod Blagojevich Instruction No. 14 states as follows:

> An elected public officer is authorized by law to receive campaign contributions. A public officer's receipt of a campaign contribution constitutes bribery only if the payment was made in return for an explicit promise or undertaking by the public officer to perform or not to perform a specific act.
>
> [*Citing*:
> *McCormick vs. United States*, 500 U.S. 257 (1991)
> *United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)
> *United States v. Giles*, 246 F.3d 966 (7th Cir 2001).
> *FEC v. Nat'l Conservative Political Action Comm.*, 470 US 480, 497 (1985)
> *United States v. Thompson*, 484 F.3d 877 (7th Cir. 2007)]

Defendant Rod Blagojevich Instruction No. 15 states as follows:

> Campaign contributions are not bribes even if the contributor expects to have business before the public officer in the future. For a campaign contribution to be a bribe, there must be a specific request by the contributor made of the official to act or refrain from acting as a quid pro quo for the contribution. It is not enough that the contributor is making the contribution to create good will or with the vague expectation of help in the future.
>
> [*Citing:*
> *United States v. Allen*, 10 F.3d 405 (7th Cir. 1993)]

Additionally, Defendant Rod Blagojevich Instruction No. 22 is a variation of No. 15, but applies to the extortion under color of official right allegations.

Each of these offered instructions are accurate statements of the law. The distinction to be made for campaign contributions (as opposed to personal money) is critical in this case. Moreover, Instruction No. 15 (and 22) is the verbatim instruction given to the jury in the *Allen* case, approved by the Seventh Circuit.

There is no reasonable basis to deny this instruction. It only aids the jury in deliberations. Defendant Rod Blagojevich strenuously objects to the refusal of this instruction.

Moreover, respectfully, this court's findings regarding "money is money" and that there is a "vast middle ground" and not a clear distinction between campaign contributions and personal cash or money was in error. The defense objects to the court's characterization, apparent findings of fact, and improper statement of the law.

This court somehow claimed that the facts were that the campaign contributions were solely in the personal control of Rod Blagojevich. There was no testimony or evidence that this was the case. The government did not offer as evidence any corporation or other business entity documents – the government did not introduce any evidence that Rod Blagojevich was even an officer. The court's findings were erroneous.

The law is the law. The law on campaign contributions is that they are legally distinct from cash or other personal money. The court's ruling does not comport with the law. In fact, as recently as July 20, 2010, the Seventh Circuit recognized the distinction between campaign contributions and personal cash. *See United States v. McGee,* 2010 U.S. App. LEXIS 14823 (7th Cir., July 20, 2010) (finding that "McGee did not record the $750 as a campaign contribution and can't use that explanation for taking the money. [Citing to] *United States v. Allen,* 10 F. 3d 405, 412-412 (7th Cir. 1993)").

Indeed, the mere fact that the parties were before the court arguing these instructions demonstrates that there is indeed a different body of law that addresses campaign contributions within the extortion and bribery statutes. This body of law does indeed make a distinction between personal money and campaign contributions. *See McCormick vs. United States*, 500 U.S. 257 (1991), *United States v. Allen*, 10 F.3d 405 (7th Cir. 1993), *United States v. Giles*, 246 F.3d 966 (7th Cir 2001), *FEC v. Nat'l Conservative Political Action Comm.*, 470 US 480, 497 (1985), *United States v. Thompson*, 484 F.3d 877 (7th Cir. 2007).

Defendant Rod Blagojevich Instruction No. 5 is:

> A person attempts an offense if he knowingly takes a substantial step toward committing the offense, intending to commit the offense. A substantial step is an act beyond mere planning or preparation to commit the crime, but less than the last act necessary to commit the crime.
>
> Speech, standing alone, is not a "substantial step."
>
> [*Citing:*
> *United States v. Gladish,* 536 F.3d 646 (7th Cir. 2008)]

This is also an accurate statement of the law. The Seventh Circuit in *Gladish* held that if speech were sufficient for a substantial step, it would abolish the requirement for a substantial step. This instruction would aid the jury – there is no harm to instructing the jury in this manner.

For all of these reasons, and the reasons given orally at the hearing on July 23, 2010, Defendant Rod Blagojevich objects to the refusal of Instructions 14 and 15 and asks for the court's reconsideration on the instructions.

WHEREFORE, Defendant Rod Blagojevich objects to the refusal of each of his offered instructions and prays that this court will (at the very least) include Defendant Rod Blagojevich Instructions No. 14, 15, 22 and 5 in the jury instructions.

Respectfully Submitted,

/s/ Sam Adam
Counsel for Rod Blagojevich

**Counsel for Rod Blagojevich**
SHELDON SOROSKY
SAM ADAM
MICHAEL GILLESPIE
SAMUEL E. ADAM
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950