# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 888 - 1 | **DATE** | September 2, 2010 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. ROD BLAGOJEVICH, et al. | | |

**DOCKET ENTRY TEXT:**

Proposed Plaintiff-Intervenor's motion to intervene [527] is denied.

## STATEMENT

     Non-party Maisha Imani Hamilton ("Hamilton") filed a motion to intervene in the above-captioned case. Hamilton's motion alleges that she has been the victim of numerous crimes purportedly committed by Defendant Rod Blagojevich and others. She seeks to intervene pursuant to Federal Rule of Civil Procedure 24 and asks that I grant her rights provided by the Crime Victim Rights Act, 18 U.S.C. 3771, *et seq.* For the following reasons, Hamilton's motion to intervene is denied.

     No statute or rule authorizes third parties to intervene in a criminal case. *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007) ("there is no provision in the *Federal Rules of Criminal Procedure* for intervention by a third party in a criminal proceeding; intervention in civil proceedings is governed by Rule 24 of the *Federal Rules of Civil Procedure*, which does not apply in a *criminal* case) (emphasis in original). On this basis alone, Hamilton's motion is denied.

     Hamilton also seeks certain rights provided by The Crime Victim Rights Act. The Crime Victim Rights Act ("CVRA"), 18 U.S.C. § 3771, *et seq.*, and the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, afford crime victims particular rights and provide specific enforcement remedies regarding such rights. Pursuant to the CVRA and MVRA, victims have limited standing in criminal cases for specific purposes. § 3771(d)(3) (victim may petition court of appeals for writ of mandamus if district court denies relief sought under CVRA); § 3664(d)(5) (victim may petition district court to add newly discovered losses to restitution order); § 3664(k) (victim may notify district court of a material change in defendant's economic circumstances that affect the ability to pay restitution; § 3664(l) (victim may rely on criminal judgement to estop defendant from denying liability in separate civil suit.) Both the CVRA and MCRA define a "victim" as a person directly or proximately harmed through the commission of a federal crime. Hamilton, however, is not a "victim" of any offenses charged in this case. *United States v. Rubin*, 558

**STATEMENT**

F.Supp.2d 411, 419 (E.D.N.Y. 2008) ("the realm of cases in which the CVRA might apply despite no prosecution being 'underway,' cannot be read to include the victims of uncharged crimes that the government has not even contemplated.") Moreover, while the CVRA grants victims a right to be "reasonably heard" when the issue before the court is "release, plea, sentencing or parole," none of those issues is presently before this court. § 3771(a)(4); FED. R. CRIM. P. 60(a)(3). Accordingly, I deny Hamilton's request for rights granted under the CVRA.

For the foregoing reasons, Hamilton's motion to intervene is denied.