IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 08CR888 |
| | ) | |
| ROD BLAGOJEVICH | ) | Judge James B. Zagel |
| | ) | |

MOTION TO CONTINUE TRIAL

Now Comes Defendant Rod Blagojevich, by and through his attorneys, and hereby moves to continue the retrial to a date certain in May 2010. In support thereof, Defendant states the following:

Defendant Rod Blagojevich's trial representation has changed drastically. At the first trial, and in the months leading up to it, Blagojevich was represented by five (5) full-time trial lawyers, who were colloquially referred to as the "senior" lawyers (Sam Adam, Sr., Sam Adam, Jr., Sheldon Sorosky, Aaron Goldstein and Michael Gillespie), two (2) full-time lawyers throughout trial who sat at counsel's table with the defense team as so-called, "junior" lawyers (Lauren Kaeseberg and Elliott Riebman), and there were at least seven (7) other "junior" lawyers who provided document review services, trial preparation assistance and other duties. An additional experienced "senior" trial lawyer joined the team toward the end of the case (Marc Martin). Along with the lawyers on the case, there were paralegals and administrative help that contributed to the defense team as well.

1

For the retrial, the Court has indicated that it will appoint two lawyers and a paralegal, pursuant to the CJA allowances. As it currently stands, the new team will consist of the two trial lawyers, Attorneys Sheldon Sorosky and Aaron Goldstein, and Attorney Lauren Kaeseberg will remain on the team, filling the so-called 'paralegal' slot.

At the first trial, the vast amount of discovery and witnesses was divided up among the senior trial lawyers. Because of the reconfiguration of the trial team, new attorneys will now have to prepare the cross examinations of the government's two key witnesses (John Harris and Lon Monk) and prepare the opening statement and closing argument. In addition, two significant witnesses (Tony Rezko and Stuart Levine) who may testify in the next trial will have to be prepared by members of the new trial team.

The new trial team simply does not have the resources to adequately prepare for a January trial. The duties of the trial lawyers during the government's case in chief alone include, *inter alia,* preparing for the cross-examination of certain witnesses, being attentive to the direct examinations of the witnesses on the stand, making objections, and conducting both thorough and responsive cross-examinations. In this case, where there are a number of multi-day government witnesses, it is particularly taxing on the trial lawyers who are also responsible for preparing for upcoming witnesses and legal arguments as well.

Time is needed for the two current trial lawyers to prepare adequately. To proceed to trial in two months time, with a drastically reduced defense team is an unworkable framework.

Breaking down the number of working days between the time of this filing and the January retrial is enlightening. Between October 25th and the first week of January, there are a number of significant holidays including Thanksgiving, Hanukah, Christmas and New Year. The number of holiday days is thirteen (13), counting the eight (8) days of Hanukah. That leaves only forty-three (43) business days, until the January trial.

In addition, the defense is not in receipt of all of the transcripts from the first trial (while it appears the Government is in possession of most, if not all, of the transcripts). The defense requires time to obtain, read and process the transcripts.

Defense counsel would be remiss to not assure the Court that this request is made out of necessity. Counsel is steadfast in its belief that Blagojevich is not guilty of the alleged crimes. Likewise, counsel strenuously believes that an adequate defense simply cannot be mounted in two months based on the vast change in circumstances and with the fraction of the resources for the preparation of the retrial.

Blagojevich's right to a fair trial, right to due process, and right to effective assistance of counsel are all at stake. U.S. Const. Amend. V, VI. Moreover, Blagojevich's Sixth Amendment right to effective assistance of counsel includes preparation and thorough examination of witnesses, as well as a well-prepared

3

defense. *See United States v. Santos,* 201 F.3d 953, 958 (7th Cir. 2000); *see also, United States v. Cronic,* 466 U.S. 648 (1984). This request for a continuance is made in good faith in an effort to preserve these critical constitutional rights. In addition, based upon the Seventh Circuit's recent decision in *United States v. Isaacs*[1], the request for continuance should be granted. The *Issacs* case enumerated the following factors for the Court to consider: (1) the amount of time available for preparation; (2) the likelihood of prejudice from denial; (3) the defendant's role in shortening the effective preparation time; (4) the degree of complexity of the case; (5) the availability of discovery from the prosecution; (6) the likelihood a continuance would satisfy the movant's needs; and (7) the inconvenience and burden to the court and its pending caseload.

The defense request satisfies each of these factors and falls squarely within the parameters of a justified continuance. Specifically, (1) there is insufficient time within which to prepare for trial considering the change in the defense team, the minimal amount of resources and the vast amount of preparation; (2) a denial of the defendant's request would surely result in prejudice – it would force a newly reconstructed team of two trial lawyers to proceed hastily to trial in circumstances where the government's resources and lawyers have not been reduced nor changed at all; (3) the defendant has no role in the shortening of time; (4) there is no question as to the complexity of this case; (5) there is an extraordinarily large amount of discovery in this case, much of which now needs to be thoroughly reviewed by the new team in their new roles; (6) the continuance would satisfy the

---

[1] 593 F.3d 517, 525(7th Cir. 2010)

need to acquire additional time to prepare for retrial; and (7) the continuance could potentially provide the court with the opportunity to preside over additional cases that were delayed or continued during the first trial and allow the court and attorneys the opportunity to clear some of the case load pending the upcoming retrial.

This request should be granted in the interest of justice.

WHEREFORE, Defendant Rod Blagojevich prays that this Court will grant this motion and continue the trial to a date certain in May 2010.

> Respectfully Submitted,
> /s/ Lauren Kaeseberg
> Counsel for Rod Blagojevich

**Counsel for Rod Blagojevich**
SHELDON SOROSKY
AARON GOLDSTEIN
LAUREN KAESEBERG
6133 S. Ellis
Chicago, IL 60637
(773) 752-6950