Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 888-1 | **DATE** | February 8, 2011 |
| **CASE TITLE** | UNITED STATES v. BLAGOJEVICH | | |

**DOCKET ENTRY TEXT:**

Order respecting jury selection and service. Any objector must file objections and briefs in support of them by February 17, 2011. Opposition to objections shall be filed by February 22, 2011.

## STATEMENT

The methods adopted by the Northern District of Illinois in its plan implementing the Jury Selection and Service Act will apply generally. The following special procedures and rules are adopted for this trial.

A randomly selected list of potential jurors will be asked to state whether they will be able to serve in a trial which will ordinarily be heard on no more than four days a week for a period of several weeks. The personnel of the court's jury office will determine whether to accept any claim of good cause by a juror who seeks to be excused from extended jury service. Prospective jurors whose claims of good cause are denied by the jury office will be permitted to assert their claim during voir dire, at which time the court will determine whether to excuse such a juror.

Persons ordered to appear for duty in this case will be required to complete a questionnaire approved by the court after conferring with counsel for the parties. To help ensure full candor of responses, the prospective jurors will be informed that the questionnaires will be destroyed after trial.

Due to the length and nature of this trial, court personnel will use a name check procedure to determine whether any prospective juror has experienced arrest, prosecution, or conviction for a violation of state or federal criminal law. The questionnaire will also ask for this information from each prospective juror. Where appropriate, prospective jurors will be asked to clarify their personal history on this (or any other) subject.

Prospective jurors will be identified by number rather than name throughout the proceedings. Persons selected for jury service will remain anonymous throughout their service. The prospective jurors will be informed of this condition of their service. The names of the jurors who participated in deliberations on the merits of the case will be publicly released eight hours after their verdict is returned. With the exception of this eight hour delay in releasing the jurors' names, these procedures regarding disclosure of jurors' names are the same procedures used in the first trial.

**STATEMENT**

The reasons for adoption of the same procedures were set forth in my prior order of July 26, 2010. *See United States v. Blagojevich*, No. 08 CR 888-1, 6, 2010 WL 2934476 (N.D. Ill. July 26, 2010). Though that order was not appealed, there was in fact adequate time to secure a ruling on appeal. The jury in the first trial did not return its verdict until twenty-two days after the entry of my order of July 26, 2010. Even more time might have been available if intervenors had sought a prompt hearing after remand. From July 12th to July 19th (the day I set the hearing date for the release of jurors' names), intervenors made no request to be heard. From the date of the hearing to the date of my ruling on remand there passed four days. *See United States v. Blagojevich,* 612 F.3d 558 (7th Cir. 2010); *United States v. Blagojevich*, 614 F.3d 287 (7th Cir. 2010) (denial of rehearing en banc); *Blagojevich*, 2010 WL 2934476 (order after remand). If my order had been appealed, it could have been timely reviewed by the same panel of the Court of Appeals that remanded the matter for further consideration in its opinion on July 12th.

The one change from my earlier procedure is the delay of some hours from the time of verdict to the release of the voting jurors' names. Incidents occurring after juror names were released following the first trial counsels the wisdom of providing a short delay in releasing jurors' names, even after the verdict is returned.

In light of the prior proceedings on this issue, I think it is wise to set deadlines for objections, if any, to the provisions of this order. This will ensure that any objector or defender of this order may be able to secure a prompt hearing, a prompt ruling, and if appropriate, a speedy appeal. Furthermore, prospective jurors will be informed of the precise level of anonymity they will have as prospective jurors or actual jurors before the voir dire is begun and without delay to the April start of trial.

I have set slightly shorter deadlines than might otherwise be provided because the issues have been fully briefed and heard in both this Court and the Court of Appeals. Updating the briefs is likely to consume little time. Moreover, I conclude that, in light of my ruling of July 26th, any potential objector or new intervening objector would be well aware that the same procedures I approved in the first trial would be basically the same ones I would apply at retrial.

Any objector must file its objections and briefs in support of them by February 17, 2011. Any objection to the provisions of this order filed after that date will be denied as untimely. I authorize objectors to incorporate by reference its prior briefs in this Court and the Court of Appeals in support of its objections to this order. If there is opposition to objections, as there were in the first trial, the briefs in support of opposition (which may also incorporate prior papers by reference) shall be filed by February 22. The matter will be heard during the last full week of February and, absent extraordinary circumstances, decided no later than February 28.