# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 888 - 1 | **DATE** | April 19, 2011 |
| **CASE TITLE** | UNITED STATES V. ROD BLAGOJEVICH | | |

**DOCKET ENTRY TEXT:**

Defendant's objections to the government's proposed redactions [656], [663] are overruled.

## STATEMENT

    I overrule the objections to redactions made by the prosecution.

    Neither side is ordinarily required to offer the entirety of a recording. Each can choose to play the parts it deems relevant. Its opponent can then offer the admissible parts it thinks are important. The only exception to this principle is found in FED.R. EVID. 106 which says that an adverse party may require the introduction of any other part of the recording which ought in fairness to be considered contemporaneously with it. *See generally*, *United States v. Lewis et al.*, - - F.3d - -, 2011 WL 1261146, (7th Cir. 2011).

    There is no redacted portion that meets this standard. All of the objections to redactions are dependent on the proposition that the redacted portions contain specific meanings which inherently clarify the meaning of the portion which is played.

    This is not the case. Many of the redacted portions have no clear relevance to the played portion and no effect on its meaning. Where the redacted portions could have such an effect they do not, standing alone, affect an understanding of the portion which is played. The lawyers attempt to provide a reason why this or that redaction is necessary, but their arguments are not based on the language itself. Their arguments are no more than the lawyers' "testimony" of what the redacted portion must mean. This testimonial form of argument fails because it does not justify a conclusion that fairness requires the redaction to be played contemporaneously with the passage.

    In the defendant's case, he could present evidence through witnesses that establish the need to consider both passages together. The redacted passages are too ambiguous, standing alone, to require they be played in the government's case.

    Given the nature of the recordings in question, I reject the argument that a jury will have forgotten the details of the recording they have heard, and would not understand the significance of the redaction if it was later admitted into evidence. The defendant has at least one option to cure this problem if he can properly offer recordings in his case consistent with the rules of evidence.