UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 888 |
| | ) | Hon. James B. Zagel |
| ROD BLAGOJEVICH, et al. | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT
ADMISSION OF DEFENDANT**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully moves the Court, *in limine*, to admit a video-recorded statement made by the defendant during a television interview on January 27, 2009. As discussed below, this statement is highly probative in rebutting the defendant's anticipated defenses concerning his state of mind at the time of the charged offenses, and should be admitted.

**BACKGROUND**

Defendant is charged with wire fraud, attempted extortion, conspiracy to commit extortion, solicitation of a bribe, and conspiracy to solicit a bribe, in violation of 18 U.S.C. §§ 1343, 1346, 1951(a), 666(a), and 371, in connection with a scheme to use the powers of the Office of the Governor of the State of Illinois to exchange official governmental actions for financial benefits, including

1

campaign contributions and employment for defendant and his wife. To sustain these charges, the government must prove beyond a reasonable doubt, among other things, that defendant acted knowingly and intentionally, that is, that he realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident when he schemed, conspired and attempted to exchange various state actions for personal benefits.

### Public Statement

On January 27, 2009, defendant appeared on the MSNBC television show, The Rachel Maddow Show. During this televised interview by Rachel Maddow, defendant was asked the following questions, and gave the following answers:

> RM: Do you agree that it would be wrong, it would be criminal for you to try to exchange Barack Obama's U.S. Senate seat, that appointment, for something that would be of value to you. You agree that would be wrong.
>
> RRB: Oh, absolutely.
>
> RM: Yeah. Did . . .
>
> RRB: A personal, you know, one for the other personal gain?
>
> RM: Yeah.
>
> RRB: Absolutely.
>
> RM: And you didn't do that?

2

RRB: Absolutely not.[1]

### *Defendant's Theories of Defense*

The government cannot predict with certainty the contours of the defense to be presented in the upcoming retrial. In the first trial, however, defendant attempted through cross-examination of government witnesses to suggest that he did not know, and had no way of knowing that his conduct was unlawful because, among other things, none of his advisors told him that was the case, and because such conduct was not unusual. *E.g.*, 6/30/10 Tr. 130, 147 (asking Doug Scofield whether it was "fair to say that based on that conversations, there were no objections presented by any of these lawyers during the conversation?" and "Did you in any way express that [the exchange of the Senate seat appointment for the position of Secretary of HHS] was wrong?"); 7/12/10 Tr. 135 (asking Bob Greenlee whether he understood the term "legitimate" meant "lawful" in the context of Greenlee's having told defendant that he thought the request for the HHS position in exchange for the Senate Seat was "a totally legitimate ask.")

Likewise, defendant argued in the first trial that at all times he acted with

---

[1] The government has provided the Court and the defense with copies of the recording, as well as a draft transcript for the sake of convenience. The portion of the interview which the government proposes to introduce begins at minute 6:22, and ends at minute 6:38 of the recording.

honest intentions and the belief that his conduct complied with the law. *E.g.*, 6/29/10 Tr. 65 (stating, "[h]e was advised these things were legal . . . he was told by his lawyers and advisers you can do things."); *id.* at 66:

> Tell me one piece of evidence that came in here when he said, no, on such and such a date Quinlan said "no, it's illegal," or on such and such a date, "Governor, that's illegal, you can't do that"? Tell me one time? Just one time. Have them play one tape. You had about 5500 conversations and not one did they play for you where they say, "you can't do this Governor"? It's the exact opposite. This man had no idea that you couldn't do it because everybody told him he could, and not only could, should, and not only should --

Moreover, defendant requested, and received, multiple instructions stating that good faith on the part of the defendant would be inconsistent with the mental state required to establish his guilt on various charges.

In its Consolidated Motions *in Limine*, the government has moved to preclude defendant from pursuing several lines of questioning and argument without first laying an evidentiary foundation of relevance to his state of mind, and the defendant has not committed to testifying on his own behalf or otherwise laying the requisite foundation of relevance. Whether or not defendant chooses to lay the requisite foundation, however, given the experience of the first trial, there is no guarantee that some or all of the above issues will not be put before the jury.

Accordingly, as part of its proof of defendant's intent, the government

seeks to introduce in evidence at trial a public statement made by defendant on January 27, 2009, after his arrest and release on bond in this case.[2]

## DISCUSSION

"A party's own statements offered against him are considered admissions by a party-opponent, and, as such, are not hearsay and are admissible under Fed. R. Evid. 801(d)(2)(A)." *United States v. DiSantis*, 565 F.3d 354, 360 (7th Cir. 2009) (quotation omitted). Such statements are admissible as substantive evidence whether or not they were made under oath. *Id.* Statements made to members of the press or news media are treated no differently than admissions made in other contexts. *See, e.g.*, *United States v. Pelisamen*, 2011 WL 1378640, *8 (9th Cir. 2011) (affirming admission of recording of television interview containing admission by defendant); *Libertad v. Welch*, 53 F.3d 428, 443 n.12 (1st Cir. 1995) (holding that a press release by defendant was "admissible evidence as an admission of a party-opponent under Fed. R. Evid. 801(d)(2)(A).")

The statement the government seeks to introduce is relevant to show that, in seeking to exchange various state actions for personal benefit, defendant was acting knowingly and intentionally and, more specifically, is relevant to rebut

---

[2] The government also plans to introduce a similar public statement made by the defendant before any of the charged offenses were committed. Naturally that statement contains no reference to the conduct charged in the second superseding indictment.

the defendant's defense that he did not realize the nature of his conduct, and that he "had no idea" he could not legally do what he did. Because the statement is relevant and admissible under Fed. R. Evid. 801(d)(2)(A), the government should be permitted to introduce it in evidence.[3]

Although the statement the government seeks to introduce is a short excerpt of a relatively lengthy interview, the statement requires no explanation, clarification or qualification. The statement simply reflects, in clear and succinct terms, the defendant's awareness of the fact that exchanging official actions for personal benefits is legally prohibited. No other portions of the recorded interview are necessary to explain the statement offered by the government, or to place the statement in context, and there is no risk that introducing the statement without other portions of the interview will mislead the jury or present the statement in an unfair light. *See United States v. Velasco*, 953 F.2d. 1467, 1475 (7th Cir. 1992); see also *United States v. Kopp*, 562 F.3d 141, 143-44 (2d Cir. 2009)(affirming district court's determination that the rule of

---

[3] In fact, the defendant fully recognized at the time he made the statements that they could be used against him in court, saying, during the interview: "You know a traditional lawyer like that would, would say to his client, or her client, don't say anything. Just, you know, do, lay low and let's not take any chances and don't say anything 'cause whatever you say could be used against you. Um, but see I, I'm, I'm the governor of a state. And I was elected by the people. And, ah, it's not a simple thing for me to simply allow all these different things that are being said."

completeness did not require the defendant's entire statement to reporters be admitted). Moreover, the government has proposed including the defendant's denial of wrongdoing that immediately followed defendant's expression of his understanding that it would be criminal to try to exchange the Senate seat appointment for personal gain. Thus, it will be clear to the jury that, although the defendant admitted knowledge, he did not admit to having violated the law. Accordingly, no other portions of the interview need be admitted pursuant to Fed. R. Evid. 106.[4] *See United States v. Price*, 516 F.3d 597, 604 (7th Cir. 2008) (in order to be introduced under Fed. R. Evid. 106, the portion of the statement to be admitted must not only be relevant to the issues in the case, but must also necessary to clarify, qualify or explain the subject matter of the recording already offered by the opponent.)

---

[4]Fed. R. Evid. 106 states:

When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

## CONCLUSION

For the all the foregoing reasons, the government respectfully requests that its motion *in limine* be granted, and that the proposed government exhibit be admitted in evidence.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY:    /s/ Debra Riggs Bonamici
REID SCHAR
CHRISTOPHER NIEWOEHNER
CARRIE HAMILTON
DEBRA RIGGS BONAMICI
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn St., 3rd Floor
Chicago, Illinois 60604

8

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

### GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT ADMISSIONS OF DEFENDANT

was served on April 25, 2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY:   /s/ Debra Riggs Bonamici
DEBRA RIGGS BONAMICI
Assistant United States Attorneys
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, Illinois  60604
(312) 353-3741