UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 08 CR 888 |
| v. | ) Hon. James. B. Zagel |
| | ) |
| ROD BLAGOJEVICH, et al. | ) ~~UNDER SEAL~~ |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
<u>UNSEAL ORIGINAL WIRETAP RECORDS</u>**

The United States, by and through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to Defendant Rod Blagojevich's under seal motion, filed on February 22, 2011, to unseal and obtain access to original wiretap disks, stating as follows:

**I.     INTRODUCTION**

Defendant Rod Blagojevich ("defendant"), in a single page motion, moves the Court to unseal the magneto-optical disks containing the original recordings of both telephone and oral intercepts in this case. In addition, the defendant asks the Court to appoint an independent audio analyst to analyze the disks at taxpayer cost.

The motion provides no justification for the request to unseal. Since April 2009, the defendant has had access to essentially every recording in the instant

1

case. Further, the motion comes after a lengthy trial where numerous of the recordings were played by the government. The motion also comes more than a year after the defendant and his counsel averred to the Court that they had listened to every recording in this case and were aware of the contents of every recording. Dock. 241. In short, until the instant motion, and despite having access to and knowledge of the recordings for over a year, the defendant has never raised a need for the original disks.

Because the defendant has not and cannot allege "good cause" for the original disks, the motion should be denied.

## II. ARGUMENT

Although there is not significant case law on the standard required to unseal original wiretap recordings, at least one court has noted that the party seeking the unsealing must demonstrate "good cause" for the unsealing. *United States v. Angiulo*, 847 F.2d 956, 977 (1st Cir. 1988) ("While such unsealing should never be allowed as a matter of course, courts should have the discretion to order temporary unsealing, as the district court concluded, for good cause shown."). In *Angiulo*, the Court found "good cause" was shown for the government's motion to unseal recordings where the original recordings were

difficult to hear and the originals were required for enhancement.[1] The *Angiulo* court noted that there might be a variety of reasons the government or defense might want to unseal original recordings, but still required a showing of "good cause" to justify the unsealing. *Id.* at 977 n.29, 978.

In the instant case, the defendant's motion provides no "cause," let alone "good cause," for wanting to unseal the original magneto-optical discs. Nor is there "good cause" to unseal the original recordings. As an initial matter, unlike days gone by where duplicates (or second-generation copies) of original wiretap tape-recordings could suffer in quality from the originals, here the duplicates that have been used by the government and the defense are of the exact same quality as the "originals" since the duplicates were actually made at the same time as the originals. In essence, two "original" copies were made simultaneously: one was sealed and the other was used as a working copy by the government and used to produce recordings for the defense.

In addition, there is no allegation in the defendant's motion that somehow the recordings the defendant received were altered from the "original" recordings. The defendant cites no evidence that suggests the recordings have

---

[1] The recordings in *Angiulo* were cassette tapes, not magneto-optical discs, where originals were needed for enhancement. In the instant case, there is no functional difference between the original magneto-optical discs and the duplicates made and, therefore, the original magneto-optical discs would not be needed for enhancement.

3

been altered or tampered. The fact that the defendant has had the recordings since April 2009, listened to every recording, and participated in a trial in which the recordings were critical, but only now filed a motion seeking unsealing of the original disks makes plain that the defendant cannot in good faith allege that the recordings in their possession have been altered from the originals.

In short, the defendant has not and cannot present "good cause" to unseal the "original" magneto optical disks in this case.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion to unseal magneto-optical disks should be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Reid Schar
REID J. SCHAR
CHRISTOPHER S. NIEWOEHNER
CARRIE E. HAMILTON
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

4

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO UNSEAL ORIGINAL WIRETAP RECORDS**

were served on March 9, 2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Reid Schar
REID SCHAR
Assistant United States Attorney
219 S. Dearborn Street
Chicago, IL 60604
(312) 353-8897
