IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 08 CR 888 |
| | ) | Honorable James B. Zagel |
| ROD BLAGOJEVICH | ) | |

**BLAGOJEVICH'S RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* TO ADMIT SUMMARY CHARTS**

NOW COMES Rod Blagojevich, by and through his counsel, and respectfully responds to the government's Motion *In Limine* to Admit Summary Charts (Dkt # 697) as follows:

The government's request to admit the summary charts should be denied. The summary charts sought for admission by the government do not comport with the Federal Rules of Evidence nor the relevant case law.

Rather, the government seeks to provide the jury with a "Cliff Notes" version of the indictment. This is improper for a number of reasons. First, the recordings submitted to the jury are not so voluminous or confusing to warrant a summary chart. In addition, the charts are overly prejudicial.

The government has already heavily redacted the recordings which the jury has heard in court. The government's argument for many of the redactions was that it cut out extraneous conversation, making the "relevant" substance more simple and evident for the jury. By doing so, the government has removed any

1

possible confusion on the recordings which could possibly create the need for a summary chart to assist with explaining its theory[1]. To the contrary, the recordings speak for themselves. The jurors have been provided with "transcript binders" with clearly delineated tab numbers. Each tab opens up to the transcript of that particular call and the top of the first page is clearly labeled with the session number of the recording, the date and time, as well as the speakers. There is no confusion or overwhelming amount of content creating the need for a summary chart.

    In fact, the Rule under which the government seeks to admit the summary charts, (Federal Rule of Evidence 1006), does not permit the introduction of the charts which the government seeks to admit. One requirement under the rule is that "the documents, recordings, or photographs must be so voluminous that they cannot conveniently be examined in court by the trier of fact. That is, the documents must be sufficiently numerous as to make comprehension difficult and inconvenient." *United States v. Bray*, 139 F.3d 1104, 1109 (6th Cir. 1998) (cited in the Government's Motion at 4), and citing Fed. R. Evid. 1006 (which provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. . .")

---

[1] For example, if the government played the full recordings of each conversation, with no redactions, the government may have an argument that a summary chart is required to denote the significant portions of the voluminous conversations. That is simply not the case here.

In addition, the government's charts are not appropriately submitted under Rule 1006 because the charts summarize evidence that is already admitted. Rule 1006 permits, where appropriate, a party to admit charts in lieu of the underlying evidence. As such, the Rule 1006 charts are themselves considered evidence, which takes the place of the underlying documents or materials. As a result, the charts the government seeks would only be permissible (if at all) as pedagogical devices which, where appropriately introduced at a trial, are more akin to argument and do not go back into the jury room during deliberations. *Bray*, 139 F.3d at 1110, *citing United States v. Wood,* 943 F.2d 1048, 1053-54 (9th Cir. 1991). In addition, such pedagogical summaries should only be used where necessary to "clarify and simplify complex testimony or other information and evidence." *Bray,* 139 F.3d at 1110. *See*, Fed. R. Evid. 611 (a) (The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment).

Blagojevich strenuously objects to the admission of the charts under either Rule 1006 or 611(a). In both instances, summary charts are *not* needed to "clarify and simplify complex testimony or other information and evidence." *Bray,* 139 F.3d at 1110.

In the event the government argues that the summary charts are the "unusual" hybrid of Rule 1006 and 611(a)[2], the Court should likewise deny the government's request. There is simply no reason for the charts to be introduced – the testimony and underlying evidence (recordings) is *not* so complex that the jury needs the charts or clarification.

The cases upon which the government relies in its motion do not support its request. In fact, the cases demonstrate that summary charts are only proper where there is voluminous, complicated evidence of which the jury cannot properly assess without the charts. No such evidence exists in the instant case. *See*, for example,

---

[2] *See*, *Bray*, 139 F.3d at 1112 where the Court discusses the three types of summary charts:

(1) Primary-evidence summaries [under Rule 1006], . . . which summarize 'voluminous [evidence], that, because they are so voluminous, 'cannot conveniently be examined in court.' In this instance, the summary, and not the underlying documents, is the evidence to be considered by the factfinder.
(2) Pedagogical-device summaries . . . [under Rule 611(a)] taken from . . . documents in evidence, which are intended to summarize, clarify, or simplify testimonial or other evidence that has been admitted in the case, but which are not themselves admitted, instead being used only as an aid to the presentation and understanding of the evidence. For these the jury should be instructed that the summaries are not evidence and were used only as an illustrative aid.
(3) Secondary-evidence summaries that are a combination of (1) and (2), in that they are not prepared entirely in compliance with Rule 1006 and yet are more than mere pedagogical devices designed to simplify and clarify other evidence in the case. These secondary-evidence summaries are admitted in evidence not in lieu of the evidence they summarize but *in addition thereto*, because in the judgment of the trial court such summaries so accurately and reliably summarize complex or difficult evidence that is received in the case as to materially assist the jurors in better understanding the evidence. In the *unusual* instance in which this third form of secondary evidence summary is admitted, the jury should be instructed that the summary is not independent evidence of its subject matter, and is only as valid and reliable as the underlying evidence it summarizes. *See United States v. Citron*, 783 F.2d 307, 317 n.10 (2d Cir. 1986).

(emphasis in original).

4

*United States v. Stoecker*, 215 F.3d 788, 789 (7th Cir. 2000) (cited in Government's Motion at 3), where Defendant Stoecker's convictions stemmed from a major bank fraud scheme wherein the defendant owned a corporation which held stock for four other holding companies, which in turn owned subsidiary or operating companies and eight banks loaned defendant $150 million. Summary evidence clarified the extraordinary amount of financial records in evidence. Over the course of the lengthy trial in *Stoecker*, this detailed financial information, which was complicated to begin with, could easily be lost or forgotten by the jury.

*See also*, *United States v. Swanquist*, 161 F.3d 1064, 1067-70, 1073 (7th Cir. 1998) (cited in Government's Motion at 3) (where the defendant, charged with false statements to financial institutions, was alleged to have filed dozens of false reports, some incorporating other reports, all involving different loans, mortgages, banks, family and personal statements, etc., and where the Court instructed the jury that the summary charts were not evidence, that they were admitted simply to aid the jurors in evaluating other evidence, and that it was for the jurors to decide whether the evidence supported the summaries.); *United States v. Robbins,* 197 F.3d 829, 837 (7th Cir. 1999) (cited in Government's Motion at 3) (where the Seventh Circuit ruled that "the basic purpose of the summary exhibit was to recapitulate the numerous and voluminous exhibits that had already been introduced into evidence and that were difficult to sort out" including many phone records, hotel receipts, truck rental receipts, credit card charges that were grouped into various and multiple trips taken by the cooperating witness at the direction of

5

the defendants, charged in a large-scale narcotics operation); *United States v. Turner*, 400 F.3d 491, 495-96, 498 (7th Cir. 2005) (cited in Government's Motion at 3) (where charts were admitted in the prosecution of a $15 Million conspiracy and money laundering case involving evidence from multiple bank accounts and properties, including five years of detailed bank records); *United States v. Petty*, 132 F.3d 373, 378-79 (7th Cir. 1997) (cited in Government's Motion at 4) (computer-generated telephone bills and records were summarized because they were "cumbersome, difficult to read, and contained much irrelevant information" and the records were "quite unwieldy and more complex than a consumer's monthly telephone statement"); and *Bray,* 139 F.3d at 1110 (where documents consisted of postal forms over a two-year period, completed by two co-defendants on a daily basis, constituting over 1000 forms in addition to about 100 forms for their replacement employees, and the Court ruled "[g]iven this volume, it seems to us that the forms [ ] could not have been 'conveniently . . . examined in court.'")

Simply put, the charts the government seeks to admit are not necessary. The recordings introduced by the government are not overly cumbersome, voluminous or confusing. In fact, in the words of the government, it has "streamlined" its case, obviating the need for these summaries. Admission of these charts would be erroneous. See, *Javelin Investment, A.A. v. Municipality of Ponce*, 645 F.2d 92, 96 (1st Cir. 1981) (where plaintiff introduced a one-page summary of ten pages of simple, short and straightforward documents. The admission of the summary was

6

error, as it was not based on the type of voluminous writings that could not be conveniently examined in court.)

Moreover, the introduction of the charts would improperly permit the government to present this evidence yet again. If permitted to admit these summary charts, the government will improperly put the wiretap evidence thrice before the jury – once in the publishing of the recording for the jury to hear (and read along in the transcript binder), again when the government elicits line-by-line "understandings" from the witness stand as the jury follows along in the transcripts once more, and then a third time vis-à-vis the summary charts and their accompanying testimony.

The Court should not permit such repetitive and cumulative testimony and evidence. *See*, for example, *United States v. Conley*, 826 F.2d 551, 560 (7th Cir. 1987) (cited in Government's Motion at 5), where the Seventh Circuit ruled there was not an abuse of discretion because when "the defendant objected to the chart, asserting that it was an impermissible attempt by the government to put its evidence twice before the jury," "[t]he trial judge, in response to the objection, restricted the agent's testimony where it would be unnecessarily repetitive.") In the instant case, the repetitiveness is prejudicial and the cumulative nature of the charts also renders them inadmissible pursuant to Federal Rule 403.[3]

The potential admission of these summary charts raises many concerns. In *United States v. Lemire*, 720 F.2d 1327, 1346-1350 (D.C. Cir. 1983), for example,

---

[3] Fed. R. Evid. 403 (where the probative value of evidence is substantially outweighed by the danger of unfair prejudice, confusion, or undue consumption of time, the evidence may be excluded even though it is relevant.)

the court cautioned about one of the dangers of summary evidence, that the jury will treat the summary as evidence or as corroboration of the truth of the underlying documents. The *Lemire* Court ruled, "a summary should not draw controversial inferences or pronounced judgment; these functions are best left to the closing argument of counsel." *Id.* at 1350. The Fifth Circuit has also "strongly caution[ed]" against the use of summaries, ruling that, "[f]or example, summary witnesses are not to be used as a substitute for, or a supplement to, closing argument." *United States v. Fullwood*, 342 F.3d 409, 413-414 (5th Cir. 2003). *See also*, *United States v. Leon-Reyes*, 177 F.3d 816, 819 n.4 (9th Cir. 1999), *citing United States v. Baker*, 10 F.3d 1374, 1412 (9th Cir. 1993), holding that summary witnesses should be allowed only in "exceptional cases," because of their tendency to usurp the function of the jury and substitute their own credibility for the credibility of the evidence summarized.

In *United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991), the Seventh Circuit remanded the case after the government's summary witness invaded the province of the jury by making credibility determinations and drawing inferences from the evidence that the jury was equally qualified to make.

The charts in the instant case are overly prejudicial and should not be admitted.

A summary chart "must be accurate and nonprejudicial." *Bray*, 139 F.3d at 1110, citing *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986). The information in the chart must be summarized "accurately,

8

correctly, and in a nonmisleading manner. Nothing should be lost in the translation." *Bray,* 139 F.3d at 1110. There should be no embellishments, annotations, conclusions or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise. *Id.* Indeed, "a summary containing elements of argumentation could very well be the functional equivalent of a mini-summation by the chart's proponent every time the jurors look at it during their deliberations. . ." *Id.*

The summary charts at issue here go beyond the evidence already submitted in Court. The charts categorize and label purported evidence in a manner reserved only for closing argument. *See*, for example, *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3rd Cir. 2007) ("Plaintiffs' proffered calculations are better described as a synthesis rather than a summary of the charts and other evidence on which [the preparer] relied. The calculations went beyond the data they summarized and included several assumptions, inferences, and projections about future events, which represent [the preparer's] opinion, rather than the underlying information.")

In this case, the tapes themselves are the evidence, and the government has the ability to argue what, if any, intent Blagojevich had at the time of the recordings. The category labels and distinctions in the charts improperly bolster the government's witnesses and mislead the jury. The charts present themselves as objective factual evidence, when to the contrary, they present the evidence in an argumentative manner in support of the government's theory. For example, the government postulates that in the days following the 2008 Presidential Election,

9

Governor Blagojevich intended to exchange the Senate seat appointment of Valerie Jarrett for various positions or purported benefits. The government is free to make this argument, but there are more than one interpretation of the recordings. To categorize the evidence in the chart under the heading of "HHS" for example, presents it in a seemingly-definitive, manner, using the government's theory as the 'road map.' This is improper and misleading to the jury. The prejudice to Blagojevich far outweighs any probative value to the government. This is particularly true where (1) the evidence admitted by the government is not overly cumbersome or confusing, obviating the need for summarization and (2) the government can, and will, argue the same points in closing argument.

WHEREFORE, for the foregoing reasons, Blagojevich requests that the Court deny the government's Motion *In Limine* to Admit Summary Charts.

> Respectfully Submitted,
>
> /s/ Lauren Kaeseberg
> One of the Attorneys for
> Rod Blagojevich

**Attorneys for Rod Blagojevich**
SHELDON SOROSKY
AARON GOLDSTEIN
LAUREN KAESEBERG
ELLIOTT RIEBMAN
158 W. Erie
Chicago, IL 60654