UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 888 |
| v. | ) | Hon. James B. Zagel |
| | ) | |
| ROD BLAGOJEVICH | ) | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT EVIDENCE OF DEFENDANT'S
<u>AUGUST 17, 2010 CONVICTION AT TRIAL</u>**

The United States of America, by its attorney, Patrick J. Fitzgerald,

United States Attorney for the Northern District of Illinois, respectfully moves

the Court, *in limine*, conditionally to admit in evidence, pursuant to Fed. R.

Evid. 609, evidence of defendant's August 17, 2010 conviction, in the event the

defendant elects to testify. In support of this motion, the government states as

follows.

**Background**

Defendant was charged in the second superseding indictment with wire

fraud, attempted extortion, conspiracy to commit extortion, solicitation of a

bribe, conspiracy to solicit a bribe, and false statements, in violation of 18 U.S.C.

§§ 1343, 1346, 1951(a), 666(a), 371, and 1001, in connection with a scheme to use

the powers of the Office of the Governor of the State of Illinois to exchange

official governmental actions for financial benefits, including campaign

contributions and employment for defendant and his wife. R. 231. The case went

to trial beginning on June 7, 2010. On August 17, 2010, the jury returned a verdict of guilty against defendant Rod Blagojevich on Count 24, which charged defendant with making false statements to the FBI, in violation of 18 U.S.C. § 1001. R. 561. On October 27, 2010, the Court denied defendant's motion for judgment of acquittal, arrest of judgment or new trial as to Count 24. R. 589.

At the conclusion of the trial, the jury was unable to reach a verdict on any of the remaining counts of the second superseding indictment. R. 561. The Court declared a mistrial as to those counts and scheduled the case for retrial. *Id.* The retrial began on April 20, 2011, and is ongoing.

Defendant has indicated that he may choose to testify on his own behalf. In order to assess the credibility of defendant's testimony, the jury is entitled to know that he previously was convicted of the felony false statement charge.

## Discussion

Rule 609(a)(2) of the Federal Rules of Evidence provides that:

> For the purpose of attacking the character for truthfulness of a witness . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Evidence of a conviction involving dishonesty or false statement is automatically admissible for impeachment purposes under Fed. R. Evid. 609(a)(2), without

regard to the probative value/prejudicial effect balancing test applicable under Fed. R. Evid. 609(a)(1), and without regard to Fed. R. Evid. 403. *United States v. Kuecker*, 740 F.2d 496, 501 (7th Cir. 1984) (holding that trial court has "no discretion to prevent introduction, for impeachment purposes, of evidence of prior convictions for crimes involving dishonesty or false statement"). Convictions of crimes involving dishonesty and false statements are singled out for mandatory admission because such convictions are so "peculiarly probative of credibility," *see* Advisory Committee Notes to 1974 Enactment, that their probative value conclusively outweighs any risk of unfair prejudice.

The fact that a court has not yet imposed sentence or entered judgment on a jury's verdict in no way precludes the admission of a conviction for impeachment purposes under Fed. R. Evid. 609(a)(2). A jury's verdict is sufficiently final and certain to warrant a "presumption of correctness," *see* Advisory Committee Notes to Rule 609(e), particularly where, as here, the Court has rejected the defendant's motion for judgment of acquittal or new trial. Moreover, the jury's verdict of guilty, beyond a reasonable doubt, is what proves that the defendant committed an offense involving an act of dishonesty or false statement and, thus, what is probative of defendant's character for untruthfulness. Neither the entry of formal judgment nor the imposition of sentence adds anything to the conviction's probative value. *See United States*

3

*v. Klein*, 560 F.2d 1236, 1241 (11th Cir. 1977) (stating that, "[w]here the guilty verdict is introduced for impeachment purposes, . . . it can be distinguished from a conviction only on the basis of a procedural requirement which is "nothing more than a ministerial act.") (quoting *United States v. Canaday*, 466 F.2d 1191 (9th Cir. 1972). Thus the admission of a conviction upon which formal judgment has not yet been entered serves the purpose intended by Fed. R. Evid. 609, that is, to ensure that the jury has access to evidence directly relevant to the defendant's credibility.

Accordingly, federal courts repeatedly have rejected the notion that entry of judgment on a finding of guilt is required before a conviction may be utilized under Rule 609. *See, e.g., United States v. Mitchell*, 886 F.2d 667, 670-71 (4th Cir. 1989) (upholding district court's order permitting cross-examination of defendant based on prior convictions as to which defendant had not yet been sentenced, and for which the time for appeal had not yet run) (citing *United States v. Duncan*, 598 F.2d 839, 864 (4th Cir. 1979) (holding that a court's acceptance of a jury's verdict is "a sufficient predicate for the use of the 'verdict' for impeachment" in a subsequent trial); *United States v. Smith*, 623 F.2d 627, 630–31 (9th Cir.1980 (holding that there is a "conviction" for the purpose of Fed. R. Evid. 609 when there has been a verdict of guilty, even if the judgment of conviction has not been entered or sentence imposed); *United States v.*

4

*Vanderbosch*, 610 F.2d 95, 96-97 (2d Cir. 1979) (holding that jury verdict of guilty prior to entry of judgment is admissible for impeachment purposes if it meets the other requirements of Rule 609) (collecting cases); *United States v. Rose*, 526 F.2d 745, 747 (8th Cir. 1975) (stating that, "We find no significant difference between the jury's finding of guilt and the entry of judgment thereon as far as probative value for impeachment purposes."). The reasoning of these cases has particular force where, as here, the district court already has denied a motion for judgment of acquittal or new trial.

Fed. R. Evid. 609 specifically provides that a conviction may used for purposes of impeachment even though an appeal is pending. Fed. R. Evid. 609(e). Thus, the rule itself recognizes that standards of finality applicable in other contexts are not applicable to the context of impeachment. Excluding evidence of conviction based on the fact that formal judgment has not been entered would elevate form over substance, and thwart the purpose of Fed. R. Evid. 609, which is to ensure that the jury has access to information bearing directly on credibility.

## Conclusion

For the foregoing reasons, the government respectfully requests that its motion *in limine* be granted, and that evidence of defendant's August 17, 2010 conviction of making false statements to government agents in violation of 18 U.S.C. § 1001 be conditionally admitted, in the event that defendant elects to testify in his own behalf in this case.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY:    /s/ Debra Riggs Bonamici
REID SCHAR
CHRISTOPHER NIEWOEHNER
CARRIE HAMILTON
DEBRA RIGGS BONAMICI
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn St., 3rd Floor
Chicago, Illinois  60604

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that

the following document:

### GOVERNMENT'S MOTION *IN LIMINE*
### TO ADMIT EVIDENCE OF DEFENDANT'S
### AUGUST 17, 2010 CONVICTION AT TRIAL

was served on June 2, 2011, in accordance with FED. R. CRIM. P. 49, FED. R.

CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF)

pursuant to the district court's system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    /s/ Debra Riggs Bonamici
DEBRA RIGGS BONAMICI
Assistant United States Attorneys
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 353-3741