UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 CR 888 |
| | ) | Hon. James B. Zagel |
| ROD BLAGOJEVICH, et al. | ) | |

**GOVERNMENT'S MOTION TO PRECLUDE
IMPROPER ARGUMENTS**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully moves the Court for an order precluding improper closing arguments.

## Discussion

In the initial trial and retrial of this case, the Court has made rulings regarding the admissibility of certain evidence and the propriety of certain arguments to the jury. Although the government does not assume that the defense will make arguments contrary to the Court's prior rulings, in an abundance of caution, the government seeks an order barring improper arguments to the jury, including the arguments set forth below.

The Court has broad discretion in controlling closing arguments. *Herring v. New York*, 422 U.S. 853, 862 (1975); *see also United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1984). As the Supreme Court stated in *Herring*:

> This is not to say that closing arguments in a criminal case must be uncontrolled or even unrestrained. The presiding judge must be

>and is given great latitude in controlling the duration and limiting the scope of closing summations. He may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects he must have broad discretion. *See generally* 5 R. Anderson, Wharton's Criminal Law and Procedure s 2077 (1957). Cf. American Bar Association, Project on Standards for Criminal Justice, The Prosecution Function s 5.8, pp. 126-129, and the Defense Function s 7.8, pp. 277-282 (App.Draft 1971).

*Herring*, 422 U.S. at 862. Thus, this Court clearly has the authority to bar arguments that are factually unsupported or legally improper.

## I.   Argument That the Defendant Believed His Conduct Was Legal.

On June 1, 2010, this Court prohibited testimony that defendant believed his conduct was "legal," but noted that he defendant was "perfectly free" to say that he thought he could engage in the charged conduct because he did not think it amounted to exchanging official actions for personal benefits, that is, conduct the defendant admitted he knew was illegal. 6/1/10 Tr. at 41-42. In making this determination, the Court focused on the fact that defendant had previously testified, and stated in many of the recorded conversations, that he was aware that exchanges of official action for personal benefits, "one for the other", was not legal, and had also made numerous suggestions that he relied on the advice of lawyers. In these circumstances, general testimony that defendant at all times believed his conduct was legal was bound to confuse and mislead the jury. The

same considerations should lead this Court to preclude the argument that defendant believed his conduct was "legal."

## II. Arguments Suggesting that the Defendant Relied in Good Faith on the Advice of Counsel.

"Advice of counsel is not a free-standing defense, though a lawyer's fully informed opinion that certain conduct is lawful (followed by conduct strictly in compliance with that opinion) can negate the mental state required for some crimes, including fraud." *United States v. Van Allen*, 524 F.3d 814, 823 (7th Cir. 2008) (quoting *United States v. Roti*, 484 F.3d 934, 935 (7th Cir. 2007) and holding that no advice of counsel instruction was warranted where defendant failed to establish that attorney advised him to prepare bankruptcy schedules in a certain way)). In order to show that the defendant relied upon the advice of counsel in good faith, a defendant must show that:

(1) before taking action,

(2) defendant in good faith sought the advice of an attorney whom he considered competent,

(3) for the purpose of securing advice on the lawfulness of possible future conduct,

(4) and made a full and accurate report to his attorney of all material facts which the defendant knew, and

(5) then acted strictly in accordance with the advice of his attorney.

3

*Van Allen*, 524 F.3d at 823 (citing *United States v. Al-Shahin*, 474 F.3d 941, 947-48 (7th Cir. 2007)). Where, as here, defendant has conceded, and the Court has ruled, that the evidence presented at trial is insufficient to support an advice of counsel defense, defendant should be precluded from making any such arguments to the jury.

### III. Arguments Based on "Politics as Usual."

The law is plain that it is improper for the defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)); see also *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quotation omitted); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to

4

exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.")

An argument that concedes the conduct but simply suggests to the jury that even if such conduct is technically illegal it is proper, necessary, or simply the way of life in politics, seeks jury nullification and should be barred. *See, e.g., United States v. Warledo*, 557 F.2d 721, 730 (10th Cir. 1977) (affirming exclusion of evidence offered to explain the defendants' motives as irrelevant to whether their activity was "wrongful" under the Hobbs Act); *United States v. Boardman*, 419 F.2d 110, 114 (1st Cir. 1969) (affirming exclusion of evidence regarding the defendant's political beliefs because it was irrelevant to whether he acted knowingly and deliberately); *United States v. Stirling*, 571 F.2d 708, 735-36 (2d Cir. 1978) (denouncing efforts to defend a securities fraud case by implying that the charged criminal activities amounted to proper and routine business practice).

> Prior to the initial trial, this Court specifically ruled that:
>
> . . . [A]n argument that a defendant was simply following usual custom and practice is not a defense. *See United States v. Stirling*, 571 F.2d 708, 736 (2d Cir. 1978) (testimony related to the "normalcy" or "usualness" of certain business practices was inadmissible and irrelevant to the issue before the court). Individuals are obliged to follow the law, and not an illegal custom or practice. Laws are often enacted just for the purpose of ending toxic customs and practices. . . .

5

R. 349 at 5. Accordingly, defendant should be precluded from making argument or presenting evidence regarding similar "political" acts engaged in by others or suggesting that defendant's conduct was simply part of politics or "politics as usual."

## IV.    Improper Allegations of Government Misconduct.

Prior to the initial trial, this Court barred the introduction of any evidence or arguments before the jury alleging improper conduct on the part of government agents and attorneys, which could serve as the basis for seeking nullification:

> Sometimes there are disputes about the manner in which law enforcement officials conducted themselves. If what these officials did was lawful, then there is no basis to suggest that the jury acquit simply because they disapprove of or disagree with the officers' actions. The arrest in this case, the manner in which it was made, and the use of cooperating witnesses, immunized witnesses and wiretaps have either been found to be legal or were not challenged as illegal.

R. 349. The Court held that this Court has held that its rulings on the motions in limine before the first trial will govern the second trial as well, without the need to re-file previous motions.

Nevertheless, during retrial, the defense falsely suggested on multiple occasions that government agents and attorneys had engaged in misconduct in

the course of the investigation that led to this prosecution. For example, in opening, defense counsel argued that

> For years, the federal government has been investigating Rod. They dedicated dozens of U.S. Attorneys, over a hundred federal agents, and countless amounts of resources and money to get that man. They wiretapped his phone, his advisors' phone, even his own brother's phone.

5/2/10 p.m. Tr. 4-5. Counsel went on to say, "You will see the lengths at which they will go to get this man." *Id.* at 5. On cross-examination, when asked whether he was concerned that Tony Rezko was talking to federal investigators, defendant testified that he was told Rezko "was put in solitary confinement to lie about me" and that he was concerned about published reports that the government was trying to make Rezko lie about him and President Obama." 6/2/10 p.m. Tr. 131-32.

The "thrust" of these comments was that "the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond reasonable doubt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (citation omitted) (Zagel, J.). See also *United States v. Shields*, 1991 WL 236492, at *3 (N.D. Ill. 1991) (stating that courts routinely have granted motions in limine "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation.");

7

*United States v. Finley*, 708 F. Supp. 906, 913-914 (N.D. Ill. 1989) (precluding evidence "not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation."); *United States v. Katz*, 1992 WL 137174, at *5 (N.D. Ill. 1992) (stating that "the government is right in attempting to preclude any argument by [defendant] before the jury that the government's conduct in investigating and prosecuting this case is outrageous.") No party is entitled to seek nullification; all arguments suggesting government misconduct, which serve no other purpose, should be precluded.

### V. Arguments Based on Invalid Legal Theories.

In opening, defense counsel suggested that wealthy individuals and corporations cannot be victims:

> They want you to believe that these political insiders and millionaires are victims, that's what they want you to believe. Far from it. These people are not victims, they were not victimized in any way. Now, the first victim, the racetracks, it's also called the Recapture bill. Now, let me try to explain to you the Recapture bill, okay. The Recapture bill, which is also the Racetrack bill, basically took money from one group of millionaires, the casinos, and gave that money to any group of millionaires, the horse racing industry, that's this Recapture bill, okay.

5/2/11 p.m. Tr. 10.

Further, he argued that "The man was engaged in discussion, those aren't crimes." *Id.* at 29.

8

It is self evident that, as a matter of law, wealth does not preclude an individual or corporation from being a victim of a crime, and criminal "discussions" may well constitute crimes. The defendant should be barred from making these arguments, and any others, that are wholly unsupported by law.

## Conclusion

For all of the following reasons, the government respectfully requests that this Court preclude all of the arguments described above.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


BY:   /s/ Debra Riggs Bonamici
        REID SCHAR
        CHRISTOPHER NIEWOEHNER
        CARRIE HAMILTON
        DEBRA RIGGS BONAMICI
        Assistant United States Attorneys
        United States Attorney's Office
        219 S. Dearborn St., 3rd Floor
        Chicago, Illinois 60604
        (312) 353-3741

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**Government's Motion to Preclude Improper Arguments,**

was served on June 9, 2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

BY:   /s/ Debra Riggs Bonamici
        DEBRA RIGGS BONAMICI
        Assistant United States Attorneys
        United States Attorney's Office
        219 S. Dearborn St., 3rd Floor
        Chicago, Illinois 60604
        (312) 353-3741