UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 08 CR 888 |
| v. | ) Hon. James. B. Zagel |
| | ) |
| ROD BLAGOJEVICH, et al. | ) **UNDER SEAL** |

**GOVERNMENT'S SECOND STATUS REPORT
REGARDING EXTRAJUDICIAL COMMENTS**

The United States of America, by and through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this second status report regarding extrajudicial comments made by counsel for defendant Rod Blagojevich on the television program "Chicago Tonight" on June 13, 2011. This report is being filed under seal in an effort to minimize further publicity that could influence the deliberating jurors should they become exposed to it. The government will not object to unsealing this filing at a later time.

**Discussion**

After hearing the arguments of the parties and receiving instructions on the law, the jury in this case began deliberations on June 10, 2011. Deliberations continued on Monday, June 13, and are ongoing.

On the evening of June 13, 2011, two of the attorneys representing defendant, Aaron Goldstein and Lauren Kaeseberg, appeared on the WTTW television program

"Chicago Tonight."[1] During this televised interview by Elizabeth Brackett, counsel were asked to explain their claim, expressed in their most recent motion for mistrial, that the defendant had not received a fair trial. Both counsel declined to discuss the motion for mistrial in detail but nevertheless asserted that the defendant had not been permitted to introduce certain tape recordings in evidence, that those recordings proved the defendant's innocence, and that the defendant's inability to present the recordings to the jury rendered the trial unfair. For example, when asked,

> "You said the Court, meaning Judge Zagel, had a biased opinion against Blagojevich and, as a result, he was denied a fair trial. Why did you say he was denied a fair trial—what's the most important?"

Attorney Kaeseberg answered:

> I mean I think it's important for us as we sit here today – this process is not completed yet, the trial—and I think it's somewhat inappropriate for us to comment directly about the process. . . . *Ultimately we know that there is evidence out there that proves that Rod is innocent. And every single motion that we filed, every request that we made, was an effort to get that evidence to light, because we know that if it's presented, it's a not guilty*. And so that was always behind the filing of those motions."

(Emphasis added).

> When asked,

> "Well, you basically said the judge had . . . really made up his mind, and that's why the rulings were unfair. What do you think, Aaron?"

Attorney Goldstein stated:

> As Lauren said, it's something we prefer not to publicly comment on, but everything Lauren said to the judge was absolutely believed in, and I

---

[1] The government has provided the Court and the defense with copies of a recording of the interview.

> think as observers, as people who watched the trial, I think they saw what was happening. You know, not to be coy or anything, or sound too lawyerish, but that's, that's how we see it."

Specifically with respect to the recorded conversations, Ms. Brackett posed the following question:

> You know, I interviewed one defense attorney who said that it's not that Judge Zagel was unfair, but the federal rules of evidence are simply stacked against the defendant, and that's one reason why they have a 94.1 percent conviction rate in federal court . . . . What do you think about that?

Attorney Goldstein asserted that the Federal Rules of Evidence unfairly prevented the defense from putting before the jury recorded conversations that showed that "Rod is innocent":

> . . . In many ways the rules are unfair, and we've said this all along. The tapes that the government were able to get in under the federal rules of evidence, these were tapes solely because Rod Blagojevich said these things. When we wanted to get tapes that contradicted what was said in those tapes, and were said by Rod Blagojevich, we cannot get them in because the rules prevent this. So that's one perfect example of how the rules are unfair. And I think what . . . makes it unfair, and highlights the unfairness of this case, is you have an individual, not only is he innocent, but we have evidence to show he's innocent and they're all on the tapes. A lot of times, your typical case with a wiretap, there's a couple tapes with five, ten minutes or an hour of tapes, and it all goes against the defendant. Here, there's hundreds of hours of tapes and there's many, many tapes that show Rod is innocent.

When Ms. Brackett pointed out that some of the tapes cut strongly against the defendant's position, Attorney Kaeseberg commented that the unplayed recordings would not only prove the defendant's innocence, but they would also contradict and

3

explain the recordings that *were* played for the jury:

> Right, I mean the words are what they are on the tapes. *And the truth is that, throughout the hundreds of hours of tapes that haven't been played in court, there are other words that potentially contradict those words, that explain those words.* I mean, ultimately, what this comes back to is that Rod absolutely never had an intent to ever commit a crime. It's so evident on all of these tapes. And, you know, you have to remember that, so far I believe what's been heard is two percent of the tapes and, as you say, they cut both ways. In many of the calls that the government themselves introduced, there's very positive language, and language that we embrace, and that shows that he's innocent. I mean, he says at one point, "Whatever I do, it's gotta be legal obviously." I mean, that's a very powerful statement and it shows his state of mind. And that's on one of the tapes the government introduced, *so you can only imagine what's out there on the tapes that haven't been heard.*

(Emphasis added).

Although the government trusts that the jury is conscientiously following the Court's instructions to avoid all media coverage of this case, it is concerned about the effect that defense counsel's extrajudicial statements might have on the jury, should one or more jurors inadvertently be exposed to them. "Legal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper." *Bridges v. California*, 314 U.S. 252, 271 (1941). As the Supreme Court explained in *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991), "the theory on which our criminal justice system is founded" is that:

> The outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding. Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial and ex parte statements by counsel giving their version of the facts obviously threaten to undermine this basic tenet.

*Id.* at 1070. *See also Levine v. United States Dist. Ct.*, 764 F.2d 590, 596-97 (9th Cir.

1985) (stating that "[s]ociety has the right to expect that the judicial system will be fair and impartial to all who come before it."); *United States v. Tijerina*, 412 F.2d 661, 666 (10th Cir. 1969) (noting that, in this sense, "[t]he concept of a fair trial applies both to the prosecution and the defense."); *Chicago Council of Lawyers v. Bauer*, 522 F.2d 242, 254 (7th Cir. 1975) (stating that "the Government is entitled to a fair trial."); *United States v. Brown*, 218 F.3d 415, 424 (5th Cir. 2000) (upholding gag order on attorneys, parties, and witnesses).

As this Court is aware, extrajudicial statements of trial counsel pose a substantial risk of improperly influencing the jury, because the public tends to believe that counsel have special access to information, making their comments "especially authoritative,"*Gentile*, 501 U.S. at 1074. Moreover, such statements pose the special risks of exposing the jury to information not properly presented to them, *see Brown*, 218 F.3d at 428 (noting that "trial participants, like attorneys, are privy to a wealth of information that, if disclosed to the public, could readily jeopardize the fair trial rights of all parties.")(internal quotations omitted), as well as to the speaker's particular views concerning the facts, *United States v. Calabrese*, 2007 WL 2075630 (N.D. Ill. July 13, 2007)(noting that "[c]ommentary or spin" from lawyers was particularly likely to prejudice jurors because it "it applies the speaker's own gloss to material presented to the jury"). Statements such as those made by defense counsel on "Chicago Tonight," which (incorrectly) characterized as exculpatory evidence the Court ruled inadmissible during the trial and the trial as unfair, could be particularly damaging.

5

Courts are obligated to take steps to "protect their processes from prejudicial outside interference," *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966), particularly while the trial is ongoing, when there is "the most need to ensure that inadmissible opinions or statements do not encroach upon the laboratory conditions of the trial," *Chicago Council of Lawyers*, 522 F.2d at 256. The greater the number of extrajudicial statements that are made, the greater the risk of inadvertent exposure. Therefore, the government requests that the defense be admonished to avoid such comments for the remaining period of the jury's deliberations.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>BY:  /s/ Debra Riggs Bonamici
>REID SCHAR
>CHRISTOPHER NIEWOEHNER
>CARRIE HAMILTON
>DEBRA RIGGS BONAMICI
>Assistant United States Attorneys
>United States Attorney's Office
>219 S. Dearborn St., 3rd Floor
>Chicago, Illinois  60604

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S SECOND STATUS REPORT
REGARDING EXTRAJUDICIAL COMMENTS**

was served on June 15, 2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

        Respectfully submitted,
        PATRICK J. FITZGERALD
        United States Attorney

BY:   /s/ Debra Riggs Bonamici
        DEBRA RIGGS BONAMICI
        Assistant United States Attorneys
        United States Attorney's Office
        219 S. Dearborn St., 3rd Floor
        Chicago, Illinois  60604
        (312) 353-3741