IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 08 CR 888 |
| ) | Honorable James B. Zagel |
| ROD BLAGOJEVICH ) | |
| ) | |

**MOTION FOR RECONSIDERATION OF DENIAL
OF POST-TRIAL MOTION BASED ON NEW EVIDENCE
CONCERNING GOVERNMENT COOPERATING
<u>WITNESS JOHN WYMA</u>**

NOW COMES the Defendant, Rod Blagojevich and respectfully requests that this Court reconsider its denial of Blagojevich's post-trial motion based upon new evidence about the government's reckless disregard for the truth regarding the cooperation of John Wyma. In support, Blagojevich states as follows:

1. The defense has always maintained that John Wyma agreed to cooperate with the government and become an informant for the government against Blagojevich and in exchange, the government agreed not to pursue or investigate criminal accusations made against Wyma.

2. The defense previously requested an evidentiary hearing regarding the Wyma cooperation. This request was denied. However, now that there exists additional evidence, a hearing is now warranted. The issues surrounding Wyma affected and violated Blagojevich's substantial rights including the Fourth, Fifth and Sixth Amendments.

1

3. The government in its wiretap application did not inform the issuing judge that the confidential informant became an informant in return for not being investigated. The defense further maintains that the government has not recited nor disclosed this agreement.

4. Furthermore, at trial, Blagojevich was denied his Fifth Amendment right under the United States Constitution to cross-examine Wyma about agreeing to cooperate with the government and becoming a confidential informant in exchange for a benefit from the government.

5. John Wyma was a critical cooperating witness against Blagojevich at both trials.

6. In October of 2008, John Wyma was also the confidential informant (CI) in the government's application for a wiretap on Blagojevich's telephones.

7. Without Wyma's cooperation the government would have been unable to obtain a court order to wiretap in this case.

8. Wyma's problems began after Antoin Rezko's conviction. Rezko started cooperating with the government and told FBI agents incriminating information against Wyma.

9. As a result, during the late summer of 2008 Wyma received a subpoena to testify before a federal grand jury.

10. The immediate topic of Wyma's grand jury subpoena was whether bribery crimes were committed when Provena Hospital was granted a Certificate of

Need (CON) from the Illinois Health Facilities Planning Board (IHFPB) to build a hospital.

11. Wyma was a lobbyist who assisted Provena in its successful effort to obtain a CON from the IHFPB.

12. Rezko was a friend of, and political sponsor of, a number of members of the IHFPB.

13. Rezko told the government that he told Wyma that Provena would not receive its CON from the IHFPB because a member of the IHFPB had certain financial disputes with Provena and that unless Provena resolved these financial disputes with this board member, said board member would prevent Provena from obtaining its CON.

14. Rezko further told the government that Provena resolved its financial disputes with the board member, i.e., paid money to this board member, immediately before Provena received its CON. In addition, immediately after Provena received its CON, a Provena affiliate made a contribution to Friends of Blagojevich (FOB).

15. Blagojevich did not have any knowledge about and was absolutely unaware of the Provena activities of Rezko and Wyma.

16. Shortly after Wyma received this grand jury subpoena, he agreed to be, and became, an informant for the government. This allowed the government to obtain a wiretap on Blagojevich's telephones.

17.     After Wyma became an informant and helped the government secure the Blagojevich wiretaps, the government maintains that Rezko's incriminating information against Wyma was "not substantiated."

18.     The government maintains that the Rezko accusation against Wyma was "not substantiated," however, it appears that the government did not conduct an extensive investigation to determine if Wyma engaged in illegal conduct. The government's claim that accusations against Wyma were "not substantiated" may only be accurate because the government elected not to investigate said accusations.

19.     It may be accurate for the government to recite that Rezko's information about Wyma was not substantiated. However, if the incriminating evidence against Wyma was not substantiated because it was not investigated, the government's statement is misleading.

20.     In the government's sentencing memorandum on Rezko, the government states:

> Ultimately, the information that Rezko provided was not substantiated and Wyma credibly denied any wrongdoing.

(Page 4, subparagraph 3).

21.     The government is acknowledging that Rezko provided incriminating information. The government never made this acknowledgment about Wyma to the issuing magistrate or to this Court at trial. If it did, certainly the Court would have allowed cross-examination of Wyma as to whether he became an informant in exchange for a government benefit.

4

22. In fact, at the June 2010 Blagojevich trial, the defense attempted to cross examine John Wyma about his allegedly illicit briberous conduct relating to Provena Hospital and Tony Rezko. After the defense relayed the allegations, as related in Rezko and Wyma's 302 interviews, to argue "that is [Wyma's] motivation for cooperating with the government and testifying against Governor Blagojevich," the government responded that the defense was making "an outrageous allegation." (Transcript of John Wyma testimony, July 13, 2010). The government stated: "To try to make some sort of argument as to why he cooperated other than what he's already said. So I understand where they're going. Again, I think it's outrageous."

23. This failure to disclose Wyma's agreement was a reckless disregard for the truth and should have required this Court to suppress the tapes recovered from the court-approved wiretaps. At the very least, Blagojevich was deprived his right of confrontation and cross-examination pursuant to the Sixth Amendment of the United States Constitution.

24. This Court erred in denying Mr. Blagojevich's post-trial motion. In addition, the Court previously erred in denying Blagojevich's request for an evidentiary hearing. The additional new evidence of the government's reckless disregard for the truth mandates a new trial, and at the very least an evidentiary hearing.

WHEREFORE, based upon the foregoing reasons, Rod Blagojevich respectfully requests that this Court reconsider its reconsider its denial of Blagojevich's post-trial motion based upon new evidence about the government's reckless disregard for the truth regarding the cooperation of John Wyma.

Respectfully Submitted,
/s/ Sheldon Sorosky
One of the Attorneys for
Rod Blagojevich

<u>Attorneys for Rod Blagojevich</u>
SHELDON SOROSKY
AARON GOLDSTEIN
LAUREN KAESEBERG
ELLIOTT RIEBMAN
158 W. Erie
Chicago, IL 60654