UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 08 CR 888 |
| v. | ) Hon. James. B. Zagel |
| | ) |
| ROD BLAGOJEVICH, et al. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S MOTION TO REFERENCE WIRETAP
RECORDINGS**

The United States, by and through PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits the following response to Defendant Rod Blagojevich's Motion For Leave To Reference Brief Portions of Wiretaps and Transcripts In His Written Sentencing Submission And Court Hearing:

1. On April 14, 2009, with concurrence of defense counsel, the Court entered a protective order in the instant case. The protective order covers the wiretap recordings. In particular, the wiretap recordings fall under the "confidential" designation of the protective order for a variety of reasons, including concern over the privacy rights of those individuals whose conversations were overheard, or were referenced on the calls, and are not a party to the instant case.

1

2. On November 24, 2011, the defendant filed a motion that would, in effect, undo the protective order as to 180 phone calls. While the defendant indicates that he intends to offer only portions of certain of the 180 calls, the defendant seeks an order that would permit public dissemination of any portion of any of the 180 calls without regard to relevance or the privacy concerns of individuals and topics referenced on the recordings. Although the motion included an attachment listing 180 phone calls, the defendant did not designate in any way the portions of the calls he intends to offer or their relevance.

3. The defendant's motion is overbroad. First, there is currently no limit on defendant's use of the wiretap recordings in his sentencing submission to the Court — other than the portions of the filing referencing the recordings be under seal. The defendant provides no explanation as to why he needs to play the calls in open court, as opposed to providing them to the Court under seal. Second, instead of designating with particularity the portions of the calls he intends to use and seeking the government's concurrence or the Court's permission, the defendant has chosen to request permission to make public any portion of any of the 180 calls. It is possible the government will not object to the defendant using certain portions of calls in its filings and at the sentencing hearing. And even if the government objects, the Court may permit publication. But those decisions should be made on a call-by-call basis as opposed to a

blanket order permitting the defendant to put into the public domain any portion of any of the 180 calls he thinks is relevant without outside consideration of the actual relevance or the privacy concerns of those individuals either recorded or referenced on the recordings. In fact, the defendant's list is so indiscriminate it includes charged calls, other calls played during trial, and calls the defendant did not consider relevant enough to offer at either trial. In addition, the vast majority of the calls have been reviewed by the Court on multiple occasions and, as prior hearings on the admission of calls has shown, the Court has the ability to be educated regarding the calls without placing the content into the public domain. [1]

---

[1] The defendant's motion indicates the calls are necessary to "show Mr. Blagojevich's state of mind and lack of ill intent." Mot. ¶ 9. To the extent the defendant intends to use the sentencing hearing to attempt to continue prove his innocence of the charges that the jury found him guilty, the defendant's use of the calls is inappropriate because (a) the calls do not support his innocence and (b) the issue of guilt has already been resolved.

WHEREFORE, the government requests the Court deny Defendant Rod Blagojevich's Motion For Leave To Reference Brief Portions of Wiretaps and Transcripts In His Written Sentencing Submission And Court Hearing.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   s/Reid Schar
        REID J. SCHAR
        CHRISTOPHER S. NIEWOEHNER
        CARRIE E. HAMILTON
        Assistant United States Attorneys
        219 S. Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-5300

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S RESPONSE TO DEFENDANT
ROD BLAGOJEVICH'S MOTION TO REFERENCE WIRETAP
RECORDINGS**

were served on November 28, 2011, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                s/Reid Schar
                                                REID SCHAR
                                                Assistant United States Attorney
                                                219 S. Dearborn Street
                                                Chicago, IL 60604
                                                (312) 353-8897