1

1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
2                      EASTERN DIVISION

3    UNITED STATES OF AMERICA,        )
                                      )   No.  08 CR 888
4            Government,              )
                                      )
5    vs.                              )   Chicago, Illinois
                                      )
6    ROD BLAGOJEVICH,                 )   April 30, 2010
     ROBERT BLAGOJEVICH,              )
7                                     )
              Defendants.             )   12:09 o'clock p.m.
8

9                  TRANSCRIPT of PROCEEDINGS
            BEFORE THE HONORABLE JAMES B. ZAGEL
10

11   For the Government:

12              THE HONORABLE PATRICK J. FITZGERALD,
                UNITED STATES ATTORNEY
13              BY:  Reid J. Schar
                     Carrie E. Hamilton
14                   Christopher Niewoehner
                Assistant United States Attorneys
15              219 South Dearborn Street
                Suite 500
16              Chicago, Illinois 60604

17

18

19   Court Reporter:

20              Blanca I. Lara, CSR, RPR
                219 South Dearborn Street
21                   Room 2504
                Chicago, Illinois 60604
22                   (312) 435-5895

23

24

25

2

1  APPEARANCES  (continued:)

2
   For Defendant Rod Blagojevich:
3
          KAPLAN & SOROSKY
4         BY:  Sheldon M. Sorosky
          158 West Erie
5         Chicago, Illinois 60610
          (312) 640-1776
6
          LAW OFFICE OF SAMUEL E. ADAM
7         BY:  Samuel Forbes Adam
               Samuel Adams, Jr.
8         6133 South Ellis Avenue
          Suite 200
9         Chicago, Illinois 60637
          312-726-2326
10

11 Also present:  Michael Gillespie
                  Arron Goldstein
12                Lauren Kaeseberg

13

14 For Defendant Robert Blagojevich:

15        ETTINGER, BESBEKOS, PARISI
          BY:  Michael D. Ettinger
16             Cheryl Ann Schroeder
          12413 South Harlem
17        Suite 203
          Palos Hills, Illinois 60453
18        (708)598-1111

19
          Edelman, Combs, Latturner & Goodwin LLC
20        BY:  Robyn S. Molaro
          120 S. LaSalle
21        Suite 1800
          Chicago, Illinois 60603
22        (708) 598-1111

23

24

25

3

1          THE CLERK:  2008 CR 888, United States versus

2   Blagojevich, et al.

3          MR. SCHAR:  Good afternoon, Judge.

4          Reid Schar, Chris Niewoehner and Carrie

5   Hamilton on behalf of the United States.

6          MR. ETTINGER:  Good afternoon, Your Honor.

7          Michael Ettinger and Cheryl Schroeder for

8   Robert Blagojevich.

9          MR. SOROSKY:  Sheldon Sorosky, S-o-r-o-s-k-y,

10  on behalf of Rod Blagojevich.

11         THE COURT:  Okay.

12         Anything anybody want to say before I start

13  talking about the various pieces of paper I have in

14  front of me.

15         MR. SOROSKY:  Well, there is one point, and

16  maybe we could talk about that later on, after

17  Governor Blagojevich was arrested and the newspapers

18  carried various articles about the alleged sale of

19  the senate seat, the newspapers related a few days

20  thereafter, perhaps a few weeks thereafter, that the

21  FBI had interviewed President-Elect Obama, Chief of

22  Staff designate Emanuel, Valerie Jarrett, and

23  perhaps some other people who were all members of

24  the then President-Elect Obama's inner circle or

25  entourage.  There wasn't any doubt that these

4

1 interviews occurred and the defense has never

2 received any memorandums or police reports or FBI

3 reports concerning those interviews, and I think I

4 can speak on behalf of both defendants in that the

5 defense would be asking for whatever notes or

6 memorandums may have been taken concerning those

7 interviews of those various people and perhaps

8 others in that group that I am unaware of.

9        MR. SCHAR:  Judge, certainly various names

10 that Mr. Sorosky has stated we did tender the

11 interview reports of those individuals, but there

12 are others we may not have consistent with what we

13 believe to be our discovery obligations.

14        MR. SOROSKY:  Just so we're clear, we

15 certainly got some interviews of some of the people

16 I mentioned, but perhaps not perhaps complete

17 reports.

18        THE COURT:  With respect to the motion to

19 issue a trial subpoena, I'm denying the motion,

20 mainly denying the motion because the point on which

21 it is proposed, that the President might have

22 something to say, has to do with an allegation in

23 the indictment that the defendant Rod Blagojevich

24 met with a labor union official who he believed to

25 be in contact with the president-elect.

5

1    The only material aspect of that is what the

2 defendant believed, the truth of that is not

3 material to this case, and because it's not material

4 to this case the testimony of the President is not

:13PM    5 material to this case.

6    Now, I do recognize that under some

7 circumstances, which in all honesty I do not

8 envision occurring in this case, there might come a

9 point in time where affirmative evidence is offered

:13PM   10 by the defense which could, in theory, change my

11 view on this, but what is shown to me now falls very

12 short of authorizing a subpoena to the President.

13    Moreover, there is a procedure for doing

14 this.  I believe both President Reagan and President

:14PM   15 Clinton testified in trials like this, and I have no

16 doubt that in the unlikely event the President's

17 testimony could possibly become material, there will

18 be no difficulty in securing that testimony.  I

19 don't anticipate the President resisting a lawful

:14PM   20 subpoena.

21    So sometime perhaps late in the trial where

22 it might become clearer, I would reconsider it then,

23 but assuming everything that is said in this motion

24 is true, you're talking about immaterial testimony.

:14PM   25 So that motion is denied.

6

1       I have a couple of other motions here that

2   I'm going to rule on today, but the various

3   in-limine motions regarding potential evidence and

4   potential arguments, which I'm quite sure the

:15PM   5   defense have no intention of offering, I think

6   everybody needs a written ruling on that.  So I will

7   issue a written ruling sometime probably by next

8   Thursday, maybe before then.  I've written out part

9   of it now.

:15PM   10      There are two motions that I think are made

11  for purposes of preserving objections on the record,

12  which is certainly a legitimate action by the

13  defense.

14      There's a motion to preclude testimony of

:16PM   15  convicted witnesses who have not been sentenced.

16  The objection is noted.  It is overruled.  The law

17  is quite clear that such witnesses can testify.

18      There is also a motion to dismiss honest

19  services signed by Sam Adam.  The motion cannot,

:16PM   20  obviously, be granted under existing law.  You are

21  asking for the dismissal of charges the validity of

22  which has been upheld in this circuit many, many

23  times and pretty much in every other circuits.  You

24  may convey my gratitude to Mr. Adam for putting it

:17PM   25  on one single page so that he could preserve his

1 objection without causing undo labor.

2          The motion for pretrial ruling on jury

3 instructions relating to mail fraud allegations,

4 there are cases in which instructions on elements

5 are given before the opening statement.  I've done

6 it once in 22 plus years here.  This is not that

7 case.

8          The need to have jury instructions at the

9 stage of opening statement is rare.  One of the

10 reasons it's rare is is that, as we instruct the

11 jury repeatedly, opening statements are not

12 evidence, they're not arguments.  It is true that I

13 sometimes and lawyers sometimes wonder if they're

14 neither of those things, what are they.  The usual

15 answer is is they are lawyers' predictions of what

16 the evidence is going to look like and nothing more,

17 and it's devoted to the evidence.

18          And, indeed, a lot of the things that I think

19 are contemplated by this motion fall into the

20 category of argument, which according to the pattern

21 instructions of the Seventh Circuit, that an opening

22 statement is not argument.

23          There is a suggestion in here that in opening

24 statement defense counsel wish to speak about honest

25 services.  I'm not exactly sure, for tactical

8

1 reasons, why on earth they will want to do that, but

2 if they could give me some examples of what might be

3 in such an opening statement and the tactical reason

4 for it, I'd be willing to look at it.  But I, at

:19PM 5 least at this stage, am denying the motion for

6 pretrial ruling in jury instructions, and obviously

7 for the same reason I'm denying the renewed motion

8 for continuance of stay of proceedings.

9         The rest of it you're going to have to see in

:19PM 10 writing next week.

11         Anything else?

12         MR. ETTINGER:  Judge, can the record reflect

13 that Robert Blagojevich joins in that motion as to

14 the jury instructions?

:19PM 15         THE COURT:  Absolutely.

16         MR. SCHAR:  Judge, on that issue related to

17 the jury instructions, there seems to continue to be

18 a fundamental difference between not what the law

19 is, but as we read that motion there seems to be a

:20PM 20 continual suggestion that they are going to argue

21 not just the facts but argue law in opening

22 statements which I know Your Honor will not --

23         THE COURT:  And I read that myself which is

24 why I made my little statement about what an opening

:20PM 25 statement consists of.

9

1    MR. SCHAR:  I think there is a growing
2 concern that they are going to suggest in some way
3 that a quid pro quo needs to be expressed explicitly
4 as they continue to come back to this theme which is
5 clearly not what the law is and I just wanted to --
6 we addressed this in our response to, I think, the T
7 3 motion that Robert Blagojevich provided, but I
8 just want to flag that issue again because that's
9 something that, obviously, the government would be
10 objecting to vehemently if there's a suggestion of
11 that.
12    MR. SOROSKY:  Judge, we respectively disagree
13 with their interpretation of the law in quid pro quo
14 that it doesn't have to be expressed, particularly
15 concerning --
16    THE COURT:  But that's not what they're
17 saying.  What they're saying now is, there's a time
18 and a place for you to make that argument before me,
19 and under certain circumstances perhaps before the
20 jury.  Although, you wouldn't be arguing it as a
21 matter of law before the jury, you will be arguing
22 it as a matter of fact reflecting on somebody's
23 state of mind.  And there will be a time and place
24 to make that argument, but it's not appropriate
25 within the confines of opening statement.

10

1    It's important to remember in this case and
2  in many other similar cases, that the opening
3  statement is a prediction, a lawyer's prediction of
4  what the evidence is going to show, not what the law
5  is, not whether somebody is nice or naughty, just
6  what the evidence is going to show.  And the sole
7  purpose of the opening statement is to give the jury
8  a look of what each side thinks the whole facts are
9  going to look like when the evidence is over.  And
10  it's important in this case not because either side
11  gets to fire the first shot at the other, it's
12  important because this is not going to be a short
13  trial, the evidence is going to come in pieces, and
14  the jury is entitled to an overall picture as seen
15  by the various sides as to what that picture is
16  supposed to look like.  It's one of the reasons that
17  they'll be able to understand the evidence as it
18  comes in.
19    And because of the length of this trial, I'm
20  going to be fairly rigorous about enforcing the
21  limitations on opening statements that exist in the
22  law but are often neglected here if you have a 3-day
23  jury trial and the closing argument is going to
24  follow so closely after the opening statement, it
25  doesn't make a lot of difference.  In this case, the

11

1 opening statement is an important element in the

2 mechanics of this trial.  So this is my view which I

3 thought you would like to know before we go too far

4 down the path.

:23PM 5          MR. SCHAR:  Thank you, Judge.

6          THE COURT:  Is there anything else we have to

7 deal with?

8          MR. NIEWOEHNER:  Yes, your Honor, there is.

9 Counsel for William Quinlan is here, Jonathan King,

:23PM 10 and we thought it would be helpful to put some what

11 we understand waivers to be on the record so that

12 Mr. Quinlan can understand.

13          THE COURT:  Sure.

14          MR. NIEWOEHNER:  From our conversations and

:23PM 15 representations made by counsel for both Mr. Rod

16 Blagojevich and M. Robert Blagojevich, it's our

17 understanding they have waived any attorney-client

18 privilege that exists for any legal representation

19 that did or might exist between their respective

:24PM 20 clients and Mr. Quinlan, that would include both any

21 governmental privilege that might apply, as well as

22 any personal privilege, as well as any privilege

23 that might extend to the friends of Blagojevich or

24 any private entity.

:24PM 25          It would also encompass conversations

12

1 Mr. Quinlan might have had with other people who

2 might be considered within the control group for the

3 State of Illinois, such as, specifically, John

4 Harris or Robert Greenlee or Lon Monk, and I think

:24PM 5 that accurately describes the waiver that they will

6 make or have made.

7            THE COURT:  Mr. Sorosky.

8            MR. SOROSKY:  That's correct.  That's

9 correct.

:24PM 10            MR. ETTINGER:  Yes, your Honor, that's

11 correct.

12            THE COURT:  Okay, I have the assurance

13 statements made in open court by attorneys for both

14 defendants that that is the waiver and I see

:25PM 15 Mr. King is here and has heard them.

16            MR. NIEWOEHNER:  And I would just add one

17 extra point, that also includes conversations either

18 Mr. Rod or Mr. Robert Blagojevich had with

19 Mr. Quinlan in the company of other attorneys, which

:25PM 20 might include, in fact, for example, Mr. Sorosky or

21 other defense counsel.

22            MR. SOROSKY:  That's correct.

23            MR. ETTINGER:  Yes sir.

24            THE COURT:  Okay.

:25PM 25            MR. ETTINGER:  Your Honor, just as a

13

1  follow-up on that.  We intend -- now that that issue

2  is decided, we want to interview Mr. Quinlan and we

3  believe the protective order provides for us to play

4  the -- we have the right to play the tapes,

:25PM  5  Mr. Quinlan's tapes, to the witness.

6          THE COURT:  Stop for a second.

7          Is this in dispute?

8          MR. SCHAR:  Judge, I think we need to go back

9  and look at the protective order and we could have a

:25PM  10  discussion with defense counsel.

11          THE COURT:  I believe you'll probably be able

12  to reach an understanding and, if you can't, you can

13  come before me at any time.

14          MR. ETTINGER:  Okay.  I just want to put on

:26PM  15  the record, Judge, and we will discuss it with them

16  before we do it.

17          THE COURT:  Next status is two weeks.

18          MR. SOROSKY:  May 13th?

19          THE COURT:  May 14th.

:26PM  20          MR. SOROSKY:  Very good.

21          THE CLERK:  May 14th at noon.

22          MR. SCHAR:  Thank you, Judge.

23          THE COURT:  Anything else?

24          MR. SCHAR:  No, Judge.

:26PM  25          MR. SOROSKY:  No, Your Honor.

14

1          MR. ETTINGER:  No, Judge.

2          THE COURT:  All right.  Thank you, counsel.

3

4      (Which concluded the proceedings had on this

5       date in the above entitled cause.)

15

1

2       *      *      *      *      *      *      *      *

3

4

5 I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT

6 FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED

7                     MATTER

8

9

10    /s/Blanca I. Lara                   date

11

12

13

14

15 _____       _____

16       Blanca I. Lara                 Date

17

18

19

20

21

22

23

24

25