```
 1             IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3  UNITED STATES OF AMERICA,    )
                                 ) No. 08 CR 888
 4          Government,          )
                                 )
 5  vs.                          ) Chicago, Illinois
                                 )
 6  ROD BLAGOJEVICH, ROBERT      )
    BLAGOJEVICH,                 ) December 16, 2009
 7                               )
            Defendants.          ) 11:13 o'clock a.m.
 8

 9              TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JAMES B. ZAGEL
10

11  For the Government:

12            THE HONORABLE PATRICK J. FITZGERALD,
              UNITED STATES ATTORNEY
13            BY:  Reid J. Schar
                   Christopher Niewoehner
14             Assistant United States Attorneys
               219 South Dearborn Street;
15             Suite 500
               Chicago, Illinois 60604
16

17  Court Reporter:

18             Blanca I. Lara, CSR, RPR
               219 South Dearborn Street
19                    Room 2504
                Chicago, Illinois 60604
20                 (312) 435-5895

21

22

23

24

25
```

```
 1  APPEARANCES  (continued:)

 2

 3  For Defendant Rod Blagojevich:

 4
        KAPLAN & SOROSKY
 5      BY:  Sheldon M. Sorosky
        158 West Erie
 6      Chicago, Illinois 60610
        (312) 640-1776
 7
        LAW OFFICE OF SAMUEL E. ADAM
 8      BY:  Samuel Forbes Adam
             Sam Adam, Jr.
 9      6133 South Ellis Avenue
        Suite 200
10      Chicago, Illinois 60637
        312-726-2326
11

12
    For Defendant Robert Blagojevich:
13
        ETTINGER, BESBEKOS, PARISI
14      BY:  Michael D. Ettinger
             12413 South Harlem
15      Suite 203
        Palos Hills, Illinois 60453
16      (708)598-1111

17

18

19

20

21

22

23

24

25
```

```
           1       (The following proceedings were had in open
           2        court:)
           3      THE CLERK:  2008 CR 888, United States versus
           4        Blagojevich et al.
:13AM      5         MR. SCHAR:  Good morning, Judge.
           6         Reid Schar and Chris Niewoehner on behalf of
           7  the United States.
           8         MR. ETTINGER:  Good morning, Your Honor.
           9         Michael Ettinger for Robert Blagojevich.
:14AM     10         MR. SOROSKY:  Sheldon Sorosky and Sam Adam
          11  senior and junior on behalf of Rod Blagojevich.
          12         Mr. Ackerman, unfortunately, is a little
          13  under the weather today and could not be here.
          14         MR. ADAM, JR.:  Good morning, Your Honor.
:14AM     15         MR. S.F. ADAM:  Good morning, Your Honor.
          16         THE COURT:  I have received the draft of the
          17  proposed jury questionnaire.  Just for your
          18  information, I generally think the agreed questions
          19  are all good, there might be phrases with respect to
:14AM     20  one or two that I might change, but it's not much.
          21  The additional questions, I would sustain most of
          22  the objections to them but I haven't really looked
          23  at that carefully.  The ones that I have under
          24  consideration as possible questions to ask are
:15AM     25  Defense 1, Defense 15 but that does not include 16,
```

15 only; Defense 28, the core question, the sub-questions -- the one sub-question that is not covered by other questions is sub 4. Defense 42, 43 and 44. So the government wants to elaborate its objections to those, it'll have a chance to do so.

My next question is, I have a letter from one of defense counsel to several Assistant United States Attorney, dated December 3rd, 2009, and I was wondering why the letter was sent to me.

MR. SOROSKY: Pardon me?

THE COURT: I'm wondering why the letter was sent to me.

MR. S.F. ADAM: Judge, that was sent to you for the completion of the record. Usually as we understand it, the government was sending copies of all the communication between defense counsel and the government on the matter of the possible agreement to limit our comments, and we understood they did not include that in the communication.

THE COURT: No.

MR. S.F. ADAM: For some reason they didn't send that letter to you, as we understand. They may have but we didn't get the facts straight, but in any event, I wanted for the completion of the record Your Honor to have that.

1    THE COURT: Okay. For what it's worth, it
2 might be helpful if the language were a little less
3 purple, it's better to do it that way.
4    Another point I would like to make, which I
5 think is something that ought to be noted, if
6 defense counsel thinks that there's been adverse
7 public commentary that might possibly effect the
8 interest of their client, it is generally not a wise
9 idea to set forth extensive excerpts from that
10 commentary, because whatever complaints you have
11 about what a specific prosecutor may or may not have
12 said, is an issue having to do with whether some
13 complaint might be filed, but from the point of view
14 of your client, the sooner escapes the public
15 memory, the better it is for your client.
16    There have been, my recollection is,
17 particularly at the initial stages prior to
18 indictment, a lot of public commentary. I expect
19 that in June or perhaps maybe a month later but not
20 much, more than a month later, when we're examining
21 jurors, they will not remember the details and I
22 don't think it's in the interest of the defense to
23 remind them, and I'm quite sure the prosecutors
24 don't intend to remind them even if they might want
25 to; just an observation.

          MR. S.F. ADAM.:  I understand.  Thank you,
Judge.
          THE COURT:  With respect to the partial
pretrial motions which have to deal with discovery,
some of it, for example in the partial pretrial
motions, Item Number 3, I think is not something
that has to be dealt with, the rest of them the
government can respond in writing to it.
          MR. SCHAR:  Judge --
          THE COURT:  And of it also, incidentally, has
to deal not so much with disputes about what is
discovery but the timing, and that I think is also
true with respect to the motion for discovery which
is separately filed to which you can also respond in
writing.
          MR. SCHAR:  Thank you, Judge, we'd like to do
that both on the issue of timing and, secondly, on
the issue of the currently pretty broad view of what
is actually discoverable in this case.  And what
we'd ask, based on the schedule for the holidays,
that we have to the end of the first week, January
8th, to respond jointly to everything that we think
is outstanding in those two series of motions.
          THE COURT:  I think I have also been informed
that it's the government's current intention to seek

1 a recast indictment from the grand jury, is that
2 correct?
3     MR. SCHAR:  That is correct, Judge.
4     THE COURT:  And when might you anticipate?
5     MR. SCHAR:  Judge, I believe that would be
6 likely the last week of January, first week of
7 February.
8     THE COURT:  Okay.
9     In order to hasten things, when you do that,
10 you should, if that occurs, you should accompany
11 whatever new indictment is returned, if one is
12 returned, with a description of why you believe this
13 moots the issues that might be raised by a possible
14 decision by the Supreme Court of the United States,
15 that way the defense will understand your theory so
16 if they want to object they'll have a much more
17 focused objection.
18     So you can file, if the indictment is
19 returned, maybe within three or four days
20 thereafter, you can file a brief on that issue.
21     It would also be helpful to me were you to
22 obtain copies of the briefing in the Supreme Court
23 of the United States on the case whatever official
24 cases that they have, just attach them.
25     MR. SCHAR:  The briefs?  Okay.

1                THE COURT:   The briefs in the Supreme Court.
2                MR. SCHAR:   In the Supreme Court, very good
3    judge.
4                THE COURT:   Other other matters?  Anybody
5    have anything?
6                MR. SOROSKY:  Nothing else, Your Honor.
7                MR. ETTINGER:  No.
8                WOMAN SPEAKER FROM AUDIENCE:  This is having
9    to do with the Blagojevich?
10               THE COURT:  You can't make a statement.  You
11   can't make a statement, you can't file anything
12   unless your lawyer and you file an appearance.  So
13   you have to remain seated and you can speak to
14   Mr. Walker after the call is over.
15               MR. SCHAR:  Judge, on the issue of timing and
16   responding to the defendant's motions, because we
17   think that the case is proceeding on a schedule for
18   the June trial date, is the 8th okay in terms of our
19   response to the motion?
20               THE COURT:  Sure.
21               MR. SCHAR:  Thank you, Judge.
22               THE COURT:  You can have a couple of weeks to
23   reply.
24               THE CLERK:  That will be January 22nd for the
25   defendant's reply.

1          THE COURT:  Give them a first week of
2  February status.
3          THE CLERK:  Next court date will be
4  February 4th at 11:00 a.m..
5          THE COURT:  Anybody have a problem with that
6  date?
7          MR. SCHAR:  Judge --
8          MR. SOROSKY:  Well, will the new indictment
9  be back then?  It might be more provident to --
10         THE COURT:  My understand was is that if
11 there is a new indictment it will probably be
12 relatively newly returned at the time of that
13 status.
14         MR. SCHAR:  It might make more sense to do
15 early the following week on the off-chance that it's
16 that particular week or end of that week.
17         THE COURT:  Do you care?
18         MR. SOROSKY:  Could I suggest a date perhaps
19 January 27th, the last week in January, just to
20 resolve the discovery matters separate and apart
21 from the new indictment?
22         THE COURT:  Sure.
23         MR. SOROSKY:  Because I think we have --
24         THE COURT:  No, that's fair.
25         THE CLERK:  11:00 a.m. on January 27th.

1            THE COURT:  And then the second week of
2    February for status.
3            THE CLERK:  February 10th.
4            MR. ETTINGER:  January 27th?
5            MR. SOROSKY:  Is that okay?
6            MR. ETTINGER:  Yeah.
7            MR. SCHAR:  Might also be arraignment day.
8            THE COURT:  Might be what?
9            MR. SCHAR:  An arraignment date as well, I
10   believe, if it is returned.
11           THE COURT:  If that's what happens, that's
12   what happens, fine with me.
13           MR. ETTINGER:  My client should be here,
14   then?  We'll talk to the government before.
15           THE COURT:  Exactly.
16           Anything else?  From anybody?
17           MR. SCHAR:  No, Judge.
18           THE COURT:  Time will be excluded in the
19   interest of justice so that the defendants may
20   prepare.
21           MR. SCHAR:  Thank you, Judge.
22           Have a good holiday.
23           MR. SOROSKY:  Thank you.
24           MR. ETTINGER:  Thank you, Judge.
25

1       THE COURT:  Thank you.
2
3
4    (Which concluded the proceedings had on this
5     date in the above entitled cause.)

```
 1
 2
 3           *      *      *      *      *      *      *      *
 4
 5
 6  I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
 7  FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED
 8                            MATTER
 9
10
11     /s/Blanca I. Lara                          date
12
13
14
15
16   _____          _____
17         Blanca I. Lara                        Date
18
19
20
21
22
23
24
25
```