1

```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             ) No. 08 CR 888
         Government,         )
                             )
vs.                          ) Chicago, Illinois
                             )
ROD BLAGOJEVICH,             ) December 19, 2011
                             )
         Defendant.          ) 9:24 o'clock a.m.


              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE JAMES B. ZAGEL
```

For the Government:

       THE HONORABLE PATRICK J. FITZGERALD,
       UNITED STATES ATTORNEY
       BY:  Reid J. Schar
           Carrie E. Hamilton
           Christopher Niewoehner
           Debra Bonamici
       Assistant United States Attorneys
       219 South Dearborn Street;
       Suite 500
       Chicago, Illinois 60604

Court Reporter:

       Blanca I. Lara, CSR, RPR
       219 South Dearborn Street
       Room 2504
       Chicago, Illinois 60604
       (312) 435-5895

```
 1  APPEARANCES  (continued:)

 2

 3  For Defendant Rod Blagojevich:

 4          KAPLAN & SOROSKY
            BY:  Sheldon M. Sorosky
 5          158 West Erie
            Chicago, Illinois 60610
 6          (312) 640-1776

 7
            LAW OFFICE OF Elliott Riebman
 8          BY:  Elliott Riebman
            158 East Erie
 9          Chicago, Illinois 60610
            (847) 814-2900
10

11
            OFFICES OF AARON B. GOLDSTEIN
12          BY:  Aaron Benjamin Goldstein
            6133 South Ellis
13          Chicago, Illinois 60637
            (773) 752-6950
14

15          OFFICES OF LAUREN FAUST KAESEBERG
            BY:  Lauren Faust Kaeseberg
16          2140 N. Lincoln Park West
            Suite 307
17          Chicago, Illinois 60614
            (773) 517-0622
18

19

20

21

22

23

24

25
```

```
 1        (The following proceedings were had in open
 2         court:)
 3           THE CLERK:  2008 CR 888, United States versus
 4  Rod Blagojevich.
 5           MR. SCHAR:  Good morning, Judge.
 6           Reid Schar, Chris Niewoehner, Carrie Hamilton
 7  on behalf of the United States and Debra Bonamici on
 8  behalf of the United States.
 9           MR. GOLDSTEIN:  Good morning, Your Honor.
10           Aaron Goldstein, Lauren Kaeseberg and Sheldon
11  Sorosky on behalf of Rod Blagojevich.
12           THE COURT:  I have a question about the
13  motion which is before me, and I want to tell you
14  now so you understand that the real focus of this is
15  not the motion.  I intend to deny this motion, which
16  I regard as hair brain.
17           MR. SOROSKY:  Hair brain?
18           THE COURT:  Hair brain.
19           My first question is, "Emergency Motion For
20  Evidentiary Hearing Regarding Potential Juror
21  Misconduct" was filed under seal, shortly thereafter
22  there appeared an article in the newspaper dealing
23  with the content of this motion.  Does anybody know
24  why this happened?  Was there a failure in the
25  sealing system of the court?
```

1            MR. GOLDSTEIN:  Your Honor, there was a
2   motion filed under seal because we filed a redacted
3   motion.  So we provided the unredacted motion under
4   seal.  There were portions that we felt needed to be
5   redacted because they were quoting things that
6   happened in-camera.
7            THE COURT:  Let me tell you why the motion is
8   hair brain.  The first part of it is, it says this
9   on Page 3, you don't actually know if this is a good
10  motion because you don't know what I said to the
11  jurors, you don't know what the orders were, and
12  it's difficult under those circumstances to see how
13  you could have a good-faith basis for filing this
14  motion.
15           Secondly, some of the questions that you
16  posed could have been answered and you might have
17  found that the motion should not have been filed.
18           More importantly, you've drawn entirely
19  inappropriate analogies, the first of which is, you
20  are talking about conduct that governs a juror when
21  a juror is a juror, and the conduct, which is at
22  issue here, came at a time after the juror was
23  excused and the orders evaporate.  And not only
24  that, the analogy to the juror who is excused
25  because it violated a rule during deliberation is

1  entirely inapposite.
2       Just so you do know what happened is, I never
3  instructed the jury that the questionnaires or
4  anything about their person had to be kept
5  confidential, nor did I tell them that they had to
6  continue using the numbers instead of their names.
7  What I told them is what I told every single jury,
8  either permanently or temporarily anonymous, is that
9  we assign them a number for the purpose of the
10 protection of their privacy, and in this case for
11 the protection of the integrity of the
12 deliberations; and in some cases, not this one, for
13 potential protection of their health and safety.
14      But it is made quite clear to the jurors that
15 if they choose to give up their anonymity, they can.
16 They can stand on the street corner and say I'm
17 juror 122 and my name is so-and-so and this is my
18 address.  They don't do it because it's not a very
19 sensible thing to do, but they can.
20      The blank questionnaires were, in fact,
21 available.  So the only thing the juror seemed to
22 release, in which you take umbrage, are biographical
23 data which was her information in the first place.
24 This is their information, this is not information
25 they acquired from another source, this is not

```
                  1  written descriptions of what the evidence was, these
                  2  were not notes about the case, this is her
                  3  information, or if some male juror wants to do it
                  4  his information.
:59AM             5          How you could have concluded that a juror
                  6  could be lawfully restricted from stating any of
                  7  these things is just beyond my imagining.  I do note
                  8  by the absence of precedent that you probably
                  9  couldn't find precedent for this, and one of reasons
:59AM            10  you can't find precedent for this is whatever a
                 11  juror says after the juror is free to say.  This is
                 12  why we, in fact, have the rule which says jurors
                 13  can't impeach their own verdict.  They want to talk
                 14  about themselves or the legal process, that's fine.
:00AM            15  And the truth of the matter is, if I had ordered
                 16  them not to reveal any of this information the order
                 17  would have been invalid and they would have been
                 18  free to disobey it.  This motion was prepared
                 19  without any adequate thought.
:00AM            20          MS. KAESEBERG:  Can I be heard briefly,
                 21  please?
                 22          THE COURT:  No, no, it's going to be time for
                 23  you to reply and it's going to come later.
                 24          MS. KAESEBERG:  Okay.  Okay.
:00AM            25          THE COURT:  What my main concern is, the
```

1  motion comes out, a story runs, a juror who is not a
2  lawyer--although I think she went to law school for
3  a year but I'm not certain, one of the jurors did--a
4  story comes out saying "juror misconduct," comes out
5  on a Friday, not a lot of people called for
6  commentary, so basically what happens is is, in
7  theory, and I can't tell whether this is the case in
8  this particular juror, you give the juror an
9  uncomfortable weekend, which smacks a little of the
10 retaliatory motive against the juror who returned a
11 verdict that your client and perhaps you don't like,
12 and it is improper.
13         What I would do if the lawyer who filed this
14 were not relatively new to the profession, what I
15 would do is I'd issue a rule to show cause why you
16 should not be sanctioned, but you're just starting a
17 career and I don't want to start down that pathway
18 unless I have to.
19         My suggestion to you, Ms. Kaeseberg, is that
20 you, and perhaps consult outside counsel, as to
21 precisely why the filing of this motion was, in your
22 mind, done in good faith.  If necessary, and I'm not
23 satisfied with that written explanation, I will
24 issue a rule to show cause.  If I am satisfied with
25 it, then you will not have the rule to show cause on

1 your record because I don't want to tarnish that.
2 In the interim, my suggestion to you, as I can't
3 order you to do this anymore than I can order this
4 juror to stop talking about her personal life or
5 biography and her impressions of the case, in the
6 interim my suggestion is you might want to consider
7 writing a letter of apology to the juror.
8     With that, I don't think I have anything
9 else. Thank you, counsel.
10     MR. SCHAR: Thank you, Judge.
11     MR. SOROSKY: Your Honor, let me say --
12     THE COURT: No, we're done.
13     MR. GOLDSTEIN: Your Honor, may I ask a
14 different question?
15     THE COURT: Sure.
16     MR. GOLDSTEIN: As far as judgment being
17 entered, I know Mr. Blagojevich was sentenced but
18 there hasn't been an actual judgment entered on E
19 filing, so I was wondering when that will be done.
20     THE COURT: Soon.
21     MR. GOLDSTEIN: Thank you.
22     MR. SOROSKY: Just for purposes of filing the
23 notice of appeal --
24     THE COURT: You don't file it now.
25     MR. SOROSKY: Right. So we will wait.

9

1  THE COURT: You wait until the judgment
2 enters.
3  MR. SOROSKY: Right.
4
5   (Which concluded the proceedings had on this
6    date in the above entitled cause.)

```
              *     *     *     *     *     *     *     *




I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED
                          MATTER


   /s/Blanca I. Lara                         date




 _____       _____
         Blanca I. Lara                        Date
```